1 | ARCHIS A. PARASHARAMI (SBN 321661)
2 | aparasharami@mayerbrown.com
  | MAYER BROWN LLP
3 | 1999 K Street, N.W.
  | Washington, D.C. 20006-1101
4 | Telephone: (202) 263-3000
  | Facsimile: (202) 263-3300
5 |
6 | *Attorney for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**EUREKA DIVISION**

| | |
|---|---|
| NICK VASQUEZ,<br>For Himself, As a Private Attorney General, and/or On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CEBRIDGE TELECOM CA, LLC (D/B/A SUDDENLINK COMMUNICATIONS); ALTICE USA, INC.; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No. 1:21-cv-06400<br><br>Humboldt County Superior Court Case No. CV2100639<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453 BY DEFENDANTS CEBRIDGE TELECOM CA, LLC; ALTICE USA, INC.**<br><br>**(DIVERSITY JURISDICTION – CLASS ACTION FAIRNESS ACT)** |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, EUREKA DIVISION, AND TO PLAINTIFF AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 Defendants Cebridge Telecom CA, LLC, and Altice USA, Inc. (hereinafter, collectively, "Suddenlink" or "Defendants"), hereby remove to this Court the state-court action described below.

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), and for which removal to this Court is appropriate pursuant to 28 U.S.C. §§ 1441 1446, and 1453, as discussed in more detail below.

## BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

1.  On May 3, 2021, Plaintiff Nick Vasquez ("Plaintiff") filed a putative class action against Defendants in the Superior Court of the State of California, County of Humboldt, under Case Number CV2100639.

2.  On July 20, 2021, Cebridge Telecom CA, LLC was served with the Summons and Complaint. On July 21, 2021, Altice USA, Inc. was served with the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal as **Exhibit 1**.

3.  This Notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

4.  The Superior Court of the State of California, County of Humboldt, is located within the Northern District of California, Eureka Division. 28 U.S.C. § 84(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

5.  Plaintiff alleges that Suddenlink "charg[es] [the class members] higher monthly rates by imposing a fictitious 'Network Enhancement Fee' (currently $3.50) on top of the advertised price." Compl. ¶ 2. Plaintiff brings three causes of action: (1) violations of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (2) violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*.; and (3) violations of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*. Among other remedies,

1  Plaintiff seeks "disgorgement or restitution, including, without limitation, disgorgement of all
2  revenues, profits, and/or unjust enrichment that Suddenlink obtained, directly or indirectly, from
3  Plaintiff and the members of the Class or otherwise as a result of the unlawful conduct alleged [in
4  the Complaint]," along with injunctive relief requiring Suddenlink "to discontinue the Network
5  Enhancement Fee to its customers in California."  Compl. "Prayer for Relief," Section B ¶¶ 7, 4.

6.  The Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. § 1332 to grant federal district courts original jurisdiction over putative class actions with 100 or more class members, where the aggregate amount in controversy exceeds $5 million, and where any member of the class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(1), (2).  As set forth below, this action satisfies each of these requirements for original jurisdiction under CAFA.

7.  **Covered Class Action.**  This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see* 28 U.S.C. § 1453(a).  The putative class action complaint in this case satisfies this requirement.  *See* Compl. ¶ 1.

8.  **Class Action Consisting of More than 100 Members.**  Plaintiff seeks certification of a statewide class of "[a]ll current and former Suddenlink customers who were charged a 'Network Enhancement Fee' on their bill for Suddenlink internet services received in California within the applicable statute of limitations." Compl. ¶ 69.  The complaint alleges that 'there are between 20,000 and 30,000 Class members." *Id.* ¶71.  And Suddenlink's records reflect that there are more than 100 members of the putative class.  **Exhibit 2,** Declaration of Layth Taki ("Taki Decl."), ¶ 2.  Accordingly, there are at least 100 persons in the putative class, as required by 28 U.S.C. § 1332(d)(5)(B).

9.  **The Parties Are Minimally Diverse.**  CAFA requires minimal diversity, that is, at least one putative class member must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).  Plaintiff is a citizen of the State of California. Compl. ¶ 10.  Defendant Altice USA, Inc., is a Delaware corporation with its principal place of business in New York, making it a

1  citizen of Delaware and New York. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

10. Additionally, Defendant Cebridge Telecom CA, LLC, is a citizen of Delaware and New York. Under CAFA, "an unincorporated association" such as a limited liability company "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it was organized." 28 U.S.C. § 1332(d)(10); *see Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting that Section 1332(d)(10) "departs from the rule . . . that a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members") (quotation marks omitted; brackets the Court's); *Roling v. E*Trade Secs., LLC*, 756 F. Supp. 2d 1179, 1184-85 (N.D. Cal. 2010). Cebridge Telecom CA, LLC is a Delaware corporation with its principal place of business in New York, and it is therefore a citizen of Delaware and New York for CAFA purposes.

11. The result is also the same under the traditional test, outside of the CAFA context, for assessing the diversity of an LLC's citizenship based on the citizenship of its members. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Defendant Cebridge Telecom CA, LLC, is a limited liability company whose sole member is Cebridge Telecom Limited, LLC. Cebridge Telecom Limited, LLC, is a limited liability company whose sole member is Cequel Communications, LLC. Cequel Communications, LLC, is a limited liability company whose sole member is CSC Holdings LLC. CSC Holdings LLC is a limited liability company whose sole member is Cablevision Systems Corp., which is a Delaware corporation with its principal place of business in New York. Thus, Cebridge Telecom CA, LLC, is a citizen of Delaware and New York.

12. Further, the complaint seeks certification of a class of California domiciliaries. Compl. ¶ 69. Therefore, the putative class members, including Plaintiff, are "citizen[s] of a State different from" Suddenlink. 28 U.S.C. § 1332(d)(2)(A).

13. **The Amount in Controversy Exceeds $5 Million.** Under CAFA, the claims of the

individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("Under § 1332(d)(2), a federal court may exercise diversity jurisdiction over a class that has more than 100 members who are minimally diverse and whose aggregate claims exceed $5 million."). While Suddenlink denies the claims alleged in Plaintiff's complaint and further denies that Plaintiff or any putative class member is entitled to any monetary or other relief, the amount in controversy here satisfies the jurisdictional threshold.

14. Plaintiff, on behalf of himself and the class, seeks, among other things, disgorgement, restitution, and injunctive relief for the alleged CLRA, FAL, and UCL violations. Compl. "Prayer for Relief," Section B ¶¶ 7, 4. The class period alleged in Plaintiff's Complaint is limited by only the relevant statutes of limitations. Compl. ¶ 69. While Suddenlink reserves any arguments available to potentially shorten the statute of limitations period, Plaintiff's UCL appear to be subject to four-year statutes of limitations. Cal. Bus. & Prof. Code § 17208. Thus, the class period for this action could plausibly encompass the four-year period preceding Plaintiff's filing of his complaint.

15. Given the size of the putative class, (Compl. ¶ 71), Plaintiff's requests for disgorgement and restitution on behalf of himself and the proposed class for amounts paid to Suddenlink under its Network Enhancement Fee easily satisfy the amount-in-controversy requirement. Suddenlink again denies that Plaintiff's claims have any merit and that he or any putative class member is entitled to relief. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). But the members of the putative class— *i.e.*, Suddenlink's internet customers in California—have been charged and paid, in the aggregate, over $5 million for Suddenlink's Network Enhancement Fee since February 2019, well within the statute of limitations period for Plaintiff's claims. Taki Decl. ¶ 2. As the Ninth Circuit explained in *Lewis*, when a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction. *Lewis*, 627

F.3d at 401.

16. Plaintiff's request for injunctive relief likewise provides a separate, independent basis for CAFA jurisdiction. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). Thus, "[t]he amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant." *Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1162 (N.D. Cal. 2015). Moreover, where, as here, the plaintiff seeks injunctive relief that would result in lost income to the defendant, "[s]uch lost income is properly included as the cost of compliance." *Bayol v. Zipcar, Inc.*, No. 14–cv–02483–TEH, 2015 WL 4931756, at *1 (N.D. Cal. Aug. 18, 2015). Suddenlink once more denies that Plaintiff's claims have any merit and that he or any putative class member is entitled to relief. Nonetheless, Suddenlink generates on average over $2.5 million of revenue per year from the Network Enhancement Fee. Taki Decl. ¶ 2. As such, if Plaintiff's request for a permanent injunction prohibiting the collection of this Fee is granted, Suddenlink's lost income will exceed the $5 million threshold in merely two years.

17. Plaintiff also seeks attorneys' fees, which further bolsters the conclusion that the $5 million amount in controversy threshold is satisfied here. Attorneys' fees sought under fee-shifting statutes are included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Here, Plaintiff's claim under the CLRA authorizes an award for attorneys' fees. Cal. Civ. Code § 1750(e) ("The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section."). "When reviewing attorneys' fees in the class action context, the Ninth Circuit has held that the 'benchmark' for a reasonable fee is 25% of the class award's common fund." *Bayol* 2015 WL 4931756, at *9 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)). Thus, in addition to the disgorgement, restitution, and injunctive relief Plaintiff seeks—which already push this case past the $5 million threshold—this Court must also account for a potential attorneys' fees award of at least 25%, further supporting the conclusion that the amount in controversy exceeds $5 million.

18. Accordingly, the amount in controversy exceeds $5 million. *See Dart Cherokee Basin Operating Co. v. Owens*, 571 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

### NOTICE TO ADVERSE PARTIES AND STATE COURT

19. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file in the Superior Court of the State of California, County of Humboldt, and serve Plaintiff with a copy of a Notice to the Superior Court and to Plaintiff of Filing of Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 in the form of **Exhibit 3**, which is incorporated by reference.

### CONCLUSION

20. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants hereby remove this action from the Superior Court of the State of California, County of Humboldt, to the United States District Court for the Northern District of California, Eureka Division.

Dated: August 18, 2021                Respectfully submitted,

*/s/ Archis A. Parasharami*
ARCHIS A. PARASHARAMI (SBN 321661)
aparasharami@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

ATTORNEY FOR DEFENDANTS