# EXHIBIT 1

1  Daniel M. Hattis (SBN 232141)
   Paul Karl Lukacs (SBN 197007)
2  HATTIS & LUKACS
   400 108ᵗʰ Ave NE, Ste 500
3  Bellevue, WA 98004
   Telephone: (425) 233-8650
4  Facsimile: (425) 412-7171
   Email: dan@hattislaw.com
5  Email: pkl@hattislaw.com

6  *Attorneys for Plaintiff Nick Vasquez*
   *and the Proposed Class*

7

                                    **FILED**

                                    MAY 0 3 2021

                        SUPERIOR COURT OF CALIFORNIA
                              COUNTY OF HUMBOLDT

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF HUMBOLDT

10                           UNLIMITED CIVIL

11  NICK VASQUEZ,                          Case No. **CV2100639**
    For Himself,
12  As A Private Attorney General, and/or  **CLASS ACTION**
    On Behalf Of All Others Similarly Situated,
13                                         **COMPLAINT FOR:**

14                                         **(1) VIOLATION OF CAL. CIVIL CODE
                                               § 1750;**
15                          Plaintiff,
                                           **(2) VIOLATION OF CAL. BUSINESS &
16  v.                                         PROFESSIONS CODE § 17500;**

17  CEBRIDGE TELECOM CA, LLC (D/B/A        **(3) VIOLATION OF CAL. BUSINESS &
    SUDDENLINK COMMUNICATIONS);                PROFESSIONS CODE § 17200**
    ALTICE USA, INC.; and
18  DOES 1 THROUGH 10, INCLUSIVE,
                                           **JURY TRIAL DEMANDED**
19
                          Defendants.
20

21

22        Plaintiff NICK VASQUEZ, individually, as a private attorney general, and/or on behalf

23  of all others similarly situated, allege as follows, on personal knowledge and investigation of

24  his counsel, against Defendant Cebridge Telecom CA, LLC (d/b/a Suddenlink

25  Communications), Defendant Altice USA, Inc., and Defendants Does 1 through 10, inclusive,

26  (collectively, "Suddenlink"):

27

28

---

CLASS ACTION COMPLAINT                    - 1 -                **HATTIS & LUKACS**
                                                              400 108ᵗʰ Ave. NE, Ste 500
                                                              Bellevue, WA 98004
                                                              T: 425.233.8650 | F: 425.412.7171

**INTRODUCTION AND SUMMARY**

1.      This is a proposed class action, brought under California law, challenging a bait-and-switch scheme perpetrated by Suddenlink against its California internet customers through the use of deceptive and uniform policies, practices, and advertising.

2.      Specifically, Suddenlink deceived Plaintiff Nick Vasquez and other California Suddenlink internet customers by advertising and promising them a particular flat monthly rate for its internet service, but then actually charging them higher monthly rates by imposing a fictitious "Network Enhancement Fee" (currently $3.50) on top of the advertised price. Suddenlink has also used the Network Enhancement Fee as a way to covertly increase customers' rates, including during their advertised and promised fixed-rate promotional period.

3.      Suddenlink did not disclose the Network Enhancement Fee (the "Fee") to Plaintiff and to other Suddenlink customers before or when they agreed to receive internet services from Suddenlink.

4.      The first time Suddenlink ever mentions the Fee is on customers' monthly billing statements, which customers begin receiving only after they sign up for the service and are committed to their purchase. Making matters worse, Suddenlink deliberately hides the Fee in its billing statements.  In Suddenlink's printed monthly billing statements, Suddenlink intentionally buries the Network Enhancement Fee in a portion of the statement that: (a) makes it likely customers will not notice it; and (b) misleadingly suggests that the Fee is a tax or government pass-through fee over which Suddenlink has no control, when in fact it is simply a way for Suddenlink to advertise and promise lower rates than it actually charges.  Thus, by Suddenlink's very design, the printed monthly statements serve to further Suddenlink's scheme and keep customers from realizing they are being overcharged.

5.      In the event that a customer happens to notice the Network Enhancement Fee has been charged on their monthly statement and contacts Suddenlink to inquire about the Fee, Suddenlink agents falsely tell the customer that the Fee is a tax or government fee or is otherwise out of Suddenlink's control.

6.      In actuality, the Network Enhancement Fee is not a tax or government mandated

**HATTIS & LUKACS**
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   fee. Rather, the so-called fee is a completely fabricated charge invented by Suddenlink as a way
2   to covertly charge more per month for its internet service without having to advertise higher
3   prices. The Fee is entirely within Suddenlink's control, and Suddenlink alone decides whether
4   to charge it and how much to charge.

5        7.     Suddenlink charges every one of its internet service customers the Fee. When
6   Suddenlink began charging the Fee in or around February 2019, the Fee was $2.50 per month.
7   Suddenlink has since increased the Fee. Today, the Fee is $3.50 per month. Plaintiff estimates
8   that the Fee earns Suddenlink approximately $800,000 per year from its approximately 19,000
9   California internet customers. Meanwhile, Defendants receive another $200 million in Fee
10   payments per year from their 4.6 million other customers across the United States as a result of
11   this scheme.

12        8.     Plaintiff brings this lawsuit on behalf of himself and/or as a private attorney
13   general seeking public injunctive relief to put an end to Suddenlink's unlawful scheme and to
14   prevent future injury to himself and to the general public.

15        9.     Additionally, Plaintiff seeks injunctive, declaratory, and monetary relief for
16   himself and on behalf of a proposed class of California Suddenlink internet subscribers to
17   obtain redress and to end Suddenlink's policy of charging this deceptive additional Fee.

18                                              **THE PARTIES**

19        10.     Plaintiff Nick Vasquez is a citizen and resident of Humboldt County, California.

20        11.     Defendant Altice USA, Inc., is a corporation chartered under the laws of
21   Delaware, with its principal place of business in New York.

22        12.     Defendant Cebridge Telecom CA, LLC is a limited liability company chartered
23   under the laws of Delaware, with its principal place of business in New York.

24        13.     Without formal discovery, Plaintiff is unable to determine exactly which other
25   entities, if any, engaged in or assisted with the unlawful conduct pled herein or which
26   instructed, approved, consented, or participated in the unlawful conduct pled herein.
27   "Suddenlink Communications" is the business entity that is referenced in Plaintiff's Suddenlink
28   billing statements, in the Suddenlink Residential Service Agreement, and is listed as holding

CLASS ACTION COMPLAINT          - 3 -        **HATTIS & LUKACS**
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   the copyright on the Suddenlink website at www.suddenlink.com; however, "Suddenlink

2   Communications" does not appear to be an actual business entity. Based on counsel's research,

3   Defendant Altice USA, Inc., is the parent and holding company that provides, through its

4   subsidiaries, broadband communications and video services under the brand Suddenlink.

5   Defendant Altice USA, Inc.'s most recent 10-K report lists several dozen subsidiaries—none of

6   which is named "Suddenlink Communications." The relevant operating company in California

7   appears to be Defendant Cebridge Telecom CA, LLC, which is a subsidiary of Altice USA, Inc.

8          14.     Defendants Does 1 through 10 are business entities of unknown form which

9   engaged in or assisted with the unlawful conduct pled herein or which instructed, approved,

10  consented, or participated in the unlawful conduct pled herein. Plaintiff is presently ignorant of

11  the names of these Doe Defendants. Plaintiff will amend this Complaint to allege the true

12  names and capacities of these defendants when they have been determined.

13                          **JURISDICTION AND VENUE**

14         15.     **Subject Matter Jurisdiction**. The Court has subject matter jurisdiction over

15  this civil action in that Plaintiff brings claims exclusively under California law, including the

16  Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*; the False Advertising

17  Law, California Business & Professions Code § 17500 *et seq.*; and the Unfair Competition

18  Law, California Business & Professions Code § 17200 *et seq.*

19         16.     **Personal Jurisdiction**. This Court has personal jurisdiction over Suddenlink

20  pursuant to, among other bases, California Code of Civil Procedure Section 410.10 because:

21  (1) Suddenlink is authorized to do business and regularly conducts business in the State of

22  California; (2) the claims alleged herein took place in California; and/or (3) Suddenlink has

23  committed tortious acts within the State of California (as alleged, without limitation,

24  throughout this Complaint).

25         17.     **Venue**. Venue is proper in Humboldt County because Plaintiff Nick Vasquez is

26  a California citizen who resides in Arcata, California, which is in Humboldt County, and the

27  services at issue were purchased for, and provided to, Plaintiff Nick Vasquez's home in Arcata,

28  California.

---

CLASS ACTION COMPLAINT                        - 4 -

## THE UNIFORM POLICIES WHICH GIVE RISE TO THE CLASS CLAIMS

18.     Defendants provide internet, television, and telephone services to 4.6 million households nationwide, and to approximately 19,000 households under the "Suddenlink" brand name in California. Virtually all of Suddenlink's customers subscribe to internet; many also subscribe to television and/or telephone services as part of a "bundled" service plan.

19.     Suddenlink advertises all of its service plans at specific, flat monthly prices that are locked in for a promotional period. Suddenlink typically promises its customers a one-year fixed-price promotional period, but Suddenlink also regularly advertises a "Price for Life" promotion where it offers and promises its customers a fixed price for services for life.

20.     Beginning in February 2019, Suddenlink started falsely advertising and offering its internet services at lower monthly rates than it actually charged customers by not disclosing and not including in the advertised price a newly invented and so-called "Network Enhancement Fee" (the "Fee").

21.     Suddenlink first snuck the Fee onto all of its customers' bills in or around February 2019 at a rate of $2.50 per month. Suddenlink subsequently increased the Fee to $3.50 per month in or around February 2020. Suddenlink has used the Fee as a lever to covertly, improperly, and unilaterally raise the monthly rates for its internet services, including during supposedly fixed-rate promotional periods. Suddenlink has deliberately rolled out the Fee and increased it in a manner that is designed by Suddenlink to further ensure that it goes unnoticed by customers.

22.     Suddenlink has effectively created a "bait-and-switch" scheme that has enabled it to advertise and promise a lower monthly price for its internet services than it actually charges, and to surreptitiously increase its monthly price for existing customers at its whim regardless of whether it has (falsely) promised them a fixed-price promotional period.

23.     Moreover, Suddenlink charged, and continues to charge, the Network Enhancement Fee to its customers, including Plaintiff and the Class members, without ever having adequately disclosed or explained the Fee. The first time Suddenlink ever discloses the existence of the so-called Network Infrastructure Fee is on customers' billing statements.

- 5 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    Making matters worse, Suddenlink deliberately hides the Fee on the billing statements and

2    misleadingly indicates that the Fee is a legitimate tax or government fee.

3         24.    Based on Plaintiff's calculations, from February 2019 through the present,

4    Suddenlink has collected approximately $1.6 million in unlawful Network Enhancement Fees

5    from its approximately 19,000 internet customers in California. And Suddenlink is continuing

6    to collect approximately $67,000 every month in these bogus Fees from its California

7    customers.

8         **A.**    **Suddenlink Did Not Disclose The Fee To Its Customers.**

9         25.    Suddenlink has aggressively advertised its internet service plans (and plans that

10    "bundle" TV and/or phone services with internet) through pervasive marketing directed at the

11    consuming public in California. This marketing has included video advertisements via

12    YouTube, Facebook, and Twitter; television, radio, and internet advertisements; advertisements

13    on its website; and materials and advertising at its California retail stores including in the cities

14    of Eureka, Truckee and Bishop where customers can sign up for Suddenlink services.

15         26.    Through all of these channels, Suddenlink prominently advertised particular, flat

16    monthly prices for its internet service plans that were locked in for a period of one year or

17    longer, without disclosing or including the Fee in the advertised price. Neither the existence nor

18    the amount of the Fee was disclosed or adequately disclosed to customers prior to or at the time

19    they signed up for the services, even though Suddenlink knew that it planned to charge the Fee

20    to its customers and knew with certainty the exact amount of the charge. Additionally,

21    Suddenlink did not disclose or adequately disclose the fact that it could and would increase the

22    monthly price during the customer's locked-in rate period by simply increasing the hidden Fee.

23         27.    Likewise, Suddenlink's sales and customer service agents quote the same flat

24    monthly prices as in Suddenlink's public advertising, and as a matter of policy never disclose

25    the Network Enhancement Fee. If a potential customer calls Suddenlink's sales or customer

26    service agents or reaches out via web chat and asks what, if any, other amounts will be charged

27    for internet service, the agents as a matter of company policy falsely state that the only

28    additions to the advertised price (besides subscriptions to extra services or features) are taxes or

---

CLASS ACTION COMPLAINT

- 6 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 | government-related fees passed on by Suddenlink to the customer and over which Suddenlink
2 | has no control.

3 |      28.    Additionally, Suddenlink's website has advertised its internet service plans and
4 | bundles prominently featuring a supposed flat monthly price for the service, and has not
5 | adequately disclosed the Fee.

6 |      29.    For example, **Exhibits A-D** are screenshots taken on March 16, 2021, that show
7 | Suddenlink's online order process for the Internet 100 Unlimited Data and Value TV bundle
8 | available in California. As **Exhibits A-D** show, Suddenlink's online order process consists of
9 | four webpages: (1) the "Choose Services" webpage; (2) the "Customize" service package
10 | webpage; (3) the "Customer Info" webpage; and (4) the "Schedule Installation" and order
11 | submittal webpage.

12 |      30.    On the "Choose Services" webpage (**Exhibit A**), Suddenlink prominently
13 | advertised the Internet 100 Unlimited Data and Value TV bundle at a flat $70.00 a month for
14 | one year. Below the $70.00 price, was smaller text reading: "Plus taxes, fees and other
15 | charges." There was no link or additional text anywhere specifying what fees and other charges
16 | would apply. A reasonable consumer would assume that any additional taxes or fees would be
17 | legitimate government charges outside of Suddenlink's control. Further, there was no
18 | disclosure language indicating that Suddenlink could raise the price during the one-year fixed-
19 | rate period by increasing the hidden Fee.

20 |      31.    After selecting the $70.00 plan, the consumer was then taken to the "Customize"
21 | webpage (**Exhibit B**) where the consumer could customize the services and add-ons. In this
22 | example, a high definition cable box was added for $11.00. On the right side of the
23 | "Customize" webpage, Suddenlink prominently stated "Monthly Total $81.00" with no asterisk
24 | or disclosure language indicating that the monthly cost for service would be higher than the
25 | $81.00 advertised price or that the price could be raised at any time during the purported fixed-
26 | rate period. Below the "Monthly Total $81.00" was "Monthly Charges," which listed the
27 | bundle price of $75.00, a $5.00 Auto Pay and Paperless Billing Discount, and an $11.00 High
28 | Definition Cable Box charge. Below the list of charges, there was small print reading: "For

CLASS ACTION COMPLAINT

- 7 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    residential customers only. Additional taxes, fees, surcharges and restrictions apply." Again,

2    there was no link or additional text explaining what additional taxes, fees, and surcharges

3    would apply.

4        32.    Next, the customer was taken to the "Customer Info" webpage (**Exhibit C**).

5    Again, the right side of the webpage continued to state "Monthly Total $81.00" with no asterisk

6    or disclosure language.

7        33.    The final page in the online order process was the "Schedule Installation" and

8    order submission webpage (**Exhibit D**). On this webpage, which contained a "Place Order"

9    button, Suddenlink again prominently stated "Monthly Total $81.00" with no asterisk and no

10   disclosure language.

11       34.    On none of these order process webpages was there any mention of the

12   additional Network Enhancement Fee.

13       35.    In fact, the advertised and promised "Monthly Total" of $81.00 was false,

14   because it did not include the additional $3.50 for the so-called Network Enhancement Fee,

15   which Suddenlink automatically charged to all internet customers.

16       36.    The only way the existence of the Network Enhancement Fee could be found in

17   this purchase process as of at least March 16, 2021, was if the consumer scrolled to the bottom

18   of the initial "Choose Services" webpage and noticed and clicked on a tiny "Disclaimer"

19   hyperlink. (*See* **Exhibit A**, screenshot of "Choose Services" webpage). If the consumer clicked

20   this small "Disclaimer" hyperlink, a pop-up box would appear with pages of fine print for

21   various Suddenlink service plans. (**Exhibit E** is a screenshot of the pop-up box). Buried in deep

22   in this fine print was the sentence: "EQUIP, TAXES & FEES: Free standard installation with

23   online orders. visit suddenlink.com/installation for details. . . . A $3.50 Network Enhancement

24   Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are

25   subject to change during and after promotion period." Nowhere in this tiny print does

26   Suddenlink define or explain what the Network Enhancement Fee is.[1] Even if a consumer saw

27   _____

28   [1] As of at least December 21, 2020, a definition of the Network Enhancement Fee could not be
     found anywhere on the entire Suddenlink website. Even if a customer clicked on a tiny link in

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  this hidden disclaimer, the reasonable consumer would assume that the undefined "Network

2  Enhancement Fee" listed under "TAXES & FEES" refers to a legitimate government fee

3  outside of Suddenlink's control. This is false. The Network Enhancement Fee is not a tax or

4  government fee. In fact, the Fee is fabricated and made-up by Suddenlink as a way to

5  deceptively charge more for Suddenlink's internet service than advertised or promised and to

6  enable Suddenlink to covertly raise the cost of internet service at any time, even during

7  promised fixed-rate promotional periods.[2]

8       **B.    Suddenlink Continues To Deceive Customers After They Sign Up.**

9       37.    Suddenlink continues to deceive its customers about the Network Enhancement

10  Fee and the true monthly price of its internet services even after they have signed up and are

11  paying for the services.

12       38.    Suddenlink first began sneaking the Fee onto all of its customers' bills in

13  February 2019, initially at a rate of $2.50 per month. For customers who signed up prior to

14  February 2019, the first time they could have possibly learned about the existence of the Fee

15  was on their bill after the Fee was introduced. This could have been months or years after they

16  signed up with Suddenlink, and it could have also been during a time where Suddenlink had

17  promised the customer a fixed price for service.

18       39.    For customers who signed up after Suddenlink began imposing the Fee—like

19  Plaintiff Nick Vasquez—the billing statements were likewise the first possible chance they

20  could have learned about the Fee, and by the time they received their first statement they were

21  ─────────────────────

22  the footer of the homepage for "Online help," and then did a search for "Network Enhancement
   Fee" in the search bar, zero results were displayed. Likewise, on the sample bill (which billed

23  for internet service) which was posted in the "Online help" section of the Suddenlink website
   as of December 21, 2020, the Network Enhancement Fee was listed nowhere.

24  [2] Days before this Complaint was filed, it appears that Suddenlink slightly revised part of the
   online purchase process to now mention the existence and amount of the Fee. However, this

25  additional disclosure does not bring Suddenlink's current practices in compliance with
   California law, even with regard to the online purchase process. The online advertised package

26  prices and plan descriptions still do not include or mention the Fee; the "Choose Services"
   webpage still does not mention the Fee; nowhere in the online purchase process is the Fee

27  explained or defined; and nowhere in the online purchase process is it disclosed that the Fee
   may be increased in the middle of the supposedly fixed-price promotional period. Meanwhile,

28  all other deceptive practices, misrepresentations and omissions described in the Complaint
   remain unchanged.

---

CLASS ACTION COMPLAINT                                              **HATTIS & LUKACS**
                                                                    400 108th Ave. NE, Ste 500
                          - 9 -                                        Bellevue, WA 98004
                                                              T: 425.233.8650 | F: 425.412.7171
                                                                      www.hattislaw.com

1    already committed to their purchase.

2        40.     Moreover, far from constituting even a belated disclosure, the monthly billing

3    statements serve to further Suddenlink's scheme and deception. Suddenlink's monthly

4    statements (which, again, customers only begin receiving after they have signed up and are

5    committed): (a) bury the Network Enhancement Fee and the increases thereto so that they will

6    continue to go unnoticed by customers; and (b) for those customers who do manage to spot the

7    Fee on their statements, the statements present the Fee in a location and manner that misleads

8    the customer regarding the nature of the Fee.

9        41.     Suddenlink sneaks the Fee onto customer bills. Suddenlink does not list the Fee

10    in the "Current Monthly Charges" section, even though it is an ongoing monthly (invented)

11    charge for internet service. Instead, Suddenlink buries the Fee in the "Taxes, Fees & Other

12    Charges" section at the end of the bill, lumped together with purported taxes and government

13    charges. This misleadingly tells Suddenlink's customers that the Fee is a tax or other legitimate

14    government fee, when in fact it is a completely fabricated charge created by Suddenlink just to

15    pad its bottom line.

16        42.     Suddenlink does not define or explain the Network Enhancement Fee anywhere

17    on its billing statements. Even worse, the only explanation about "fees" on the customer bill

18    that Suddenlink does provide indicates that all fees on the bill are government related. In the

19    fine print of the bill, under "Billing Information," Suddenlink states: "Your bill includes all

20    government fees." Moreover, for internet-only subscribers, such as Plaintiff Nick Vasquez, the

21    only "fee" that is typically on their bill is the Network Enhancement Fee.

22        43.     Thus, even if a customer noticed the existence of the hidden Network

23    Enhancement Fee on the bill, a reasonable consumer would assume that the Fee was a

24    legitimate government tax or fee outside of Suddenlink's control.

25        44.     However, the Network Enhancement Fee is <u>not</u> a tax or government fee. The

26    Fee is not even a third-party pass-through charge. Suddenlink invented the so-called Network

27    Enhancement Fee out of thin air, and the existence of the Fee and its amount are entirely within

28    Suddenlink's control. Suddenlink concocted the Fee as a way to deceptively charge more for its

CLASS ACTION COMPLAINT            - 10 -

1   internet service without advertising a higher rate and to covertly increase customers' rates,

2   including during their promised fixed-rate promotional period.

3       45.     Many, if not most, customers will not read the printed monthly statements

4   described above at all because Suddenlink encourages its customers to sign up for electronic

5   billing in lieu of receiving paper statements.

6       46.     If a customer happens to notice the Network Enhancement Fee has been charged

7   on the customer's monthly statement and contacts Suddenlink via phone or online to inquire

8   about the Fee, Suddenlink agents falsely tell the customer that the Fee is a tax or a pass-through

9   government charge over which Suddenlink has no control.

10      47.     If customers realize that their actual total monthly bill is higher than promised

11  when they receive their monthly billing statements, they cannot simply back out of the deal

12  without penalty or cost, even if they notice the Fee and overcharge on their very first statement.

13      48.     First, Suddenlink's 30-Day Money Back Guarantee *excludes* the Network

14  Enhancement Fee. According to Suddenlink's website: "30-day money back is only on the

15  monthly service fee," i.e., only on the base price of the service.[3]

16      49.     Second, Suddenlink's Residential Services Agreement has an "Early

17  Termination Fees" provision, which states at section 5: "If you cancel, terminate or downgrade

18  the Service(s) before the completion of any required promotional term to which You agreed

19  ('Initial Term'), you agree to pay Suddenlink any applicable early cancellation fee plus all

20  outstanding charges for all Services used and Equipment purchased for which you have not

21  paid us prior to termination."[4] This indicates to customers that if they terminate service prior to

22  end of their promotional fixed-price period, they may be subject to a "cancellation fee."

23      50.     Third, most customers, including Plaintiff Vasquez, were required to pay a one-

24  time non-refundable "Standard Installation" charge on sign-up. When Mr. Vasquez signed up

25  for services in September 2020, he was billed and paid a $59.00 "Standard Installation" charge.

26      51.     Fourth, Suddenlink currently does not pro-rate cancellations, such that

27  _____

[3] *See* https://www.suddenlink.com/promotion-offer-disclaimers (last accessed May 1, 2021).

28  [4] *See* https://www.suddenlink.com/residential-services-agreement (last accessed May 2, 2021).

---

CLASS ACTION COMPLAINT                          - 11 -                    **HATTIS & LUKACS**
                                                                          400 108th Ave. NE, Ste 500
                                                                          Bellevue, WA 98004
                                                                          T: 425.233.8650 | F: 425.412.7171
                                                                          www.hattislaw.com

1    customers are charged for the cost of the entire month even if they cancel sooner.

2         52.     Fifth, customers may also rent or purchase equipment to use exclusively with

3    Suddenlink's services, such as internet and telephone modems and wireless routers, and digital

4    cable converter boxes.

5         53.     The early termination fee, the installation fee, and the inability to receive a full

6    refund are designed by Suddenlink to penalize and deter customers from cancelling after

7    signing up. And Suddenlink's policies are deliberately and knowingly designed by Suddenlink

8    to lock customers in if and when they deduce that they are being charged more per month than

9    advertised for Suddenlink's services.

10        54.     Because the initial amount of the Network Enhancement Fee ($2.50 in February

11   2019) and the subsequent increase of $1.00 approximately a year later were relatively small in

12   proportion to Suddenlink's total monthly charges, Suddenlink knew that its customers were

13   unlikely to notice the increased charge on the total price on their monthly bills. Given that

14   legitimate taxes and other government-related charges can already vary by amounts of a dollar

15   or so from month to month, Suddenlink knows that its customers reasonably expect small

16   changes in the total amount billed each month.  Suddenlink knows that its customers would not

17   be readily able to tell that Suddenlink increased the service price via the Fee by merely

18   comparing the total amount billed in a particular month to the total amount billed in the prior

19   month or months. And even if customers did notice, they would think nothing of it because the

20   Fee is grouped under the taxes section of the bill and "fees" are only described as "government

21   fees" on the bill.

22        55.     When Suddenlink increased the Network Enhancement Fee in 2020, Suddenlink

23   hid the increase by providing no disclosure or explanation whatsoever anywhere on the first

24   billing statement containing the increase, other than listing the increased Fee itself (buried in

25   the "Taxes, Fees & Other Charges" section). Even a customer who read the entire bill would

26   have zero notice that Suddenlink had increased the Fee, or whether or why the customer's new

27   monthly bill was higher than the prior month's total.

28

---

CLASS ACTION COMPLAINT

- 12 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

## PLAINTIFF'S FACTUAL ALLEGATIONS

56.     Plaintiff Nick Vasquez is, and at all relevant times has been, a citizen and resident of Humboldt County, California.

57.     On or around August 28, 2020, Mr. Vasquez went to the Suddenlink website to learn about Suddenlink's internet service offerings for his residence in Arcata, California. After browsing the website, he signed up for a 12-month, fixed-rate, internet service plan. Mr. Vasquez's Suddenlink service was installed at his home on September 11, 2020.

58.     When Mr. Vasquez purchased his service plan, Suddenlink prominently advertised, to Mr. Vasquez and to the public, that the plan would cost a particular monthly price for a 12-month promotional period. Suddenlink did not disclose to Mr. Vasquez, at any time before or when he signed up, that Suddenlink would charge him a "Network Enhancement Fee" on top of the advertised and promised monthly price.

59.     Suddenlink further did not disclose to Mr. Vasquez that Suddenlink had the ability to raise his monthly service price via the Fee at any time during the 12-month period— an option that Suddenlink routinely exercises despite promising its customers fixed-rate periods. (**Exhibits A-D**, as described above in paragraphs 29–34, are screenshots of materially the same online order process that Mr. Vasquez saw when he signed up for Suddenlink internet services online.)

60.     Mr. Vasquez viewed and relied on these advertisements and misrepresentations. Based on these misrepresentations and omissions, Mr. Vasquez purchased the internet service plan from Suddenlink.

61.     When Mr. Vasquez purchased his internet service plan, he also paid Suddenlink a one-time installation fee of $59.00.

62.     Mr. Vasquez's first bill had the $3.50 Network Enhancement Fee. Mr. Vasquez did not receive full, accurate, or non-misleading notice from Suddenlink that the Fee would be charged or regarding the nature or basis of the Fee. Mr. Vasquez did not know then, nor could he have known then, that the Fee was invented by Suddenlink as a part of a scheme to covertly charge a higher price for internet service than advertised and as a way to raise the monthly rate

CLASS ACTION COMPLAINT

- 13 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    at any time, even during Mr. Vasquez's 12-month price-locked promotional period.

2        63.     During his first several months of service, Mr. Vasquez did not notice the

3   Network Enhancement Fee. Suddenlink had hidden the Fee in the "Taxes, Fees & Other

4   Charges" section at the end of the bill. On Plaintiff's first bill (September 2020), the Fee was

5   grouped together with an $0.85 Sales Tax. On his next bill (October 2020), the Fee was

6   grouped with a - $0.60 Sales Tax. For Plaintiff's subsequent bills, the Fee was the only charge

7   under the "Taxes, Fees & Other Charges" section. The only explanation of "fees" on Mr.

8   Vasquez's bill was in the fine print, which stated: "Your bill includes all government fees."

9   Even if Mr. Vasquez had noticed the Fee, he would have reasonably assumed that the Network

10   Enhancement Fee—which was the only "fee" on his bill—was a government fee.

11        64.     Suddenlink's billing statements did not inform or adequately disclose to Mr.

12   Vasquez that Suddenlink was adding a self-created "Network Enhancement Fee" each month

13   and did not adequately or accurately disclose the true nature of the Fee. Mr. Vasquez did not

14   know, nor could he have known, that the Fee was invented by Suddenlink as part of a scheme

15   to covertly charge a higher price for internet service than advertised and as a way to raise the

16   monthly rate at any time, even during Mr. Vasquez's 12-month price-locked period.

17        65.     The first Mr. Vasquez ever learned of the Network Enhancement Fee's existence

18   was in March 2021.

19        66.     As of the date of filing, Mr. Vasquez has paid Suddenlink $28 in Network

20   Enhancement Fees.

21        67.     When Mr. Vasquez agreed to purchase his Suddenlink internet service plan, he

22   was relying on Suddenlink's prominent representations regarding the monthly price of the

23   services. While he understood that taxes and legitimate government fees might be added to the

24   price, he did not expect that Suddenlink would charge a bogus, self-created Network

25   Enhancement Fee on top of the advertised service price or that the true price of the service

26   would include the additional Fee. That information would have been material to him. Had he

27   known that information he would not have been willing to pay as much for the service plan

28   and/or would have acted differently.

CLASS ACTION COMPLAINT

- 14 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

68.     Mr. Vasquez would consider purchasing services from Suddenlink in the future, but he will be harmed if, in the future, he is left to guess as to whether Suddenlink's representations are accurate and whether there are omissions of material facts regarding the services being advertised and represented to him.

**CLASS ALLEGATIONS**

69.     Plaintiff Nick Vasquez brings this class-action lawsuit on behalf of himself and the members of the following class (the "Class"):

> **All current and former Suddenlink customers who were charged a "Network Enhancement Fee" on their bill for Suddenlink internet services received in California within the applicable statute of limitations.**

70.     Specifically excluded from the Class are Suddenlink and any entities in which Suddenlink has a controlling interest, Suddenlink's agents and employees, the bench officers to whom this civil action is assigned, and the members of each bench officer's staff and immediate family.

71.     *Numerosity*. The number of members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff does not know the exact number of members of the Class prior to discovery. However, based on information and belief, there are between 20,000 to 30,000 Class members. The exact number and identities of Class members are contained in Suddenlink's records and can be easily ascertained from those records.

72.     *Commonality and Predominance*. Common legal or factual questions affect the members of the Class. These questions predominate over questions that might affect individual Class members. These common questions include, but are not limited to:

73.     Whether California law applies to the claims of Plaintiff and the Class;

74.     Whether Suddenlink employs a uniform policy of charging a Network Enhancement Fee to its customers;

75.     Whether Suddenlink adequately or accurately disclosed the Network Enhancement Fee to Plaintiff and the Class members;

76.     Whether Suddenlink's charging of the Network Enhancement Fee to Plaintiff

CLASS ACTION COMPLAINT

- 15 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  and the Class members is a false, deceptive, or misleading practice or policy;

2      77.    Whether Suddenlink's representations of the Network Enhancement Fee are

3  false, deceptive, or misleading;

4      78.    Whether it was deceptive, misleading, or unfair for Suddenlink not to disclose,

5  or to inadequately or inaccurately disclose as part of the advertised and promised price of its

6  internet services, the Network Enhancement Fee, its dollar amount, or the fact that Suddenlink

7  could choose to raise its amount at any time;

8      79.    Whether the Network Enhancement Fee, the fact that Suddenlink could choose

9  to raise it at any time, and the true price of Suddenlink's internet services are material

10  information, such that a reasonable consumer would find that information important to the

11  consumer's purchase decision;

12      80.    Whether Suddenlink's misrepresentations and omissions alleged herein violate

13  California's Consumers Legal Remedies Act, California's False Advertising Law, and

14  California's Unfair Competition Law; and

15      81.    Whether Plaintiff and the Class are entitled to an order enjoining Suddenlink

16  from engaging in the misconduct alleged herein and prohibiting Suddenlink from continuing to

17  charge the Network Enhancement Fee.

18      82.    *Typicality*. Plaintiff's claims are typical of Class members' claims. Plaintiff and

19  Class members all sustained injury as a direct result of Suddenlink's standard practices and

20  schemes, bring the same claims, and face the same potential defenses.

21      83.    *Adequacy*. Plaintiff will fairly and adequately protect Class members' interests.

22  Plaintiff has no interests antagonistic to Class members' interests. Plaintiff has retained counsel

23  with considerable experience and success in prosecuting complex class action and consumer

24  protection cases.

25      84.    *Superiority*. Further, a class action is superior to all other available methods for

26  fairly and efficiently adjudicating this controversy. Each Class member's interests are small

27  compared to the burden and expense required to litigate each of their claims individually, so it

28  would be impractical and would not make economic sense for class members to seek individual

---

CLASS ACTION COMPLAINT

- 16 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

fffff
ffffffffff
ffffff

redress for Defendants' conduct. Individual litigation would add administrative burden on the courts, increasing the delay and expense to all parties and to the court system. Individual litigation would also create the potential for inconsistent or contradictory judgments regarding the same uniform conduct. A single adjudication would create economies of scale and comprehensive supervision by a single judge. Moreover, Plaintiff does not anticipate any difficulties in managing a class action trial.

85.    By their conduct and omissions alleged herein, Defendants have acted and refused to act on grounds that apply generally to the Class, such that final injunctive relief and/or declaratory relief is appropriate respecting the Class as a whole.

86.    The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications.

87.    A class action is the only practical, available method for the fair and efficient adjudication of the controversy since, inter alia, the harm suffered by each Class member is too small to make individual actions economically feasible.

88.    Common questions will predominate, and there will be no unusual manageability issues.

**CAUSES OF ACTION**

**COUNT I**
**Violation of the Consumers Legal Remedies Act ("CLRA")**
**California Civil Code § 1750 *et seq.***

89.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged herein.

90.    Plaintiff brings this claim in his individual capacity, in his capacity as a private attorney general seeking the imposition of public injunctive relief, and as a representative of the Class.

91.    Each Defendant is a "person," as defined by Cal. Civ. Code § 1761(c).

92.    Plaintiff and Class members are "consumers," as defined by Cal. Civ. Code §1761(d).

93.    Suddenlink's internet service plans are "services," as defined by Cal. Civ. Code

CLASS ACTION COMPLAINT

- 17 -

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 § 1761(b).

2     94.    The purchases of Suddenlink's internet service plans by Plaintiff and Class

3 members are "transactions," as defined by Cal. Civ. Code § 1761(e).

4     95.    Plaintiff and Class members purchased Suddenlink's internet service plans for

5 personal, family, and/or household purposes, as meant by Cal. Civ. Code § 1761(d).

6     96.    Venue is proper under Cal. Civil Code § 1780(d) because a substantial portion

7 of the transactions at issue occurred in this county. Plaintiff's declaration establishing that this

8 Court is a proper venue for this action is attached hereto as **Exhibit F.**

9     97.    The unlawful methods, acts, or practices alleged herein to have been undertaken

10 by Suddenlink were all committed intentionally and knowingly. The unlawful methods, acts, or

11 practices alleged herein to have been undertaken by Suddenlink did not result from a *bona fide*

12 error notwithstanding the use of reasonable procedures adopted to avoid such error.

13     98.    Suddenlink has intentionally deceived Plaintiff and Class members, and

14 continues to deceive the public, by misrepresenting the prices of its internet services and by

15 failing to disclose or adequately disclose the Network Enhancement Fee or the true prices of

16 the services.

17     99.    Suddenlink has intentionally deceived Plaintiff and Class members, and

18 continues to deceive the public, by misrepresenting and failing to disclose or adequately

19 disclose material information about the true prices of its internet services and about the

20 existence, amount, basis, and nature of the Network Enhancement Fee.

21     100.    Suddenlink has intentionally deceived Plaintiff and Class members, and

22 continues to deceive the public, by misrepresenting and failing to disclose the fact that

23 Suddenlink can, and has, raised customers' monthly service prices during promised fixed-price

24 promotions by increasing the Network Enhancement Fee.

25     101.    Suddenlink's conduct alleged herein has violated the CLRA in multiple respects,

26 including, but not limited to, the following:

27        a.    Suddenlink advertised its internet service plans with an intent not to sell

28 them as advertised (Cal. Civ. Code § 1770(a)(9));

---

CLASS ACTION COMPLAINT

- 18 -

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

b.    Suddenlink misrepresented that its internet service plans were supplied in accordance with previous representations when they were not (Cal. Civ. Code § 1770(a)(16)); and

c.    Suddenlink inserted unconscionable provisions in its consumer agreements, including an arbitration clause which waives the right to seek public injunctive relief in any forum, in violation of California law.

102.    With respect to omissions, Suddenlink at all relevant times had a duty to disclose the information in question because, inter alia: (a) Suddenlink had exclusive knowledge of material information that was not known to Plaintiff and Class members; (b) Suddenlink concealed material information from Plaintiff and Class members; and (c) Suddenlink made partial representations, including regarding the supposed monthly prices of its internet services, which were false and misleading absent the omitted information.

103.    Suddenlink's misrepresentations and nondisclosures deceive and have a tendency to deceive the general public.

104.    Suddenlink's misrepresentations and nondisclosures are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

105.    Plaintiff and members of the Class reasonably relied on Suddenlink's material misrepresentations and nondisclosures, and would not have purchased, or would have paid less money for, Suddenlink's internet services had they known the truth.

106.    As a direct and proximate result of Suddenlink's violations of the CLRA, Plaintiff and Class members have been harmed and lost money or property.

107.    Suddenlink's conduct alleged herein caused substantial injury to Plaintiff, Class members, and the general public. Suddenlink's conduct is ongoing and is likely to continue and recur absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining Suddenlink from committing such practices.

108.    Absent injunctive relief, Suddenlink will continue to injure Plaintiff and Class members. Suddenlink's misrepresentations and nondisclosures regarding the true prices for its

CLASS ACTION COMPLAINT

- 19 -

1  internet service plans; the existence, nature, and basis of the Network Enhancement Fee; and

2  Suddenlink's policy and practice of increasing customers' monthly service prices during

3  advertised or promised fixed-price periods by increasing the Network Enhancement Fee are

4  ongoing. Moreover, Suddenlink continues to charge Plaintiff and the Class the unfair and

5  unlawful Network Enhancement Fee. Even if such conduct were to cease, it is behavior that is

6  capable of repetition or re-occurrence by Suddenlink.

7      109.    Plaintiff, on behalf of himself and/or as a private attorney general, individually

8  seeks public injunctive relief under the CLRA to protect the general public from Suddenlink's

9  false advertisements and omissions—including Suddenlink's advertising of monthly service

10 rates that do not reflect the true rates, Suddenlink's failure to disclose or adequately disclose the

11 true rates or the Network Enhancement Fee, and Suddenlink's advertising fixed-price

12 promotional periods and "Price for Life" when Suddenlink can, and has, raised customers'

13 monthly service prices during these fixed-price periods by increasing the Network

14 Enhancement Fee.

15     110.    Plaintiff does not currently seek damages in this Complaint under the CLRA.

16     111.    In accordance with California Civil Code § 1782(a), Plaintiff, through counsel,

17 served Suddenlink with notice of its CLRA violations by USPS certified mail, return receipt

18 requested, on May 3, 2021. A true and correct copy of that notice is attached hereto as **Exhibit**

19 **G.**

20     112.    If Suddenlink fails to provide appropriate relief for its CLRA violations within

21 30 days of its receipt of Plaintiff's notification letter, Plaintiff will amend or seek leave to

22 amend this Complaint to pray for compensatory and punitive damages as permitted by Cal. Civ.

23 Code §§ 1780 and 1782(b), along with attorneys' fees and costs.

24

25

26

27

28

CLASS ACTION COMPLAINT

- 20 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

**COUNT II**
**Violation of California's False Advertising Law**
**California Business and Professions Code § 17500 *et seq.***

113.　Plaintiff realleges and incorporates by reference all paragraphs previously alleged herein.

114.　Plaintiff brings this claim in his individual capacity, in his capacity as a private attorney general seeking the imposition of public-injunctive relief, and as a representative of the Class.

115.　By its conduct and omissions alleged herein, Suddenlink has committed acts of untrue or misleading advertising, as defined by and in violation of California Business & Professions Code § 17500, *et seq.*, also known as California's False Advertising Law ("FAL"). These acts include but are not limited to: (a) misrepresenting the prices of its internet services; (b) failing to disclose or adequately disclose the true prices of its internet services and the existence, amount, basis, and nature of the Network Enhancement Fee; and (c) continuing to hide, obscure, and misrepresent the Network Enhancement Fee even after customers sign up.

116.　With respect to omissions, Suddenlink at all relevant times had a duty to disclose the information in question because, inter alia: (a) Suddenlink had exclusive knowledge of material information that was not known to Plaintiff and the Class members; (b) Suddenlink concealed material information from Plaintiff and the Class members; and (c) Suddenlink made partial representations, including regarding the supposed monthly prices of its internet services, which were false or misleading absent the omitted information.

117.　Suddenlink committed such violations of the FAL with actual knowledge that its advertising was untrue or misleading, or Suddenlink, in the exercise of reasonable care, should have known that its advertising was untrue or misleading.

118.　Suddenlink's misrepresentations and nondisclosures deceive and have a tendency to deceive the general public.

119.　Suddenlink's misrepresentations and nondisclosures are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  120. Plaintiff and members of the Class reasonably relied on Suddenlink's material

2 misrepresentations and nondisclosures, and would not have purchased, or would have paid less

3 money for, Suddenlink's internet services had they known the truth.

4  121. By its conduct and omissions alleged herein, Suddenlink received more money

5 from Plaintiff and Class members than it should have received, including the excess Network

6 Enhancement Fee that Suddenlink charged Plaintiff and the Class on top of the advertised price

7 for the internet services, and that money is subject to restitution.

8  122. As a direct and proximate result of Suddenlink's violations of the FAL, Plaintiff

9 and the Class members lost money.

10  123. Suddenlink's conduct has caused substantial injury to Plaintiff, Class members,

11 and the public. Suddenlink's conduct is ongoing and is likely to continue and recur absent a

12 permanent injunction. Accordingly, Plaintiff seeks an order enjoining Suddenlink from

13 committing such violations of the FAL. Plaintiff further seeks an order granting restitution to

14 Plaintiff and the Class in an amount to be proven at trial. Plaintiff further seeks an award of

15 attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

16  124. Absent injunctive relief, Suddenlink will continue to injure Plaintiff and Class

17 members. Plaintiff and the Class lack an adequate remedy at law. Suddenlink's

18 misrepresentations and omissions in its advertising regarding the true prices for its internet

19 service plans, the existence, nature, and basis of the Network Enhancement Fee, and

20 Suddenlink's policy and practice of increasing customers' monthly service prices during

21 advertised fixed-price periods by increasing the Network Enhancement Fee are ongoing.

22 Moreover, Suddenlink continues to charge Plaintiff and the Class the unfair and unlawful

23 Network Enhancement Fee. Even if such conduct were to cease, it is behavior that is capable of

24 repetition or re-occurrence by Suddenlink.

25  125. Plaintiff, on behalf of himself and/or as a private attorney general, individually

26 seeks public injunctive relief under the FAL to protect the general public from Suddenlink's

27 false advertisements and omissions—including Suddenlink's advertising of monthly service

28 rates that do not reflect the true rates, Suddenlink's failure to disclose or adequately disclose the

---

CLASS ACTION COMPLAINT

- 22 -

1  true rates or the Network Enhancement Fee in its advertising, and Suddenlink's advertising

2  fixed-price promotional periods and "Price for Life" when Suddenlink reserves the ability to

3  raise customers' monthly service prices during these fixed-price periods by increasing the

4  Network Enhancement Fee.

**COUNT III**
**Violation of California's Unfair Competition Law**
**California Business and Professions Code § 17200 *et seq.***

7  126.    Plaintiff realleges and incorporates by reference all paragraphs previously

8  alleged herein.

9  127.    Plaintiff brings this claim in his individual capacity, in his capacity as a private

10  attorney general seeking the imposition of public injunctive relief, and as a representative of the

11  Class.

12  128.    California Business & Professions Code § 17200, *et seq.*, also known as

13  California's Unfair Competition Law (UCL), prohibits any unfair, unlawful, or fraudulent

14  business practice.

15  129.    By its conduct and omissions alleged herein, Suddenlink has violated the

16  "unfair" prong of the UCL, including without limitation by: (a) pervasively misrepresenting

17  Suddenlink internet service prices while failing to disclose and/or to adequately disclose that

18  Suddenlink actually charges higher monthly prices than advertised, through its imposition of

19  the Network Enhancement Fee on top of the advertised price; (b) hiding, obscuring, and

20  misrepresenting the existence, nature, and basis of the Network Enhancement Fee prior to, and

21  at the time a consumer signs up for Suddenlink internet services; (c) continuing to hide,

22  obscure, and misrepresent the existence, nature, and basis of the Network Enhancement Fee

23  even after customers have signed up; (d) imposing and increasing the Network Enhancement

24  Fee on customers without notice or without adequate notice; (e) hiding, obscuring, and

25  misrepresenting prior to, and at the time a consumer signs up, the fact that Suddenlink can, and

26  has, increased customers' monthly internet service prices during an advertised or promised

27  fixed-price period by increasing the Network Enhancement Fee; (f) increasing the Network

28  Enhancement Fee on customers during a promised fixed price period; (g) preventing existing

---

CLASS ACTION COMPLAINT

- 23 -

1  customers from freely canceling their services after learning the actual total monthly amount

2  they are charged or learning of the Network Enhancement Fee or increases to the Network

3  Enhancement Fee; and (h) imposing and increasing the Network Enhancement Fee as a covert

4  way to increase the actual monthly prices customers pay for their services without having to

5  advertise the true higher prices.

6      130.   Suddenlink's conduct and omissions alleged herein are immoral, unethical,

7  oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and the

8  Class. Perpetrating a years-long scheme of misleading and overcharging customers is immoral,

9  unethical, and unscrupulous. Moreover, Suddenlink's conduct is oppressive and substantially

10  injurious to consumers. By its conduct alleged herein, Suddenlink has improperly extracted

11  hundreds of thousands of dollars from California consumers. There is no utility to Suddenlink's

12  conduct, and even if there were any utility, it would be significantly outweighed by the gravity

13  of the harm to consumers caused by Suddenlink's conduct alleged herein.

14      131.   Suddenlink's conduct and omissions alleged herein also violate California

15  public policy, including as such policy is reflected in Cal. Civ. Code § 1750 *et seq.* and Cal.

16  Civ. Code §§ 1709–1710.

17      132.   By its conduct and omissions alleged herein, Suddenlink has violated the

18  "unlawful" prong of the UCL, including by making material misrepresentations and omissions

19  in violation of Cal. Bus. & Prof. Code § 17500 *et seq.* and Cal. Civ. Code § 1750, *et seq.,*

20  engaging in deceit in violation of Cal Civ. Code §§ 1709–1710, and violating the implied

21  covenant of good faith and fair dealing, in violation of California common law.

22      133.   Suddenlink has violated the "fraudulent" prong of the UCL by making material

23  misrepresentations and omissions, including regarding: (a) the true prices of its internet

24  services; (b) the existence and amount of the Network Enhancement Fee; (c) the nature and

25  basis of the Network Enhancement Fee; and (d) advertising fixed-price promotional periods

26  and "Price for Life" when Suddenlink can, and has, raised customers' monthly service prices

27  during these fixed-price periods by increasing the Network Enhancement Fee.

28      134.   With respect to omissions, Suddenlink at all relevant times had a duty to

CLASS ACTION COMPLAINT

- 24 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

disclose the information in question because, inter alia: (a) Suddenlink had exclusive knowledge of material information that was not known to Plaintiff and the Class; (b) Suddenlink concealed material information from Plaintiff and the Class; and (c) Suddenlink made partial representations, including regarding the supposed monthly prices of its internet services, which were false and misleading absent the omitted information.

135.   Suddenlink's material misrepresentations and nondisclosures were likely to mislead reasonable consumers, existing and potential customers, and the public.

136.   Suddenlink's misrepresentations and nondisclosures deceive and have a tendency to deceive the general public and reasonable consumers.

137.   Suddenlink's misrepresentations and nondisclosures are material, such that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

138.   Plaintiff and members of the Class reasonably relied on Suddenlink's material misrepresentations and nondisclosures, and would not have purchased, or would have paid less money for, Suddenlink's internet services had they known the truth.

139.   By its conduct and omissions alleged herein, Suddenlink received more money from Plaintiff and the Class than it should have received, including the excess Network Enhancement Fees that Suddenlink charged Plaintiff and the Class on top of the advertised price for the internet services, and that money is subject to restitution.

140.   As a direct and proximate result of Suddenlink's unfair, unlawful, and fraudulent conduct, Plaintiff and the Class members suffered harm and lost money.

141.   Suddenlink's conduct has caused substantial injury to Plaintiff, Class members, and the public. Suddenlink's conduct described herein is ongoing and is likely to continue and recur absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining Suddenlink from committing such unlawful, unfair, and fraudulent business practices. Plaintiff further seeks an order granting restitution to Plaintiff and the Class in an amount to be proven at trial. Plaintiff further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

142.     Absent injunctive relief, Suddenlink will continue to injure Plaintiff and Class members. Plaintiff and the Class lack an adequate remedy at law. Suddenlink's misrepresentations and nondisclosures regarding the true prices for its internet service plans, the existence, nature, and basis of the Network Enhancement Fee, and Suddenlink's policy and practice of increasing customers' monthly service prices during advertised or promised fixed-price periods by increasing the Network Enhancement Fee are ongoing. Moreover, Suddenlink continues to charge Plaintiff and the Class the unfair and unlawful Network Enhancement Fee. Even if such conduct were to cease, it is behavior that is capable of repetition or re-occurrence by Suddenlink.

143.     Plaintiff, on behalf of himself and/or as a private attorney general, individually seeks public injunctive relief under the UCL to protect the general public from Suddenlink's false advertisements and omissions—including Suddenlink's advertising of monthly service rates that do not reflect the true rates, Suddenlink's failure to disclose or adequately disclose the true rates or the Network Enhancement Fee, and Suddenlink's advertising fixed-price promotional periods and "Price for Life" when Suddenlink can, and has, raised customers' monthly service prices during these fixed-price periods by increasing the Network Enhancement Fee.

## PRAYER FOR RELIEF

### Public Injunctive Relief:

A.     In order to prevent injury to the general public, Plaintiff Nick Vasquez individually and/or as a private attorney general, requests that the Court enter a public injunction against Suddenlink under the CLRA, FAL, and UCL as follows:

1.     Permanently enjoin Suddenlink from falsely advertising the prices of its internet service plans and from concealing the true prices of its service plans; and

2.     Permanently enjoin Suddenlink from advertising fixed-price promotional periods and "Price for Life" for its service plans when Suddenlink in fact reserves the right to raise customers' monthly service prices during these fixed-price periods by increasing discretionary fees.

CLASS ACTION COMPLAINT

- 26 -

**Individual and Class Relief:**

B.       On behalf of himself and the proposed Class, Plaintiff Nick Vasquez requests that the Court order relief and enter judgment against Suddenlink as follows:

1.       Declare this action to be a proper class action, certify the proposed Class, and appoint Plaintiff and his counsel to represent the Class;

2.       Declare that Suddenlink's conduct alleged herein violates the CLRA, FAL, and UCL;

3.       Permanently enjoin Suddenlink from engaging in the misconduct alleged herein;

4.       Order Suddenlink to discontinue charging the Network Enhancement Fee to its customers in California;

5.       Order Suddenlink to hold in constructive trust all Network Enhancement Fee payments received from the Class;

6.       Order Suddenlink to perform an accounting of all such Network Enhancement Fee payments;

7.       Order disgorgement or restitution, including, without limitation, disgorgement of all revenues, profits, and/or unjust enrichment that Suddenlink obtained, directly or indirectly, from Plaintiff and the members of the Class or otherwise as a result of the unlawful conduct alleged herein;

8.       Order Suddenlink to engage an independent person, group, or organization to conduct an internal assessment to (a) identify the root causes of the decisions that led Suddenlink to misrepresent its actual rates, (b) identify corrective actions and institutional culture changes to address these root causes, and (c) help Suddenlink implement and track those corrective actions to ensure Suddenlink does not engage in such misrepresentations again;

9.       Order Suddenlink to pay reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

10.      Retain jurisdiction to monitor Suddenlink's compliance with the

CLASS ACTION COMPLAINT

- 27 -

1    permanent injunctive relief; and

2           11.    Grant such other relief as this Court deems just and proper.

3    **DEMAND FOR JURY TRIAL**

4    Plaintiff demands a trial by jury on all issues so triable.

5

6    DATED this 4th day of May, 2021.

7                    Presented by:

8                    HATTIS & LUKACS

9                    By:

10                   Daniel M. Hattis (SBN 232141)
                Paul Karl Lukacs (SBN 197007)

11                   HATTIS & LUKACS
                400 108th Ave NE, Ste 500

12                   Bellevue, WA 98004
                Telephone: (425) 233-8650

13                   Facsimile: (425) 412-7171
                Email: dan@hattislaw.com

14                   Email: pkl@hattislaw.com

15                   Attorneys for Plaintiff Nick Vasquez
                and the Proposed Class

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**HATTIS & LUKACS**
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

# EXHIBIT A

# EXHIBIT A

## "Choose Services" Webpage



# EXHIBIT B

# EXHIBIT B

## "Customize" Webpage

Offer Unlocked: Use code [VCCCC] for $10 off your TV bundle

suddenlink

11844 ATWOOD RD, AUBURN, CA 95603

Choose Services — Customize — Customer Info — Schedule Installation — Order Confirmation

### CUSTOMIZE YOUR SERVICE

#### SET UP YOUR EQUIPMENT

Modem — $10.00/MO.
- Smart Router
- In-home WiFi
- 24/7 Tech support

Use my own Modem & WiFi Router
- Requires a Suddenlink certified modem
- Wireless router, in-home Smart WiFi, and free modem upgrades not included

How many TVs would you like service on? +

I would like TiVo Any Room DVR

TV1 — High Definition Cable Box — $11.00/MO.

- New outlet installations are not covered and will require additional charges.

#### INTERNET EXPERIENCE

Internet 150 Unlimited Data for **$20.00 more per month** [Upgrade]

#### TV EXPERIENCE

Suddenlink Select TV for **$15.00 more per month** [Upgrade]
- 200 channels including NFL Network View Channels

Suddenlink Premier TV for **$35.00 more per month** [Upgrade]
- 340 channels including HBO Max & NFL Network View Channels

**Add Channels**

| | |
|---|---|
| HBO Max | $14.99/MO. |
| Showtime and The Movie Channel | $10.99/MO. |
| Starz and Starz Encore | $9.99/MO. |
| Cinemax | $9.99/MO. |
| Movie Package | $10.00/MO. |
| Family Package | $10.00/MO. |

#### EXPERIENCE MORE

**Altice Mobile**

Pick your data. Switch any time. Starting at **$14.00/month** per line.

Yes, I am interested in Altice Mobile and would like to be contacted for more information

**Add Home Phone**

Home Phone for **$10.00 more per month** [Add]
- Unlimited local and long distance calling anytime, to anywhere in the United States, Guam, Puerto Rico and the U.S. Virgin Islands with over 12 useful calling features

**Altice Amplify**

Altice Amplify, the smart speaker with Amazon Alexa. + — $10.00/MO.

**In-Home Protection Plan**

Add Safeguard to cover in-home wire repairs. — $4.99/MO.

#### INSTALLATION OPTIONS

| | |
|---|---|
| Free Installation | FREE |
| Premium Installation | $59.00 |

Back to Previous Page [Continue]

### YOUR PACKAGE

**Internet 100 Unlimited Data and Value TV**

**Monthly Total** $81.00

**Monthly Charges:**

| | |
|---|---|
| Internet 100 Unlimited Data and Value TV | $75.00 |
| Auto Pay and Paperless Billing Discount | -$5.00 |
| High Definition Cable Box | $11.00 |
| Use my own Modem & WiFi Router | $0.00 |

**One Time Charges:**

| | |
|---|---|
| $200 Gift with Purchase Promotion | $0.00 |
| Free TV Installation | $0.00 |

**Promo Code:** [Apply]

For residential customers only. Additional taxes, fees, surcharges and restrictions apply. First month's service, installation charge, activation fee (if required) and any past due balances with Suddenlink are due prior to installation. Internet includes monthly data plan.



# EXHIBIT C

# EXHIBIT C

## "Customer Info" Webpage

Offer Unlocked: Use code VIDEO10 for $10 off your TV bundle

suddenlink

11844 ATWOOD RD, AUBURN, CA 95603

Choose Services — Customize — Customer Info — Schedule Installation — Order Confirmation

**CUSTOMER INFORMATION**

11844 Atwood Rd, Auburn, Ca 95603

Date of Birth*

Month

☐ Click here to receive text messages regarding your installation appointment and order

☑ Click here to receive Suddenlink email communications

By selecting "continue" you agree to having a customer service agent call the number above and you represent the number is your phone number

Back to Previous Page    Continue

**YOUR PACKAGE**

Internet 100 Unlimited Data and Value TV

Monthly Total $81.00

Monthly Charges:

| | |
|---|---|
| Internet 100 Unlimited Data and Value TV | $75.00 |
| Auto Pay and Paperless Billing Discount | -$5.00 |
| High Definition Cable Box | $11.00 |
| Use my own Modem & WiFi Router | $0.00 |

One Time Charges:

| | |
|---|---|
| $200 Gift with Purchase Promotion | $0.00 |
| Free TV Installation | $0.00 |

Promo Code:

Apply

For residential customers only. Additional taxes, fees, surcharges and restrictions apply. First month's service, installation charge, activation fee (if required) and any past due balances with Suddenlink are due prior to installation. Internet includes monthly data plan.

Cart ID: LBS4AHMJ



# EXHIBIT D

# EXHIBIT D

## "Schedule Installation" and Order Submission Webpage

Offer Unlocked: Use code VIDEO10 for $10 off your TV bundle

suddenlink

11844 ATWOOD RD, AUBURN, CA 95603

Choose Services — Customize — Customer Info — 4 Schedule Installation — Order Confirmation

### SCHEDULE INSTALLATION

Please select when you would like your services installed

- I would like to choose my date and time for installation
- I would like the next available installation time

[illegible]

You have 55 characters remaining

### ENROLL IN AUTO PAY

Auto Pay Information

Enroll in Auto Pay and Paperless Billing to keep your $5.00 discount?

- Yes
- No

By enrolling in Auto Pay and Paperless Billing, you are agreeing to the Bill Pay and Paperless Billing Terms of Service.

Place Order

By selecting "Place Order" (i) you agree to having our automated phone system call the number entered above to confirm your appointment, inform you when our technician is on the way to your home and to follow up on your satisfaction with our service, (ii) you represent that you are the Customer or Customer's authorized agent; (iii) you acknowledge that you have been given an opportunity to review the Residential Service Agreement found here and the Suddenlink Privacy Policy found here and agree to the terms; and (iv) you acknowledge that THE RESIDENTIAL SERVICE AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES

### YOUR PACKAGE

Internet 100 Unlimited Data and Value TV

| | |
|---|---|
| Monthly Total | $81.00 |
| **Monthly Charges:** | |
| Internet 100 Unlimited Data and Value TV | $75.00 |
| Auto Pay and Paperless Billing Discount | -$5.00 |
| High Definition Cable Box | $11.00 |
| Use my own Modem & WiFi Router | $0.00 |
| **One Time Charges:** | |
| $200 Gift with Purchase Promotion | $0.00 |
| Free TV Installation | $0.00 |

For residential customers only. Additional taxes, fees, surcharges and restrictions apply. First month's service, installation charge, activation fee (if required) and any past due balances with Suddenlink are due prior to installation. Internet includes monthly data plan.

Cart ID: LBS4AHMJ

[illegible]



# EXHIBIT E



INTERNET, VALUE TV & PHONE WITH ALTICE ONE

INTERNET, SELECT TV & PHONE WITH ALTICE ONE

INTERNET, PREMIER TV & PHONE WITH ALTICE ONE

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to optional if offer is not a MetaBank product or service nor does MetaBank endorse this offer. Card is distributed and serviced by InComm Financial Services, Inc., which is licensed as a Money Transmitter by the New York State Department of Financial Services. SUDDENLINK AMPLIFY, Amazon, Alexa and all related logos are trademarks of Amazon.com, Inc. or its affiliates. Alexa is a service of Amazon and is operated on Amazon's systems. Your use of Alexa and the Altice One Skill is subject to your agreements with Amazon and Amazon's privacy policy. Altice is not affiliated with Amazon and is not a party to or responsible for your agreements with Amazon or for its products and services. Speeds, availability, pricing, offers, and terms vary by area and subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective owners. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.*

INTERNET, VALUE TV & PHONE

INTERNET, SELECT TV & PHONE

INTERNET, PREMIER TV & PHONE

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected srvc within past 30 days or for seasonal move not eligible. Must maintain all srvcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of srvc., and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 Internet has speeds up to 75 Mbps downstream/5 Mbps upstream. Suddenlink 100 Internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 Internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Advertised speed for wired connection. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add'l on amount, is exceeded. The speed of Internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability sbjct to factors beyond Suddenlink's control. SUDDENLINK PHONE: Unlimited Long Distance includes the 50 states as well as Guam, Puerto Rico, and the U.S. Virgin Islands and applies only to direct-dialed person-to-person calls from home phone. Phone usage must be consistent with typical residential voice usage. Phone service will not function in the event of battery backup failures or network or electrical outages. Phone service may not be compatible with all security and medical monitoring systems. BASIC TV: HD TV & HD set top box req'd for HD service. # of TV sbjct HD sbjct's features depend on plan type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/chlineup. EQUIP., TAXES & FEES: Free standard installation with online orders, visit suddenlink.com/installation for details. Cable boxes needed for each TV & will be billed at reg. monthly rate. A $10 monthly modem lease fee applies. Free Smart Router available with leased modem. Limit 1 router per household. In select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card will be mailed to customers who maintain promotion and remain in good standing with no past due or returned payments throughout first 90 days after account activation. Allow 4-6 weeks for delivery. Limit 1 per customer. Visa Reward Card cannot be used to pay Suddenlink monthly bill. Card value expires in 12 mos. Visa Reward Card may be used when making purchases from merchants in the U.S. and District of Columbia everywhere Visa debit cards are accepted. No ATM access. Terms and Conditions apply to Reward Cards. See Cardholder Agreement for details. Visa Reward Card is issued by MetaBank®, N.A., Member FDIC, pursuant to a license from Visa U.S.A. Inc. This optional offer is not a*

1




MetaBank product or service nor does MetaBank endorse this offer. Card is distributed and serviced by InComm Financial Services, Inc, which is licensed as a Money Transmitter by the New York State Department of Financial Services. SUDDENLINK AMPLIFY: Amazon, Alexa and all related logos are trademarks of Amazon.com, Inc. or its affiliates. Alexa is a service of Amazon and is operated on Amazon's systems. Your use of Alexa and the Altice One Skill is subject to your agreements with Amazon and Amazon's privacy policy. Altice is not affiliated with Amazon and is not a party to or responsible for your agreements with Amazon or for its products and services. Speeds, availability, pricing, offers, and terms vary by area and subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective owners. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.

## INTERNET & VALUE TV WITH ALTICE ONE

## INTERNET & SELECT TV WITH ALTICE ONE

## INTERNET & PREMIER TV WITH ALTICE ONE

OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected srvc within past 30 days or for seasonal move not eligible. Must maintain all srvcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of srvc., and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 internet has speeds up to 75 Mbps downstream/5 Mbps upstream. Suddenlink 100 internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add on amount, is exceeded. The speed of internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability sbjct to factors beyond Suddenlink's control. BASIC TV: Req's all TVs have an HDMI input. Not all content delivered through Altice One is in 4K Ultra HD. # of TV ch's, HD ch's & features depend on pkg type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/tvlineup. EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. A $20 Altice One [All] Pak monthly fee applies. All Mini boxes avail for add'l $10/mo. In select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card will be mailed to customers who maintain promotion and remain in good standing with no past due or returned payments throughout first 90 days after

INTERNET & PREMIER TV

OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected srvc within past 30 days or for seasonal move not eligible. Must maintain all srvcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of srvc., and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 internet has speeds up to 75 Mbps downstream/5 Mbps upstream. Suddenlink 100 internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Advertised speed for wired connection. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add on amount, is exceeded. The speed of internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability sbjct to factors beyond Suddenlink's control. BASIC TV: HDTV & HD set-top box req'd for HD service. # of TV ch's, HD ch's & features depend on pkg type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/tvlineup. EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. Cable boxes needed for each TV & will be billed at reg. monthly rate. A $10 monthly modem lease fee applies. Free Smart Router available with leased modem. Limit 1 router per household. In select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card will be mailed to customers who maintain promotion and remain in good standing with no past due or returned payments through first 90 days after account activation. Allow 4-6 weeks for delivery. Limit 1 per customer. Visa Reward Card cannot be used to pay Suddenlink monthly bill. Card value expires in 12 mos. Visa Reward Card may be used when making purchases from merchants in the U.S. and District of Columbia everywhere Visa debit cards are accepted. No ATM access. Terms and Conditions apply to Reward Cards. See Cardholder Agreement for details. Visa Reward Card is issued by MetaBank®, N.A., Member FDIC pursuant to a license from Visa U.S.A. Inc. This optional fee is not a MetaBank product or service nor does MetaBank endorse this offer. Card is distributed and serviced by InComm Financial subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective

2

owners. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.

## CORE TV & PHONE

## VALUE TV & PHONE

Free 60-day Altice Advantage Internet is available for new residential Internet customers who do not have Suddenlink internet service and share a household with a student (K-12) or a college student only. Former Suddenlink accounts previously not in good standing are not eligible. Terms, conditions and restrictions apply. Where available. At end of 60-day period, service will be billed at $14.99 per month until canceled. New student Altice Advantage Internet customers can benefit from a $5/mo. discount for 3 months for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. As of 4th month, price will increase to normal rate of $14.99 per month. TAXES & FEES: $30 installation fee applies and will appear on initial bill. May not be combined with other offers. Other add-on options may be available. Minimum system requirements and equipment configurations apply. Advertised speed for wired connection. Many factors affect speed. Actual speeds may vary and are not guaranteed. Unlimited data subject to reasonable network management practices employed to minimize congestion or service degradation. Wireless speed, performance and availability subject to factors beyond Suddenlink's control. Limit 1 gateway per household. All rights reserved. Pricing, offers and terms is not transferable and is subject to change and discontinuance without notice. For system requirements or limitations, offer details, restrictions, terms and conditions, see AlticeAdvantageInternet.com/terms. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.

3

# EXHIBIT F

DocuSign Envelope ID: 55EDC319-FC86-42DB-B1C9-9D5E4F3AE478

Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
HATTIS & LUKACS
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com

*Attorneys for Plaintiff Nick Vasquez
and the Proposed Class*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF HUMBOLDT

UNLIMITED CIVIL

| | |
|---|---|
| NICK VASQUEZ,<br>For Himself,<br>As A Private Attorney General, and/or<br>On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CEBRIDGE TELECOM CA, LLC (D/B/A<br>SUDDENLINK COMMUNICATIONS);<br>ALTICE USA, INC.; AND<br>DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No. _____<br><br>**DECLARATION OF<br>NICK VASQUEZ<br>PURSUANT TO THE CALIFORNIA<br>CONSUMERS LEGAL REMEDIES<br>ACT<br>(CAL. CIVIL CODE § 1780(d))**<br><br>**[FILED CONCURRENTLY<br>WITH COMPLAINT]** |

CLRA DECLARATION

- 1 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

DocuSign Envelope ID: 55EDC319-FCB6-42DB-B1C9-9D5E4F3AE478

1    I, NICK VASQUEZ, hereby declare and state as follows:

2    1.    I am over the age of 18 years, and am the plaintiff in the above-referenced civil

3    action.

4    2.    The facts contained herein are based on my personal knowledge except as to

5    facts stated upon information and belief and, as to those, I believe it to be true.

6    2.    This civil action pleads a cause of action for violation of the California

7    Consumers Legal Remedies Act ("CLRA") against Defendants Cebridge Telecom CA, LLC

8    (D/B/A Suddenlink Communications) and Altice USA, Inc. (collectively "Defendants" or

9    "Suddenlink"). This civil action has been commenced in a county described in Section 1780(d)

10   of the California Civil Code as a proper place for the trial of the action.

11   3.    This action is being commenced in the County of Humboldt because that is a

12   county in which each of the Defendants is doing business. Each of the Defendants is doing

13   business in the County of Humboldt by, without limitation, advertising and selling its internet

14   services in the County of Humboldt including in its retail store located in Eureka, California.

15   4.    This action is being commenced in the County of Humboldt because I

16   subscribed to and received Suddenlink internet services, and was charged the Network

17   Enhancement Fee which is the subject of this Complaint, at my home in Arcata, California,

18   which is in the County of Humboldt.

19   I declare under penalty of perjury under the laws of the State of California that the

20   foregoing is true and correct.

21   Executed in Humboldt County, California.

22

23   Date: 5/3/2021

┌─DocuSigned by:
│ *Nick Vasquez*
└──CF7A7C7DFFF426
NICK VASQUEZ

24

25

26

27

28

CLRA DECLARATION                                    **HATTIS & LUKACS**
                                                    400 108th Ave. NE, Ste 500
                        - 2 -                       Bellevue, WA 98004
                                                    T: 425.233.8650 | F: 425.412.7171
                                                    www.hattislaw.com

# EXHIBIT G



Daniel M. Hattis, Esq.
425.233.8628
dan@hattislaw.com

HATTIS & LUKACS
Attorneys at Law

400 108th Ave NE, Ste 500
Bellevue, WA 98004
Phone: 425.233.8650
www.hattislaw.com

May 3, 2021

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Dexter Goei, CEO                                     Agent for Cebridge Telecom CA, LLC
Altice USA, Inc.                                     CSC – Lawyers Incorporating Service
Cebridge Telecom CA, LLC                             2710 Gateway Oaks Drive, Suite 150N
One Court Square                                     Sacramento, CA 95833
Long Island City, New York 11101

Re:    Notice of Violation of California Consumers Legal Remedies Act
       My Client: Nick Vasquez

Dear Mr. Goei:

       This law firm represents Nick Vasquez, who purchased a Suddenlink internet service
plan in Arcata, California. We send this letter pursuant to the California Consumers Legal
Remedies Act, California Civil Code Section 1750 *et seq.* ("CLRA") to notify Cebridge Telecom
CA, LLC (d/b/a Suddenlink) and Altice USA, Inc. (collectively, "Suddenlink") that its practice
of advertising monthly rates for its internet service plans and then deceptively and unfairly
charging customers higher monthly rates through the imposition of a so-called "Network
Enhancement Fee" and increases thereto, violates the CLRA. We demand that Suddenlink
rectify its violations within 30 days of receipt of this letter.

       Suddenlink prominently advertises particular flat monthly rates for its internet service
plans and plans bundled with internet service. Then, after customers sign up, Suddenlink actually
charges higher monthly rates than the customers were promised and agreed to pay. Suddenlink
covertly increases the actual price by padding customers' bills each month with a bogus so-called
"Network Enhancement Fee" (currently $3.50 per month) on top of the advertised price. The
Network Enhancement Fee (the "Fee") is not disclosed to customers before or when they sign
up, and in fact it is never adequately and honestly disclosed to them. The so-called Network
Enhancement Fee is not a bona fide fee, but rather is simply a means for Suddenlink to charge
more per month for the service itself without having to advertise the higher prices, and to
covertly raise the cost of internet service at any time, even during promised fixed-rate
promotional periods.

       Suddenlink also deliberately hides and obfuscates the Fee in its billing statements.
Suddenlink intentionally buries the Fee in a portion of the statement that makes it likely

May 3, 2021
Page 2

customers will not notice it and misleadingly suggests that the Fee is a tax or government pass-through fee over which Suddenlink has no control.

Mr. Vasquez is a Suddenlink internet customer in Arcata, California. His Suddenlink account number is ▓▓▓▓▓▓▓▓. He signed up for his service on Suddenlink's website in late August 2020 in reliance on Suddenlink's advertisements and promises regarding the monthly rate for the service. Suddenlink did not disclose to him that the Network Enhancement Fee would be charged, nor did it disclose to him that the true monthly price for his service would be higher that what Suddenlink advertised. Mr. Vasquez has been subjected to Suddenlink's bait-and-switch scheme. Mr. Vasquez, like all Suddenlink internet customers in California, has suffered harm because Suddenlink has charged him higher monthly prices than he was promised, via Suddenlink's covert imposition of the bogus Network Enhancement Fee.

Suddenlink's material misrepresentations, omissions, and failures to disclose violated the CLRA in the following manner:

1.    Suddenlink advertised its internet service plans with an intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9));

2.    Suddenlink misrepresented that its internet service plans were supplied in accordance with previous representations when they were not (Cal. Civ. Code § 1770(a)(16)); and

3.    Suddenlink inserted unconscionable provisions in its consumer agreements, including an arbitration clause which waives the right to seek public injunctive relief in any forum, in violation of California law.

We demand that within thirty (30) days of receiving this letter, Suddenlink agree to (1) refrain from engaging in the deceptive practices described above at any time in the future; and (2) return all money that Suddenlink's California customers have paid in "Network Enhancement Fees." If Suddenlink refuses to provide the demanded relief within thirty (30) days, we will seek compensatory and punitive damages, restitution, and any other appropriate equitable relief under the CLRA.

I can be reached at (425) 233-8628 or dan@hattislaw.com.

Very truly yours,

Daniel M. Hattis

FILED

JUL 1 9 2021

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

1  Daniel M. Hattis (SBN 232141)
   Paul Karl Lukacs (SBN 197007)
2  HATTIS & LUKACS
   400 108th Ave NE, Ste 500
3  Bellevue, WA 98004
   Telephone: (425) 233-8650
4  Facsimile: (425) 412-7171
   Email: dan@hattislaw.com
5  Email: pkl@hattislaw.com

6  *Attorneys for Plaintiff Nick Vasquez*
   *and the Proposed Class*

7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF HUMBOLDT

11                           UNLIMITED CIVIL

12  NICK VASQUEZ,                          Case No. CV2100639
    For Himself,
13  As A Private Attorney General, and/or   **CLASS ACTION**
    On Behalf Of All Others Similarly Situated,
                                            **FIRST AMENDED COMPLAINT FOR:**
14
                                            **(1) VIOLATION OF CAL. CIVIL CODE**
15                           Plaintiff,          **§ 1750;**

16  v.                                      **(2) VIOLATION OF CAL. BUSINESS &**
                                                **PROFESSIONS CODE § 17500;**
17  CEBRIDGE TELECOM CA, LLC (D/B/A
    SUDDENLINK COMMUNICATIONS);           **(3) VIOLATION OF CAL. BUSINESS &**
18  ALTICE USA, INC.; and                      **PROFESSIONS CODE § 17200**
    DOES 1 THROUGH 10, INCLUSIVE,
19                                          **JURY TRIAL DEMANDED**

20                           Defendants.

21

22

23

24

25

26

27

28

FIRST AMENDED                                    **HATTIS & LUKACS**
CLASS ACTION COMPLAINT                           400 108th Ave. NE, Ste 500
                                                 Bellevue, WA 98004
                                                 T: 425.233.8650 | F: 425.412.7171

1

## TABLE OF CONTENTS

2    INTRODUCTION AND SUMMARY ........................................................ - 1 -

3    THE PARTIES.................................................................................... - 3 -

4    JURISDICTION AND VENUE ............................................................... - 3 -

5    FACTUAL ALLEGATIONS OF SUDDENLINK'S BAIT AND SWITCH SCHEME......... - 4 -

6        A.    Suddenlink's Website Advertising and Online Purchase Process
             Made False and Misleading Statements About the Prices
             Suddenlink Charged for Its Internet Service Plans. ........................... - 6 -

7        B.    Suddenlink's Sales Agents Make False and Misleading Statements
             About the Prices Suddenlink Charges for Its Cable Television
8             Service Plans. ......................................................................... - 10 -

9        C.    Suddenlink Continues To Deceive Customers After They Sign Up. .............. - 11 -

10        D.    Suddenlink Intentionally Makes It Difficult for Customers to
             Cancel Service.......................................................................... - 13 -

11    PLAINTIFF'S FACTUAL ALLEGATIONS ............................................... - 15 -

12    CLASS ALLEGATIONS....................................................................... - 17 -

13    CAUSES OF ACTION ........................................................................ - 21 -

14    COUNT I: Violation of the Consumers Legal Remedies Act ("CLRA")
        California Civil Code § 1750 et seq. .................................................... - 21 -

15    COUNT II: Violation of California's False Advertising Law
16    California Business and Professions Code § 17500 et seq.............................. - 24 -

        COUNT III: Violation of California's Unfair Competition Law
17    California Business and Professions Code § 17200 et seq............................. - 26 -

18    PRAYER FOR RELIEF........................................................................ - 29 -

        DEMAND FOR JURY TRIAL................................................................. - 32 -
19

20

21

22

23

24

25

26

27

28

FIRST AMENDED
CLASS ACTION COMPLAINT           i

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1      Plaintiff NICK VASQUEZ, individually, as a private attorney general, and on behalf of

2  all others similarly situated, alleges as follows, on personal knowledge and investigation of his

3  counsel, against Defendant Cebridge Telecom CA, LLC (d/b/a Suddenlink Communications),

4  Defendant Altice USA, Inc., and Defendants Does 1 through 10, inclusive, (collectively,

5  "Suddenlink"):

6                        **INTRODUCTION AND SUMMARY**

7      1.    Plaintiff Nick Vasquez, individually, as a private attorney general to protect the

8  general public, and on behalf of all others similarly situated, brings this action under California

9  law to challenge a bait-and-switch scheme whereby Suddenlink charges customers more for its

10  internet service plans[1] than Suddenlink advertised and promised.  Suddenlink advertises and

11  promises to consumers a promotional flat monthly rate for its internet service plans for a

12  specified time period, but then actually charges them higher monthly rates during that period

13  via a disguised and fabricated extra charge on the bill (which Suddenlink calls the "Network

14  Enhancement Fee"). Suddenlink also uses the Network Enhancement Fee as a way to covertly

15  increase customers' rates, including during their advertised and promised fixed-rate

16  promotional period.

17      2.    In February 2019, Suddenlink began padding its bills with a new $2.50 per

18  month disguised double-charge for internet service, which it buried in a section of the bill with

19  taxes and government fees, and which it called the Network Enhancement Fee. The Network

20  Enhancement Fee was not included in the advertised and quoted service plan price and was not

21  defined or explained in the monthly bill. Suddenlink has increased the Network Enhancement

22  Fee such that it is now $3.50 per month for California subscribers.

23      3.    Suddenlink did not disclose the Network Enhancement Fee (the "Fee") to

24  Plaintiff and to other Suddenlink customers before or when they agreed to receive internet

25  services from Suddenlink.

26      4.    The first time Suddenlink ever mentions the Network Enhancement Fee is on

27

---

28  [1] The term "internet service plan" as used in this Complaint includes a service plan that "bundles" internet with other services such as television or telephone.

FIRST AMENDED
CLASS ACTION COMPLAINT     - 1 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   customers' monthly billing statements, which customers begin receiving only after they sign up

2   for the service and are committed to their purchase. Making matters worse, Suddenlink

3   deliberately hides the Fee in its billing statements. Suddenlink does not list or include the

4   Network Enhancement Fee in the "Current Monthly Charges" section of the bill. Instead,

5   Suddenlink intentionally buries the Network Enhancement Fee alongside taxes and government

6   fees in the "Taxes, Fees & Other Charges" section of the bill that: (a) makes it likely customers

7   will not notice it; and (b) misleadingly indicates that the Fee is a tax or government pass-

8   through fee over which Suddenlink has no control. Thus, by Suddenlink's very design, the

9   printed monthly statements serve to further Suddenlink's scheme and keep customers from

10   realizing they are being overcharged.

11        5.     In the event that a customer happens to notice the Network Enhancement Fee

12   has been charged on their monthly statement and contacts Suddenlink to inquire about the Fee,

13   Suddenlink agents falsely tell the customer that the Fee is a tax or government fee or is

14   otherwise out of Suddenlink's control.

15        6.     In actuality, the Network Enhancement Fee is not a tax or government fee.

16   Rather, the so-called fee is a completely fabricated and arbitrary charge invented by Suddenlink

17   as a way to covertly charge more per month for its internet service without having to advertise

18   higher prices.

19        7.     Suddenlink charges every one of its California internet service customers the

20   Network Enhancement Fee. Plaintiff estimates that Suddenlink has extracted approximately

21   $1.8 million from over 19,000 California internet subscribers in Network Enhancement Fee

22   payments since Suddenlink began sneaking the Fee onto customer bills in February 2019.

23        8.     Plaintiff Nick Vasquez brings this lawsuit individually and as a private attorney

24   general seeking public injunctive relief to protect the general public by putting an end to

25   Suddenlink's unlawful advertising scheme. Plaintiff also seeks declaratory relief, declaring

26   Suddenlink's practices alleged herein as unlawful under California law. Finally, Plaintiff seeks

27   restitution and/or damages on behalf of himself and on behalf of a class of California

28   Suddenlink internet subscribers to obtain a refund of the approximately $1.8 million in

---

FIRST AMENDED
CLASS ACTION COMPLAINT      - 2 -

1   Network Enhancement Fee payments they suffered as a result of Suddenlink's misconduct.

2   **THE PARTIES**

3        9.     Plaintiff Nick Vasquez is a citizen and resident of Humboldt County, California.

4        10.    Defendant Altice USA, Inc., is a corporation chartered under the laws of

5   Delaware, with its principal place of business in New York.

6        11.    Defendant Cebridge Telecom CA, LLC is a limited liability company chartered

7   under the laws of Delaware, with its principal place of business in New York.

8        12.    Without formal discovery, Plaintiff is unable to determine exactly which other

9   entities, if any, engaged in or assisted with the unlawful conduct pled herein or which

10  instructed, approved, consented, or participated in the unlawful conduct pled herein.

11  "Suddenlink Communications" is the business entity that is referenced in Plaintiff's Suddenlink

12  billing statements, in the Suddenlink Residential Service Agreement, and is listed as holding

13  the copyright on the Suddenlink website at www.suddenlink.com. However, "Suddenlink

14  Communications" does not appear to be an actual business entity. Based on counsel's research,

15  Defendant Altice USA, Inc., is the parent and holding company that provides, through its

16  subsidiaries, broadband communications and video services under the brand "Suddenlink."

17  Defendant Altice USA, Inc.'s most recent 10-K report lists several dozen subsidiaries—none of

18  which is named "Suddenlink Communications." The relevant operating company in California

19  appears to be Defendant Cebridge Telecom CA, LLC, which is a subsidiary of Altice USA, Inc.

20       13.    Defendants Does 1 through 10 are business entities of unknown form which

21  engaged in or assisted with the unlawful conduct pled herein or which instructed, approved,

22  consented, or participated in the unlawful conduct pled herein. Plaintiff is presently ignorant of

23  the names of these Doe Defendants. Plaintiff will amend this Complaint to allege the true

24  names and capacities of these defendants when they have been determined.

25  **JURISDICTION AND VENUE**

26       14.    **Subject Matter Jurisdiction**. The Court has subject matter jurisdiction over

27  this civil action in that Plaintiff brings claims exclusively under California law, including the

28  Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*; the False Advertising

FIRST AMENDED
CLASS ACTION COMPLAINT     - 3 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 Law, California Business & Professions Code § 17500 *et seq*.; and the Unfair Competition

2 Law, California Business & Professions Code § 17200 *et seq*.

3     15.   **Personal Jurisdiction**. This Court has personal jurisdiction over Suddenlink

4 pursuant to, among other bases, California Code of Civil Procedure Section 410.10 because:

5 (1) Suddenlink is authorized to do business and regularly conducts business in the State of

6 California; (2) the claims alleged herein took place in California; and/or (3) Suddenlink has

7 committed tortious acts within the State of California (as alleged, without limitation,

8 throughout this Complaint).

9     16.   **Venue**. Venue is proper in Humboldt County because Plaintiff Nick Vasquez is

10 a California citizen who resides in Arcata, California, which is in Humboldt County, and the

11 services at issue were purchased for, and provided to, Plaintiff Nick Vasquez's home in Arcata,

12 California.

13 **FACTUAL ALLEGATIONS OF SUDDENLINK'S BAIT AND SWITCH SCHEME**

14     17.   Defendants provides internet, television, and telephone services to

15 approximately 19,000 households in California under the "Suddenlink" brand name. Virtually

16 all of Suddenlink's customers subscribe to internet; many also subscribe to television and/or

17 telephone services as part of a "bundled" internet service plan. (The term "internet service

18 plan" as used in this Complaint includes a service plan that "bundles" internet with other

19 services such as television or telephone.)

20     18.   Suddenlink advertises all of its internet service plans at specific, flat monthly

21 prices that are locked-in for a promotional period. Suddenlink typically promises its customers

22 a one-year fixed-price promotional period, but Suddenlink also regularly advertises a "Price

23 For Life" promotion where it offers and promises its customers a fixed price for an internet

24 service plan for life.

25     19.   Suddenlink has aggressively advertised its internet service plans through

26 pervasive marketing directed at the consuming public in California. This marketing has

27 included advertisements on its website; other internet advertising; materials and advertising at

28 its California retail stores including in the cities of Eureka, Truckee and Bishop where

---

FIRST AMENDED
CLASS ACTION COMPLAINT                          - 4 -

HATTIS & LUKACS
400 108ᵗʰ Ave. NE. Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   customers can sign up for Suddenlink services; and video advertisements via YouTube,

2   Facebook, and Twitter.

3        20.    Prior to February 2019, Suddenlink *included* in the advertised and quoted

4   monthly internet service plan price all monthly internet service costs that would be charged on

5   the monthly bill.

6        21.    But beginning in February 2019, Suddenlink began padding its bills with a

7   newly invented and disguised $2.50 extra charge for internet service (which was not included

8   in the advertised and quoted service plan price) which it called the "Network Enhancement

9   Fee." Suddenlink buried the Network Enhancement Fee alongside taxes and government fees in

10  the "Taxes, Fees & Other Charges" section of the bill. Suddenlink provided no definition or

11  explanation of the Network Enhancement Fee in its monthly bills or on its website.

12       22.    In February 2020, Suddenlink increased the Network Enhancement Fee by

13  $1.00, to $3.50 per month.

14       23.    Suddenlink has utilized this fabricated and arbitrary Network Enhancement Fee

15  as part of a "bait-and-switch" scheme whereby Suddenlink (a) advertises and promises a lower

16  monthly price for its internet service plans than it actually charges, and then (b) surreptitiously

17  increases the monthly service rate for its customers, including in the middle of a promised

18  fixed-rate promotional period, by increasing the amount of the Network Enhancement Fee.

19       24.    Based on Plaintiff's calculations, through this bait-and-switch scheme

20  Defendants have extracted approximately $1.8 million in Network Enhancement Fee payments

21  from their California subscribers.[2]

22

23

24  [2] These estimated damages suffered by California consumers (who comprise the proposed
    Class) are calculated as follows:
25  Assumptions:
      • Approximately 19,000 California subscribers at any one time during the class period
26    • 12 months where subscribers were charged a $2.50 Network Enhancement Fee
        (February 2019 – January 2020)
27    • 18 months where subscribers were charged a $3.50 Network Enhancement Fee
        (February 2020 – July 2021)
28  **Calculation:** 19,000 * ((12*$2.50)+(18*$3.50)) = $1.77 million.

FIRST AMENDED                              - 5 -              HATTIS & LUKACS
CLASS ACTION COMPLAINT                                        400 108ᵗʰ Ave. NE, Ste 500
                                                             Bellevue, WA 98004
                                                             T: 425.233.8650 | F: 425.412.7171
                                                             www.hattislaw.com

**A.      Suddenlink's Website Advertising and Online Purchase Process Made False
and Misleading Statements About the Prices Suddenlink Charged for Its
Internet Service Plans.**

25.      Suddenlink explicitly represented in its website advertising and representations
to consumers like Plaintiff that the advertised price for the internet service plan included all of
the monthly service charges, and that the monthly rate would be fixed during the specified
promotional period.

26.      For example, **Exhibits A-D** are screenshots taken on March 16, 2021, that show
Suddenlink's online order process for the Internet 100 Unlimited Data and Value TV bundle
available in California. As **Exhibits A-D** show, Suddenlink's online order process consists of
four webpages: (1) the "Choose Services" webpage (**Exhibit A**); (2) the "Customize" service
package webpage (**Exhibit B**); (3) the "Customer Info" webpage (**Exhibit C**); and (4) the
"Schedule Installation" and order submittal webpage (**Exhibit D**).

27.      On the "Choose Services" webpage (see the screenshot below and at **Exhibit
A**), Suddenlink advertised the Internet 100 Unlimited Data and Value TV bundle plan (second
from the right) at a flat $70.00 a month for one year.



28.      Below the $70.00 price was smaller text reading: "Plus taxes, fees and other
charges." There was no adjacent link or additional text specifying what taxes, fees and other
charges would apply. A reasonable consumer would assume that any "taxes, fees and other

---

FIRST AMENDED
CLASS ACTION COMPLAINT                              - 6 -

1    charges" would be legitimate government or pass-through charges outside of Suddenlink's

2    control, as opposed to a fabricated and arbitrary fee which was a disguised double-charge to

3    provide the same internet service that Suddenlink advertised as included in the $70.00 price.

4          29.    After selecting the $70.00 plan, the consumer was then taken to the "Customize"

5    webpage (see the screenshot below and at **Exhibit B**) where the consumer could customize the

6    services and add-ons.



25          30.    In this example, a high definition cable box was added for $11.00 per month. On

26    the right side of the "Customize" webpage Suddenlink prominently stated that the "Monthly

27    Total" including the cable box was $81.00. Directly below that, Suddenlink listed a breakdown

28    showing that the "Monthly Charge" for the "Internet 100 Unlimited Data and Value TV"

---

FIRST AMENDED
CLASS ACTION COMPLAINT

- 7 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   service plan was $75.00 (prior to the application of a $5.00 discount for enrolling in "Auto

2   Pay"). There was no asterisk or disclosure language adjacent to the prices indicating that there

3   would be an additional monthly internet service charge of $3.50 such that the true monthly cost

4   of the Internet 100 Unlimited Data and Value TV service plan would be $78.50, not $75.00

5   (prior to applying the $5.00 Auto Pay discount), or that the true "Monthly Total" for the

6   "package" would be $84.50, not $81.00.

7        31.    There was no disclosure language indicating that the service price could be

8   raised at any time during the purported fixed-rate period. Below the list of charges, there was

9   small print reading: "For residential customers only. Additional taxes, fees, surcharges and

10  restrictions apply." There was no link or additional text explaining what additional taxes, fees,

11  and surcharges would apply. A reasonable consumer would assume that "taxes, fees,

12  surcharges" referred to legitimate government or pass-through charges outside of Suddenlink's

13  control, as opposed to a bogus fee which was in fact a disguised double-charge for the same

14  internet service above and beyond the quoted service price.

15       32.    Next, the customer was taken to the "Customer Info" webpage (**Exhibit C**).

16  Again, the right side of the webpage continued to state that the "Monthly Total" was $81.00

17  and that the "Monthly Charge" for the Internet 100 Unlimited Data and Value TV service plan

18  was $75.00.

19       33.    The final page in the online order process was the "Schedule Installation" and

20  order submission webpage (**Exhibit D**). On this webpage, which contained a "Place Order"

21  button, Suddenlink again stated that the "Monthly Total" was $81.00 and that the "Monthly

22  Charge" for the Internet 100 Unlimited Data and Value TV service plan was $75.00.

23       34.    On none of these order process webpages was there any mention of the

24  additional Network Enhancement Fee or its amount.

25       35.    In fact, the advertised price for the internet service plan was false, because it did

26  not include the additional $3.50 for the so-called Network Enhancement Fee which Suddenlink

27  automatically charged to all internet customers, and which was in fact a fabricated and

28  disguised double-charge for the promised internet service.

FIRST AMENDED
CLASS ACTION COMPLAINT                -8-

36.     Any disclosures which Suddenlink made about the Network Enhancement Fee were themselves part and parcel of Suddenlink's deceptive practice, whereby Suddenlink advertises and quotes the lower-than-actual internet service price and then deceptively presents the Network Enhancement Fee as something separate even though it is a bogus fee for the same internet service quoted in the internet service plan price. For example, the only way the existence of the Network Enhancement Fee could be found in this purchase process as of at least March 16, 2021, was if the consumer scrolled to the bottom of the initial "Choose Services" webpage and noticed and clicked on a tiny "Disclaimer" hyperlink. (*See* **Exhibit A**, screenshot of "Choose Services" webpage).

37.     If the consumer clicked this small "Disclaimer" hyperlink, a pop-up box would appear with pages of fine print for various Suddenlink service plans (see **Exhibit E**). Buried deep in this fine print was the sentence: "EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. . . . A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period." Nowhere in this tiny print (which only displayed after clicking a small "Disclaimer" hyperlink at the bottom of the page) does Suddenlink define or explain what the Network Enhancement Fee is.[3]

38.     Even if a consumer saw this hidden disclaimer, the disclaimer simply reinforces and furthers Suddenlink's deception that the (undefined) Network Enhancement Fee is to pay for something separate from the internet service itself, even though the Fee is in fact an invented double-charge for the same internet service quoted in the internet service plan price. Even worse, the disclaimer is additionally misleading because by listing the Network Enhancement Fee in the fine print under "TAXES & FEES," Suddenlink is falsely and intentionally indicating to the consumer that the Network Enhancement Fee is a legitimate

---

[3] As of at least December 21, 2020, a definition of the Network Enhancement Fee could not be found anywhere on the entire Suddenlink website. Even if a customer clicked on a tiny link in the footer of the homepage for "Online help," and then did a search for "Network Enhancement Fee" in the search bar, zero results were displayed. Likewise, on the sample internet service bill which was posted in the "Online help" section of the Suddenlink website as of December 21, 2020, the Network Enhancement Fee was listed nowhere.

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  government fee outside of Suddenlink's control.[4]

2      39.    Meanwhile, Suddenlink's form terms of service (the "Residential Services

3  Agreement"[5]) posted on the Suddenlink website does not name or disclose the existence of the

4  Network Enhancement Fee, despite listing and naming numerous other specific charges and

5  fees that customers need to pay.

6      **B.**    **Suddenlink's Sales Agents Make False and Misleading Statements About**
7             **the Prices Suddenlink Charges for Its Cable Television Service Plans.**

8      40.    Suddenlink also engages in this bait-and-switch scheme with consumers who

9  sign up for Suddenlink internet service plans over the phone, via internet chat, or at one of

10  Suddenlink's brick-and-mortar stores. When a consumer signs up for services through a

11  Suddenlink sales agent, the agent presents the consumer with the same menu of internet service

12  plans and prices that are on Suddenlink's sales website. The offers are exactly the same,

13  including the advertised monthly rate which excludes the Network Enhancement Fee.

14      41.    Suddenlink's uniform policy and practice is for its sales agents (including

15  telesales agents and in-store sales staff) to: (1) not disclose or mention the existence of the

16  Network Enhancement Fee; and (2) quote prices for its internet service plans which *exclude* the

17  amount of the Network Enhancement Fee.

18      42.    When Suddenlink agents quote customers the total order price (which excludes

19

20  _____

21  [4] Days before the Complaint was filed, it appears that Suddenlink slightly revised part of the
online purchase process to now mention the existence and amount of the Network
22  Enhancement Fee. However, this additional disclosure does not bring Suddenlink's current
practices in compliance with California law, even with regard to the online purchase process.
23  Suddenlink continues to advertise and quote the lower-than-actual internet service price and
then deceptively present the Network Enhancement Fee as something separate even though it is
24  in fact an invented and arbitrary double-charge for the same internet service quoted in the
internet service plan price. The online advertised service plan prices and plan descriptions still
25  do not include or mention the Network Enhancement Fee; the "Choose Services" webpage still
does not mention the Fee; nowhere in the online purchase process is the Fee explained or
26  defined; and nowhere in the online purchase process is it disclosed that the Fee may be
increased in the middle of the supposedly fixed-price promotional period. Meanwhile, all other
27  deceptive practices, misrepresentations and omissions described in the Complaint remain
unchanged.

28  [5] Available at https://www.suddenlink.com/residential-services-agreement, last accessed July
13, 2021.

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  the amount of the Network Enhancement Fee), the most they say, if anything, about any

2  additional charges is that the quoted price is the total "plus taxes" or "plus taxes and fees." A

3  reasonable consumer would interpret the phrase "taxes and fees" to mean government or

4  regulatory charges, as opposed to an invented and arbitrary double-charge to provide the same

5  internet service that was quoted in the internet service plan price.

6       43.     Discovery will show that Suddenlink has a uniform, standard policy of directing

7  its sales agents to not mention or disclose the existence of the Network Enhancement Fee or its

8  amount, and to at most mention (if at all) that the advertised price is the total monthly service

9  price plus "taxes" or "taxes and fees."

10       44.     Suddenlink sales agents are likewise trained to push promotional offers by

11  promising customers that the advertised service rates are guaranteed not to increase during the

12  promotional period.  Suddenlink regularly advertises 12-month fixed-price promotions.

13  Suddenlink also often advertises "Price For Life" promotions, where Suddenlink promises that

14  the monthly service plan rate will not increase during the life of the customer's service with

15  Suddenlink. These representations of fixed internet service rates are false because Suddenlink

16  in fact reserves the right to, and does, increase its service prices during the promotional period

17  by increasing the Network Enhancement Fee.

18       **C.**     **Suddenlink Continues To Deceive Customers After They Sign Up.**

19       45.     Suddenlink continues to deceive its customers about the Network Enhancement

20  Fee and the true monthly price of its internet services even after they have signed up and are

21  paying for the services.

22       46.     Suddenlink first began sneaking the Network Enhancement Fee onto all of its

23  customers' bills in February 2019, at a rate of $2.50 per month. For customers who signed up

24  prior to February 2019, the first time they could have possibly learned about the existence of

25  the Fee was on their bill after the Fee was introduced. This could have been months or years

26  after the customer had signed up with Suddenlink, and it could have also been while the

27  customer was still under a promised fixed-price promotion (including a "Price For Life"

28  promotion).

**HATTIS & LUKACS**
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

47.     For customers who signed up after Suddenlink began imposing the Network Enhancement Fee, the billing statements were the first possible chance they could have learned about the Fee, and by the time they received their first statement they were already committed to their purchase.

48.     Moreover, far from constituting even a belated disclosure, the monthly billing statements serve to further Suddenlink's scheme and deception.  The bill deceptively presents the Network Enhancement Fee as something separate from the service, even though it is in fact an invented and arbitrary double-charge for the same internet service quoted in the internet service plan price.  Suddenlink does not list the Network Enhancement Fee in the "Current Monthly Charges" section of the bill, even though it is an ongoing monthly (bogus) extra charge for internet service. Instead, Suddenlink buries the Fee in the "Taxes, Fees & Other Charges" section of the bill, lumped together with purported taxes and government charges. This misleadingly tells Suddenlink's customers that the Network Enhancement Fee is a tax or other legitimate government fee, when in fact it is a bogus double-charge for the same internet service quoted and promised at the advertised lower rate.

49.     Suddenlink does not define or explain the Network Enhancement Fee anywhere on its billing statements. Even worse, the only explanation about "fees" on the customer bill that Suddenlink does provide indicates that all fees on the bill are government related. In the fine print of the bill, under "Billing Information," Suddenlink states: "Your bill includes all government fees." Moreover, for internet-only subscribers, such as Plaintiff Nick Vasquez, the only "fee" that is typically on their bill is the Network Enhancement Fee.

50.     Thus, even if a customer noticed the existence of the hidden Network Enhancement Fee on the bill, the customer would reasonably assume—just as Suddenlink intends—that the Fee is a legitimate government tax or fee outside of Suddenlink's control.

51.     However, the Network Enhancement Fee is not a tax or government fee. The Fee is not even a third-party pass-through charge. Suddenlink invented the so-called "Network Enhancement Fee" out of whole cloth, and the existence of the Fee and its amount are arbitrary and entirely within Suddenlink's control. Suddenlink concocted the Fee as a way to deceptively

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    charge more for its internet service without advertising a higher rate and to covertly increase

2    customers' rates, including during their promised fixed-rate promotional period.

3        52.      Many, if not most, customers will not read the printed monthly statements

4    described above at all because Suddenlink encourages its customers to sign up for electronic

5    billing and automatic payment in lieu of receiving paper statements.

6        53.      If a customer happens to notice the Network Enhancement Fee has been charged

7    on the customer's monthly statement and contacts Suddenlink via phone or online to inquire

8    about the Fee, Suddenlink agents falsely tell the customer that the Fee is a tax or a pass-through

9    government charge over which Suddenlink has no control.

10       **D.**      **Suddenlink Intentionally Makes It Difficult for Customers to Cancel**

11                 **Service.**

12        54.      If customers realize that their actual total monthly bill is higher than promised

13    when they receive their monthly billing statements, they cannot simply back out of the deal

14    without penalty or cost, even if they notice the Network Enhancement Fee overcharge on their

15    very first statement.

16        55.      First, Suddenlink's 30-Day Money Back Guarantee *excludes* the Network

17    Enhancement Fee. According to Suddenlink's website: "30-day money back is only on the

18    monthly service fee," i.e., only on the base price of the service.[6]

19        56.      Second, most customers, including Plaintiff Nick Vasquez, were required to pay

20    a one-time non-refundable "Standard Installation" charge on sign-up. When Mr. Vasquez

21    signed up for services in September 2020, he was billed and paid a $59.00 "Standard

22    Installation" charge.

23        57.      Third, Suddenlink's Residential Services Agreement has an "Early Termination

24    Fees" provision, which states at Section 5: "If you cancel, terminate or downgrade the

25    Service(s) before the completion of any required promotional term to which You agreed

26    ('Initial Term'), you agree to pay Suddenlink any applicable early cancellation fee plus all

27

28    [6] *See* https://www.suddenlink.com/promotion-offer-disclaimers (last accessed July 13, 2021).

---

FIRST AMENDED
CLASS ACTION COMPLAINT       - 13 -

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  outstanding charges for all Services used and Equipment purchased for which you have not

2  paid us prior to termination."[7]  This indicates to customers that if they terminate service prior to

3  end of their promotional fixed-price period, they may be subject to a "cancellation fee."

4          58.     Fourth, Suddenlink does not pro-rate cancellations.  Thus, customers are

5  charged for the cost of the *entire* month even if they cancel on the very first day of the service

6  month.[8]

7          59.     Fifth, customers may also rent or purchase equipment to use exclusively with

8  Suddenlink's services, such as internet and telephone modems and wireless routers, and digital

9  cable converter boxes.

10          60.     Suddenlink's installation fee, refusal to provide a full refund despite the

11  purported 30-day money back guarantee, refusal to pro-rate cancellations, and early termination

12  fee are designed by Suddenlink to penalize and deter customers from cancelling after signing

13  up. And Suddenlink's policies are deliberately and knowingly designed by Suddenlink to lock

14  customers in if and when they deduce that they are being charged more per month than

15  advertised for Suddenlink's internet services.

16          61.     Because the initial amount of the Network Enhancement Fee ($2.50 in February

17  2019) and the subsequent increase of $1.00 approximately a year later were relatively small in

18  proportion to Suddenlink's total monthly charges, Suddenlink knew that its customers were

19  unlikely to notice the increased charge on the total price on their monthly bills. Given that

20  legitimate taxes and other government-related charges can already vary by amounts of a dollar

21  or so from month to month, Suddenlink knows that its customers reasonably expect small

22  changes in the total amount billed each month.  Suddenlink knows that its customers would not

23  be readily able to tell that Suddenlink increased the service price via the Network Enhancement

24  Fee by merely comparing the total amount billed in a particular month to the total amount

25  _____

26  [7] *See* https://www.suddenlink.com/residential-services-agreement (last accessed July 13, 2021).

27  [8] The Residential Services Agreement states: "PAYMENTS ARE NONREFUNDABLE AND
   THERE ARE NO REFUNDS OR CREDITS FOR PARTIALLY USED SUBSCRIPTION

28  PERIODS. ... Any request for cancellation after the commencement of a service period will be
   effective at the end of the then-current service period."

---

FIRST AMENDED
CLASS ACTION COMPLAINT                        - 14 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  billed in the prior month or months. And even if customers did notice, they would be fooled

2  into thinking the increase was due to a change in a tax or government fee because the Network

3  Enhancement Fee was hidden in the "taxes" section of the bill and "fees" are only described as

4  "government fees" on the bill.

5        62.    When Suddenlink increased the Network Enhancement Fee in 2020, Suddenlink

6  hid the increase by providing no disclosure or explanation whatsoever anywhere on the first

7  billing statement containing the increase, other than listing the increased Fee itself (buried in

8  the "Taxes, Fees & Other Charges" section). Even a customer who read the entire bill would

9  have zero notice that Suddenlink had increased the Fee, or whether or why the customer's new

10  monthly bill was higher than the prior month's total.

11  <p align="center">**PLAINTIFF'S FACTUAL ALLEGATIONS**</p>

12        63.    Plaintiff Nick Vasquez is, and at all relevant times has been, a citizen and

13  resident of Humboldt County, California.

14        64.    On or around August 28, 2020, Mr. Vasquez went to the Suddenlink website to

15  learn about Suddenlink's internet service offerings for his residence in Arcata, California.

16        65.    After browsing Suddenlink's internet service plan offerings, Mr. Vasquez

17  selected Suddenlink's Internet 100 service plan, which Suddenlink advertised would be fixed in

18  price for a one-year promotional period.

19        66.    Mr. Vasquez was then brought to the "Customize Your Service" webpage.

20  Suddenlink displayed on the right side of the webpage that the "Monthly Charges" for the

21  Internet 100 service plan would be $40.00, minus a $5.00 discount if he enrolled in "Auto Pay."

22  Suddenlink repeated these representations of the "Monthly Charges" for the internet service

23  plan on the following "Customer Info" and "Schedule Installation" webpages. Suddenlink

24  made no mention of the additional Network Enhancement Fee or its amount on any of these

25  webpages.

26        67.    On the order submission webpage, Mr. Vasquez chose not to select the option to

27  enroll in "Auto Pay." Suddenlink indicated again on the webpage that without the "Auto Pay"

28  discount, the "Monthly Charges" for the Internet 100 service plan would be $40.00. Suddenlink

---

FIRST AMENDED
CLASS ACTION COMPLAINT

- 15 -

1  made no mention of the additional Network Enhancement Fee or its amount.

2      68.    Based on these representations, Mr. Vasquez submitted his order by clicking on

3  the "Place Order" button.

4      69.    At no point was Mr. Vasquez aware that Suddenlink would bill him any

5  additional monthly internet service charges above the $40.00 promised rate. At no point did

6  Mr. Vasquez view any mention of the existence of additional monthly internet service charges

7  such as the Network Enhancement Fee.

8      70.    When Mr. Vasquez purchased his internet service plan, he also paid Suddenlink

9  a one-time installation fee of $59.00.

10     71.    During his first several months of service, Mr. Vasquez did not notice the

11  additional $3.50 monthly Network Enhancement Fee on his bills. Rather than listing or

12  including the Fee in the "Current Monthly Charges" section of the bill, Suddenlink listed the

13  Fee in a separate "Taxes, Fees & Other Charges" section. On Plaintiff's first bill (September

14  2020), the $3.50 Network Enhancement Fee was grouped together with an $0.85 Sales Tax. On

15  his next bill (October 2020), the Fee was grouped with a - $0.60 Sales Tax. For Plaintiff's

16  subsequent bills, the Network Enhancement Fee was the only charge under the "Taxes, Fees &

17  Other Charges" section. The only explanation of "fees" on Mr. Vasquez's bill was in the fine

18  print, which stated: "Your bill includes all government fees." Even if Mr. Vasquez had noticed

19  the Fee, he would have reasonably assumed that the Network Enhancement Fee—which was

20  the only "fee" on his bill—was a government fee.

21     72.    Suddenlink's billing statements did not inform or adequately disclose to Mr.

22  Vasquez that Suddenlink was adding a bogus double-charge for internet service which it

23  disguised in the form of the "Network Enhancement Fee" each month. Suddenlink never

24  adequately or accurately disclosed the true nature of the Network Enhancement Fee.

25     73.    Mr. Vasquez did not know, nor could he have known, that the Network

26  Enhancement Fee was invented by Suddenlink as part of a scheme to covertly charge a higher

27  price for internet service than advertised and as a way to raise the monthly rate at any time,

28  even during Mr. Vasquez's 12-month fixed-price promotional period.

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 16 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    74.    The first Mr. Vasquez ever learned of the Network Enhancement Fee's existence

2 was in March 2021.

3    75.    When Mr. Vasquez signed up for Suddenlink internet services in August 2020,

4 he was relying on Suddenlink's prominent representations regarding the $40.00 fixed monthly

5 price of the internet service. Mr. Vasquez did not expect (and Suddenlink did not tell him) that

6 Suddenlink would actually charge him $43.50 per month for the internet service. That

7 information would have been material to him. If Mr. Vasquez had known that information, he

8 would not have been willing to pay as much for the internet service plan and would have acted

9 differently.

10    76.    As of the date of filing, Mr. Vasquez has suffered damages of $35.00 in

11 payments of the Network Enhancement Fee.

12    77.    Mr. Vasquez has a legal right to rely now, and in the future, on the truthfulness

13 and accuracy of Suddenlink's representations and advertisements regarding its internet service

14 plan prices. Mr. Vasquez believes that he was given the services Suddenlink promised him—

15 just not at the price Suddenlink promised and advertised to him.  Mr. Vasquez would sign up

16 for Suddenlink services again if he could have confidence regarding the truth of Suddenlink's

17 service prices.

18    78.    Mr. Vasquez would consider purchasing services from Suddenlink in the future,

19 but he will be harmed if, in the future, he is left to guess as to whether Suddenlink's

20 representations are accurate and whether there are omissions of material facts regarding the

21 services being advertised and represented to him.

22                         **CLASS ALLEGATIONS**

23    79.    Plaintiff Nick Vasquez brings this class-action lawsuit on behalf of himself and

24 the members of the following class (the "Class"):

25          **All current and former Suddenlink customers who were
          charged a "Network Enhancement Fee" on their bill for**
26          **Suddenlink internet services received in California within the**
          **applicable statute of limitations.**
27

28    80.    Specifically excluded from the Class are Suddenlink and any entities in which

---

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 17 -

1   Suddenlink has a controlling interest, Suddenlink's agents and employees, the bench officers to

2   whom this civil action is assigned, and the members of each bench officer's staff and

3   immediate family.

4       81.   *Numerosity*. The number of members of the Class are so numerous that joinder

5   of all members would be impracticable. Plaintiff does not know the exact number of Class

6   members prior to discovery. However, based on information and belief, there are between

7   19,000 and 25,000 Class members. The exact number and identities of Class members are

8   contained in Suddenlink's records and can be easily ascertained from those records.

9       82.   *Commonality and Predominance*. Common legal or factual questions affect the

10  members of the Class. These questions predominate over questions that might affect individual

11  Class members. These common questions include, but are not limited to:

12          a.   Whether California law applies to the claims of Plaintiff and the Class;

13          b.   Whether Suddenlink employs a uniform policy of charging the Network

14  Enhancement Fee to its California customers;

15          c.   Whether the Network Enhancement Fee is a bogus or made-up fee;

16          d.   Whether the amount of the Network Enhancement Fee is arbitrary;

17          e.   Whether the Network Enhancement fee is a disguised double-charge for

18  internet service;

19          f.   What is the nature and purpose of the Network Enhancement Fee;

20          g.   What costs does the Network Enhancement Fee pay for and how are the

21  revenues from the Network Enhancement Fee spent;

22          h.   Why did Suddenlink decide to start charging the Network Enhancement

23  Fee;

24          i.   Why does Suddenlink not include the amount of the Network

25  Enhancement Fee in the advertised and quoted service plan price;

26          j.   Whether Suddenlink's policy and practice of advertising and quoting the

27  prices of its internet service plans without including the amount of the Network Enhancement

28  Fee is false, deceptive, or misleading;

---

FIRST AMENDED
CLASS ACTION COMPLAINT    - 18 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

k.     Whether Suddenlink's policy and practice of advertising and representing that the prices of its internet service plans are fixed and will not increase during a specified promotional period, when in fact Suddenlink reserves the right to increase service prices during that period by increasing the Network Enhancement Fee, is false, deceptive, or misleading;

l.     Whether Suddenlink employs a uniform policy and practice of listing the Network Enhancement Fee in the "Taxes, Fees & Other Charges" section of the customer bill;

m.     Why did Suddenlink decide to list the Network Enhancement Fee in the "Taxes, Fees & Other Charges" section of the bill, and to not list the Fee in the "Current Monthly Charges" section of the bill;

n.     Why does Suddenlink not define or explain the Network Enhancement Fee in its monthly billing statements;

o.     Whether Suddenlink deliberately hides and obscures the nature of the Network Enhancement Fee in its billing statements;

p.     Whether Suddenlink adequately or accurately disclosed the existence of the Network Enhancement Fee, its nature, or its amount, to the Class;

q.     Whether Suddenlink's misrepresentations and misconduct alleged herein violate California Civil Code § 1750 *et seq.* (CLRA), California Business & Professions Code § 17500 *et seq.* (FAL), and California Business & Professions Code § 17200 *et seq.* (UCL); and

r.     Whether Plaintiff and the Class are entitled to an order prohibiting Suddenlink from continuing to charge them the Network Enhancement Fee.

83.     *Typicality*. Plaintiff's claims are typical of Class members' claims. Plaintiff and Class members all sustained injury as a direct result of Suddenlink's standard practices and schemes, bring the same claims, and face the same potential defenses.

84.     *Adequacy*. Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to Class members' interests. Plaintiff has retained counsel with considerable experience and success in prosecuting complex class action and consumer protection cases.

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

85.     *Superiority*. Further, a class action is superior to all other available methods for fairly and efficiently adjudicating this controversy. Each Class member's interests are small compared to the burden and expense required to litigate each of their claims individually, so it would be impractical and would not make economic sense for class members to seek individual redress for Defendants' conduct. Individual litigation would add administrative burden on the courts, increasing the delay and expense to all parties and to the court system. Individual litigation would also create the potential for inconsistent or contradictory judgments regarding the same uniform conduct. A single adjudication would create economies of scale and comprehensive supervision by a single judge. Moreover, Plaintiff does not anticipate any difficulties in managing a class action trial.

86.     By their conduct and omissions alleged herein, Defendants have acted and refused to act on grounds that apply generally to the Class.

87.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications.

88.     A class action is the only practical, available method for the fair and efficient adjudication of the controversy since, inter alia, the harm suffered by each Class member is too small to make individual actions economically feasible.

89.     Common questions will predominate, and there will be no unusual manageability issues.

90.     Suddenlink is primarily engaged in the business of selling services. Each cause of action brought by Plaintiff against Suddenlink in this Complaint arises from and is limited to statements or conduct by Suddenlink that consist of representations of fact about Suddenlink's business operations or services that is or was made for the purpose of obtaining approval for, promoting, or securing sales of or commercial transactions in, Suddenlink's services or the statement is or was made in the course of delivering Suddenlink's services. Each cause of action brought by Plaintiff against Suddenlink in this Complaint arises from and is limited to statements or conduct by Suddenlink for which the intended audience is an actual or potential buyer or customer, or a person likely to repeat the statements to, or otherwise influence, an

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    actual or potential buyer or customer.

2    ## CAUSES OF ACTION

3    ### COUNT I
     **Violation of the Consumers Legal Remedies Act ("CLRA")**
4    **California Civil Code § 1750 *et seq*.**

5        91.    Plaintiff Nick Vasquez realleges and incorporates by reference all paragraphs

6    previously alleged herein.

7        92.    Plaintiff brings this claim in his individual capacity, in his capacity as a private

8    attorney general seeking the imposition of public injunctive relief to protect the general public,

9    and as a representative of the Class.

10       93.    Each Defendant is a "person," as defined by Cal. Civ. Code § 1761(c).

11       94.    Plaintiff and Class members are each "consumers," as defined by Cal. Civ. Code

12   §1761(d).

13       95.    Suddenlink's internet service plans—including service plans that "bundle"

14   internet with other services such as television and telephone—are "services," as defined by Cal.

15   Civ. Code § 1761(b).

16       96.    The purchase of a Suddenlink internet service plan by Plaintiff and Class

17   members is a "transaction," as defined by Cal. Civ. Code § 1761(e).

18       97.    Plaintiff and Class members purchased Suddenlink's internet service plans for

19   personal, family, and/or household purposes, as meant by Cal. Civ. Code § 1761(d).

20       98.    Venue is proper under Cal. Civil Code § 1780(d) because a substantial portion

21   of the transactions at issue occurred in this county. Plaintiff's declaration establishing that this

22   Court is a proper venue for this action is attached hereto as **Exhibit F**.

23       99.    The unlawful methods, acts or practices alleged herein to have been undertaken

24   by Suddenlink were all committed intentionally and knowingly. The unlawful methods, acts or

25   practices alleged herein to have been undertaken by Suddenlink did not result from a bona fide

26   error notwithstanding the use of reasonable procedures adopted to avoid such error.

27       100.   Suddenlink intentionally deceived Plaintiff and the Class, and continues to

28   deceive the general public, by:

---

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 21 -

1      a.    Misrepresenting the prices of Suddenlink's internet service plans by

2 advertising or quoting an internet service plan price that does not include applicable monthly

3 service charges such as the Network Enhancement Fee;

4      b.    Inventing a bogus "Network Enhancement Fee" out of whole cloth and

5 not including that Fee amount in the advertised and quoted price of the internet service plan,

6 when in fact the Fee is an arbitrary and disguised double-charge for the internet service

7 promised in the plan;

8      c.    Misrepresenting that the prices of its internet service plans are fixed and

9 will not increase during a specified promotional period, when in fact Suddenlink reserves the

10 right to increase service prices during that period by increasing discretionary monthly service

11 charges such as the Network Enhancement Fee;

12      d.    Misrepresenting the nature of the Network Enhancement Fee, including

13 by stating or indicating that the Network Enhancement Fee is a tax, government fee, regulatory

14 fee, or charge over which Suddenlink has no control; and

15      e.    Misrepresenting the nature of the Network Enhancement Fee on the

16 customer bill by burying it alongside taxes and government fees in the "Taxes, Fees & Other

17 Charges" section of the bill.

18    101.   Suddenlink's conduct alleged herein has violated the CLRA in multiple respects,

19 including, but not limited to, the following:

20      a.    Suddenlink represented that its internet service plans had characteristics

21 that they did not have (Cal. Civ. Code § 1770(a)(5));

22      b.    Suddenlink advertised its internet service plans with an intent not to sell

23 them as advertised (Cal. Civ. Code § 1770(a)(9));

24      c.    Suddenlink made false or misleading statements of fact concerning

25 reasons for, existence of, or amounts of, price reductions. (Cal. Civ. Code § 1770(a)(13));

26      d.    Suddenlink misrepresented that its internet service plans were supplied

27 in accordance with previous representations when they were not (Cal. Civ. Code

28 § 1770(a)(16)); and

FIRST AMENDED
CLASS ACTION COMPLAINT    - 22 -    HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1      e.      Suddenlink inserted unconscionable provisions in its consumer

2  agreements, including an arbitration clause which waives the right to seek public injunctive

3  relief in any forum, in violation of California law (Cal. Civ. Code § 1770(a)(19)).

4      102.    With respect to any omissions, Suddenlink at all relevant times had a duty to

5  disclose the information in question because, inter alia: (a) Suddenlink had exclusive

6  knowledge of material information that was not known to Plaintiff and Class members; (b)

7  Suddenlink concealed material information from Plaintiff and Class members; and (c)

8  Suddenlink made partial representations, including regarding the supposed monthly rate of its

9  internet service plans, which were false and misleading absent the omitted information.

10     103.    Suddenlink's misrepresentations deceive and have a tendency to deceive the

11 general public.

12     104.    Suddenlink's misrepresentations are material, in that a reasonable person would

13 attach importance to the information and would be induced to act on the information in making

14 purchase decisions.

15     105.    Plaintiff and Class members reasonably relied on Suddenlink's material

16 misrepresentations, and would not have purchased, or would have paid less money for,

17 Suddenlink's internet services had they known the truth.

18     106.    As a direct and proximate result of Suddenlink's violations of the CLRA,

19 Plaintiff and Class members have been harmed and lost money or property in the amount of the

20 Network Enhancement Fees they have been charged and paid. Moreover, Suddenlink continues

21 to charge Plaintiff and Class members the Network Enhancement Fee and may continue to

22 increase its service prices via Fee increases.

23     107.    Suddenlink's conduct has caused substantial injury to Plaintiff, Class members,

24 and the general public.

25     108.    Plaintiff lacks an adequate remedy at law to prevent Suddenlink's continued

26 misrepresentations. Suddenlink's conduct is ongoing and is likely to continue and recur absent

27 a permanent injunction.

28     109.    Plaintiff, on behalf of himself and as a private attorney general, seeks public

---

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 23 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   injunctive relief under the CLRA to protect the general public from Suddenlink's false

2   advertising and misrepresentations.

3        110.    In accordance with California Civil Code § 1782(a), on May 3, 2021, Plaintiff,

4   through counsel, served Defendants with notice of their CLRA violations by USPS certified

5   mail, return receipt requested. Defendants did not respond whatsoever to Plaintiff's notification

6   letter. Defendants failed to give, or to agree to give within a reasonable time, an appropriate

7   correction, repair, replacement, or other remedy for their CLRA violations within 30 days of

8   their receipt on May 11, 2021, of the CLRA demand notice. Accordingly, pursuant to Sections

9   1780 and 1782(b) of the CLRA, Plaintiff and the Class are entitled to recover actual damages

10  (currently estimated to be approximately $1.8 million), attorneys' fees and costs, and any other

11  relief the Court deems proper for Suddenlink's CLRA violations.

12                              **COUNT II**
                 **Violation of California's False Advertising Law**
13           **California Business and Professions Code § 17500 et seq.**

14       111.    Plaintiff realleges and incorporates by reference all paragraphs previously

15  alleged herein.

16       112.    Plaintiff brings this claim in his individual capacity, in his capacity as a private

17  attorney general seeking the imposition of public injunctive relief to protect the general public,

18  and as a representative of the Class.

19       113.    By its conduct alleged herein, Suddenlink has committed acts of untrue and

20  misleading advertising, as defined by and in violation of California Business & Professions

21  Code § 17500, et seq., also known as California's False Advertising Law ("FAL"). These acts

22  include but are not limited to:

23            a.    Misrepresenting the prices of Suddenlink's internet service plans by

24  advertising or quoting an internet service plan price that does not include applicable monthly

25  service charges such as the Network Enhancement Fee;

26            b.    Misrepresenting that the prices of its internet service plans are fixed and

27  will not increase during a specified promotional period, when in fact Suddenlink reserves the

28  right to increase service prices during that period by increasing discretionary monthly service

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 24 -

1 | charges such as the Network Enhancement Fee; and

2 |         c.     Misrepresenting the nature of the Network Enhancement Fee, including

3 | by stating or indicating that the Network Enhancement Fee is a tax, government fee, regulatory

4 | fee, or charge over which Suddenlink has no control.

5 |      114.    Suddenlink committed such violations of the FAL with actual knowledge that its

6 | advertising was misleading, or Suddenlink, in the exercise of reasonable care, should have

7 | known that its advertising was misleading.

8 |      115.    Suddenlink's misrepresentations deceive and have a tendency to deceive the

9 | general public.

10 |      116.    Suddenlink intentionally deceived Plaintiff and Class members, and continues to

11 | deceive the public.

12 |      117.    Suddenlink's misrepresentations are material, in that a reasonable person would

13 | attach importance to the information and would be induced to act on the information in making

14 | purchase decisions.

15 |      118.    Plaintiff and Class members reasonably relied on Suddenlink's material

16 | misrepresentations, and would not have purchased, or would have paid less money for,

17 | Suddenlink's internet services had they known the truth.

18 |      119.    By its conduct alleged herein, Suddenlink received more money from Plaintiff

19 | and Class members than it should have received, and that money is subject to restitution.

20 |      120.    As a direct and proximate result of Suddenlink's violations of the FAL, Plaintiff

21 | and Class members have been harmed and lost money or property in the amount of the

22 | Network Enhancement Fees they have been charged and paid. Moreover, Suddenlink continues

23 | to charge Plaintiff and Class members the Network Enhancement Fee and may continue to

24 | increase its service prices via Fee increases.

25 |      121.    Suddenlink's conduct has caused substantial injury to Plaintiff, Class members,

26 | and the general public.

27 |      122.    Plaintiff lacks an adequate remedy at law to prevent Suddenlink's continued

28 | false advertising practices. Suddenlink's conduct is ongoing and is likely to continue and recur

---

FIRST AMENDED
CLASS ACTION COMPLAINT

- 25 -

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining Suddenlink from

2   committing such practices.

3       123.   Plaintiff, on behalf of himself and as a private attorney general, seeks public

4   injunctive relief under the FAL to protect the general public from Suddenlink's false

5   advertising.

6       124.   Plaintiff further seeks an order granting restitution to Plaintiff and Class

7   members in an amount to be proven at trial. Plaintiff further seeks an award of attorneys' fees

8   and costs under Cal. Code Civ. Proc. § 1021.5.

9                               **COUNT III**
                    **Violation of California's Unfair Competition Law**
10            **California Business and Professions Code § 17200 *et seq.***

11      125.   Plaintiff realleges and incorporates by reference all paragraphs previously

12   alleged herein.

13      126.   Plaintiff brings this claim in his individual capacity, in his capacity as a private

14   attorney general seeking the imposition of public injunctive relief to protect the general public,

15   and as a representative of the Class.

16      127.   California Business & Professions Code § 17200, *et seq.*, also known as

17   California's Unfair Competition Law (UCL), prohibits any unfair, unlawful, or fraudulent

18   business practice.

19      128.   Suddenlink has violated the UCL by engaging in the following ***unlawful***

20   business acts and practices:

21          a.   Making material misrepresentations in violation of Cal. Civ. Code §§

22   1770(a)(5, 9, 13 & 16) (the CLRA);

23          b.   Inserting unconscionable provisions in its consumer agreements in

24   violation of Cal. Civ. Code § 1770(a)(19) (the CLRA), including an arbitration clause which

25   waives the right to seek public injunctive relief in any forum in violation of California law;

26          c.   Making material misrepresentations in violation of Cal. Bus. & Prof.

27   Code § 17500 *et seq.* (the FAL); and

28          d.   Engaging in deceit in violation of Cal Civ. Code §§ 1709–1710.

---

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 26 -

129.    Suddenlink has violated the UCL by engaging in the following ***unfair*** and ***fraudulent*** business acts and practices:

      a.    Misrepresenting the prices of Suddenlink's internet service plans by advertising or quoting an internet service plan price that does not include applicable monthly service charges such as the Network Enhancement Fee;

      b.    Inventing a bogus "Network Enhancement Fee" out of whole cloth and not including that Fee amount in the advertised and quoted price of the internet service plan, when in fact the Fee is an arbitrary and disguised double-charge for the internet service promised in the plan;

      c.    Misrepresenting that the prices of its internet service plans are fixed and will not increase during a specified promotional period, when in fact Suddenlink reserves the right to increase service prices during that period by increasing discretionary monthly service charges such as the Network Enhancement Fee;

      d.    Misrepresenting the nature of the Network Enhancement Fee, including by stating or indicating that the Network Enhancement Fee is a tax, government fee, regulatory fee, or charge over which Suddenlink has no control; and

      e.    Misrepresenting the nature of the Network Enhancement Fee on the customer bill by burying it alongside taxes and government fees in the "Taxes, Fees & Other Charges" section of the bill.

130.    Suddenlink's misrepresentations were likely to mislead reasonable consumers.

131.    Suddenlink's misrepresentations deceive and have a tendency to deceive the general public.

132.    Suddenlink's misrepresentations are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

133.    Suddenlink intentionally deceived Plaintiff and Class members, and continues to deceive the public.

134.    Plaintiff and Class members reasonably relied on Suddenlink's material

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 | misrepresentations, and would not have purchased, or would have paid less money for,
2 | Suddenlink's internet services had they known the truth.

3 |      135.   By its conduct alleged herein, Suddenlink received more money from Plaintiff
4 | and Class members than it should have received, and that money is subject to restitution.

5 |      136.   As a direct and proximate result of Suddenlink's unfair, unlawful, and
6 | fraudulent conduct, Plaintiff and Class members lost money in the amount of the Network
7 | Enhancement Fees they have been charged and paid.  Moreover, Suddenlink continues to
8 | charge Plaintiff and Class members the Network Enhancement Fee and may continue to
9 | increase its service prices via Fee increases.

10 |      137.   Suddenlink's conduct alleged herein is immoral, unethical, oppressive,
11 | unscrupulous, unconscionable, and substantially injurious to Plaintiff, Class members, and the
12 | general public. Perpetrating a years-long scheme of misleading and overcharging customers is
13 | immoral, unethical, and unscrupulous. Moreover, Suddenlink's conduct is oppressive and
14 | substantially injurious to consumers. By its conduct alleged herein, Suddenlink has improperly
15 | extracted approximately $1.8 million dollars from the Class. There is no utility to Suddenlink's
16 | conduct, and even if there were any utility, it would be significantly outweighed by the gravity
17 | of the harm to consumers caused by Suddenlink's conduct alleged herein.

18 |      138.   Plaintiff lacks an adequate remedy at law. Suddenlink's conduct is ongoing and
19 | is likely to continue and recur absent a permanent injunction.

20 |      139.   Plaintiff, on behalf of himself and as a private attorney general, seeks public
21 | injunctive relief under the UCL to protect the general public from Suddenlink's false
22 | advertisements and misrepresentations.

23 |      140.   Plaintiff further seeks an order granting restitution to Plaintiff and Class
24 | members in an amount to be proven at trial. Plaintiff further seeks an award of attorneys' fees
25 | and costs under Cal. Code Civ. Proc. § 1021.5.

26 |
27 |
28 |

FIRST AMENDED
CLASS ACTION COMPLAINT    - 28 -         HATTIS & LUKACS
400 108ᵗʰ Ave. NE. Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

**PRAYER FOR RELIEF**

**Public Injunctive Relief:**

A.     In order to prevent injury to the general public, Plaintiff Nick Vasquez individually and as a private attorney general, requests that the Court enter a public injunction against Suddenlink under the CLRA, FAL, and UCL as follows:

1.     Permanently enjoin Suddenlink from advertising or quoting an internet service plan[9] price if that price does not include any applicable monthly service charges such as the Network Enhancement Fee;

2.     Permanently enjoin Suddenlink from advertising or representing that the prices of its internet service plans are fixed and will not increase during a specified promotional period, when in fact Suddenlink reserves the right to increase the service price during that period by increasing discretionary monthly service charges such as the Network Enhancement Fee;

3.     Permanently enjoin Suddenlink, including Suddenlink's sales and customer service agents, from stating to members of the public that the Network Enhancement Fee is any of the following: (a) a tax; (b) a government fee; (c) a regulatory fee; or (d) a charge over which Suddenlink has no control;

4.     Permanently enjoin Suddenlink from inventing a bogus internet service fee (such as, but not limited to, the "Network Enhancement Fee") out of whole cloth and then not including that fee amount in the advertised and quoted price of the internet service plan, when in fact the fee is an arbitrary and disguised double-charge for the internet service promised in the plan; and

5.     Retain jurisdiction to monitor Suddenlink's compliance with the permanent public injunctive relief.

---

[9] The term "internet service plan" as used in this Complaint includes a service plan that "bundles" internet with other services such as television or phone.

FIRST AMENDED
CLASS ACTION COMPLAINT                          - 29 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

**Public Declaratory Relief:**

      B.    On behalf of the general public, Plaintiff Nick Vasquez as a private attorney general requests that the Court declare that the following practices by Suddenlink are unlawful under California law:

      1.    Misrepresenting the prices of Suddenlink's internet service plans by advertising or quoting an internet service plan price that does not include applicable monthly service charges such as the Network Enhancement Fee;

      2.    Misrepresenting that the prices of its internet service plans are fixed and will not increase during a specified promotional period, when in fact Suddenlink reserves the right to increase service prices during that period by increasing discretionary monthly service charges such as the Network Enhancement Fee;

      3.    Misrepresenting the nature of the Network Enhancement Fee, including by stating or indicating that the Network Enhancement Fee is a tax, government fee, regulatory fee, or charge over which Suddenlink has no control; and

      4.    Inventing a bogus internet service fee (such as, but not limited to, the "Network Enhancement Fee") out of whole cloth and not including that fee amount in the advertised and quoted price of the internet service plan, when in fact the fee is an arbitrary and disguised double-charge for the internet service promised in the plan.

**Individual and Class Relief:**

      C.    On behalf of himself and the proposed Class, Plaintiff Nick Vasquez requests that the Court order relief and enter judgment against Suddenlink as follows:

      1.    Order Suddenlink to discontinue charging Plaintiff and Class members the Network Enhancement Fee;

      2.    Order disgorgement or restitution, including, without limitation, disgorgement of all revenues, profits and/or unjust enrichment that Suddenlink obtained, directly or indirectly, from Plaintiff and Class members as a result of the unlawful conduct alleged herein;

FIRST AMENDED
CLASS ACTION COMPLAINT      - 30 -

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

3.    Declare that the following practices by Suddenlink are unlawful under California law:

        (a)    Misrepresenting the prices of Suddenlink's internet service plans by advertising or quoting an internet service plan price that does not include applicable monthly service charges such as the Network Enhancement Fee;

        (b)    Misrepresenting that the prices of its internet service plans are fixed and will not increase during a specified promotional period, when in fact Suddenlink reserves the right to increase service prices during that period by increasing discretionary monthly service charges such as the Network Enhancement Fee;

        (c)    Misrepresenting the nature of the Network Enhancement Fee, including by stating or indicating that the Network Enhancement Fee is a tax, government fee, regulatory fee, or charge over which Suddenlink has no control;

        (d)    Misrepresenting the nature of the Network Enhancement Fee on the customer bill by burying it alongside taxes and government fees in the "Taxes, Fees & Other Charges" section of the bill; and

        (e)    Inventing a bogus internet service fee (such as, but not limited to, the "Network Enhancement Fee") out of whole cloth and then not including that fee amount in the advertised and quoted price of the internet service plan, when in fact the fee is an arbitrary and disguised double-charge for the internet service promised in the plan.

4.    Order Suddenlink to pay damages in the amount of the Network Enhancement Fee charges paid by Plaintiff and Class members, which is currently estimated to total $1.8 million;

5.    Order Suddenlink to pay court attorneys' fees, costs, and pre-judgment and post-judgment interest to the extent allowed by law; and

6.    Grant such other relief as this Court deems just and proper.

FIRST AMENDED
CLASS ACTION COMPLAINT       - 31 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1

## DEMAND FOR JURY TRIAL

2     Plaintiff Nick Vasquez, individually, as a private attorney general to protect the general

3  public, and as a class representative on behalf of all others similarly situated, demands a trial by

4  jury on all issues so triable.

5

6     DATED this 19th day of July, 2021.

7                               Presented by:

8                               HATTIS & LUKACS

9                               By:

10                              Daniel M. Hattis (SBN 232141)
                                Paul Karl Lukacs (SBN 197007)
11                              HATTIS & LUKACS
                                400 108th Ave NE, Ste 500
12                              Bellevue, WA 98004
                                Telephone: (425) 233-8650
13                              Facsimile: (425) 412-7171
                                Email: dan@hattislaw.com
14                              Email: pkl@hattislaw.com

15                              Attorneys for Plaintiff Nick Vasquez
                                And the Proposed Class
16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 32 -

# EXHIBIT A

# EXHIBIT A

## "Choose Services" Webpage



# EXHIBIT B

# EXHIBIT B

## "Customize" Webpage

Offer Unlocked: Use code [illegible] for $10 off your TV bundle

suddenlink

11844 ATWOOD RD, AUBURN, CA 95603

Choose Services — Customize — Customer Info — Schedule Installation — Order Confirmation

### CUSTOMIZE YOUR SERVICE

#### SET UP YOUR EQUIPMENT

Modem — $10.00/MO.

- Smart Router
- In-home WiFi
- 24/7 Tech support

- Use my own Modem & WiFi Router
- Requires a Suddenlink certified modem
- Wireless router, in-home Smart WiFi and free modem upgrades not included

How many TVs would you like service on?

I would like TiVo Any Room DVR

TV1 — High Definition Cable Box — $11.00/MO.

- New outlet installations are not covered and will require additional charges.

#### INTERNET EXPERIENCE

Internet 150 Unlimited Data for **$20.00 more per month**

#### TV EXPERIENCE

Suddenlink Select TV for **$15.00 more per month**

- 250 channels including NFL Network  See Channels

Suddenlink Premier TV for **$35.00 more per month**

- 340 channels including HBO Max & NFL Network  See Channels

Add Channels

| | |
|---|---|
| HBO Max | $14.99/MO. |
| Showtime and The Movie Channel | $10.99/MO. |
| Starz and Starz Encore | $9.99/MO. |
| Cinemax | $9.99/MO. |
| Movie Package | $10.00/MO. |
| Family Package | $10.00/MO. |

#### EXPERIENCE MORE

**Altice Mobile**

Pick your data. Switch any time. Starting at **$14.00/month** per line

Yes, I am interested in Altice Mobile and would like to be contacted for more information

**Add Home Phone**

Home Phone for **$10.00 more per month**

- Unlimited local and long distance calling anytime, to anywhere in the United States, Guam, Puerto Rico and the U.S. Virgin Islands with over 12 useful calling features.

**Altice Amplify**

Altice Amplify, the smart speaker with Amazon Alexa — $10.00/MO.

**In-Home Protection Plan**

Add Safeguard to cover in-home wire repairs — $6.99/MO.

#### INSTALLATION OPTIONS

| | |
|---|---|
| Free Installation | FREE |
| Premium Installation | $59.00 |

Back to Previous Page    Continue

### YOUR PACKAGE

**Internet 100 Unlimited Data and Value TV**

Monthly Total **$81.00**

Monthly Charges:

| | |
|---|---|
| Internet 100 Unlimited Data and Value TV | $75.00 |
| Auto Pay and Paperless Billing Discount | -$5.00 |
| High Definition Cable Box | $11.00 |
| Use my own Modem & WiFi Router | $0.00 |

One Time Charges:

| | |
|---|---|
| $200 Gift with Purchase Promotion | $0.00 |
| Free TV Installation | $0.00 |

Promo Code:

For residential customers only. Additional taxes, fees, surcharges and restrictions apply. First month's service, installation charge, activation fee (if required) and any past due balances with Suddenlink are due prior to installation. Internet includes monthly data plan.



# EXHIBIT C

# EXHIBIT C

## "Customer Info" Webpage



# EXHIBIT D

# EXHIBIT D

## "Schedule Installation" and Order Submission Webpage

Offer Unlocked: Use code VIDEO10 for $10 off your TV bundle

suddenlink

11844 ATWOOD RD, AUBURN, CA 95603

Choose Services — Customize — Customer Info — Schedule Installation — Order Confirmation

### SCHEDULE INSTALLATION

Please select when you would like your services installed

- I would like to choose my date and time for installation
- I would like the next available installation time

6526446767

You have 35 characters remaining

### ENROLL IN AUTO PAY

Auto Pay Information

Enroll in Auto Pay and Paperless Billing to keep your $5.00 discount?

- Yes
- No

By enrolling in Auto Pay and Paperless Billing, you are agreeing to the Bill Pay and Paperless Billing Terms of Service

Place Order

By selecting 'Place Order' (i) you agree to having our automated phone system call the number entered above to confirm your appointment, inform you when our technician is on the way to your home and to follow up on your satisfaction with our service (ii) you represent that you are the Customer or Customer's authorized agent, (iii) you acknowledge that you have been given an opportunity to review the Residential Service Agreement found here and the Suddenlink Privacy Policy found here and agree to the terms; and (iv) you acknowledge that THE RESIDENTIAL SERVICE AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES

### YOUR PACKAGE

Internet 100 Unlimited Data and Value TV

Monthly Total $81.00

Monthly Charges:

| | |
|---|---|
| Internet 100 Unlimited Data and Value TV | $75.00 |
| Auto Pay and Paperless Billing Discount | -$5.00 |
| High Definition Cable Box | $11.00 |
| Use my own Modem & WiFi Router | $0.00 |

One Time Charges:

| | |
|---|---|
| $200 Gift with Purchase Promotion | $0.00 |
| Free TV Installation | $0.00 |

For residential customers only. Additional taxes, fees, surcharges and restrictions apply. First month's service, installation charge, activation fee (if required) and any past due balances with Suddenlink are due prior to installation. Internet includes monthly data plan.

Cart ID: LBS4AHMJ

Privacy Policy



# EXHIBIT E




Suddenlink - Special Offers   × +

order.suddenlink.com/BuyflowProducts

INTERNET, VALUE TV & PHONE WITH ALTICE ONE

INTERNET, SELECT TV & PHONE WITH ALTICE ONE

INTERNET, PREMIER TV & PHONE WITH ALTICE ONE

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to optional price reflects. Card is not a MetaBank product or service nor does MetaBank, endorse this offer. Card is distributed and serviced by InComm Financial Services, Inc., which is licensed as a Money Transmitter by the New York State Department of Financial Services. SUDDENLINK AMPLIFY: Amazon, Alexa and all related logos are trademarks of Amazon.com, Inc. or its affiliates. Alexa is a service of Amazon and is operated on Amazon's systems. Your use of Alexa and the Altice One Skill is subject to your agreements with Amazon and Amazon's privacy policy. Altice is not affiliated with Amazon and is not a party to or responsible for your agreements with Amazon or for its products and services. Speeds, availability, pricing, offers, and terms vary by area and subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective owners. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.*

INTERNET, VALUE TV & PHONE

INTERNET, SELECT TV & PHONE

INTERNET, PREMIER TV & PHONE

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected svc within past 30 days or for seasonal move not eligible. Must maintain all svcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of svc, and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 internet has speeds up to 75 Mbps downstream/5 Mbps upstream, Suddenlink 100 internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Advertised speed for wired connection. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add on amount, is exceeded. The speed of internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability stject to factors beyond Suddenlink's control. SUDDENLINK PHONE: Unlimited Long Distance includes the 50 states as well as Guam, Puerto Rico, and the U.S. Virgin Islands and applies only to direct-dialed person-to-person calls from home phone. Phone usage must be consistent with typical residential voice usage. Phone service will not function in the event of battery backup failures or network or electrical outages. Phone service may not be compatible with all security and medical monitoring systems. BASIC TV: HD RV & HD set top box req'd for HD servce. # of TV ch's, HD ch's & feature depend on pkg type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/tvlineup. EQUIP, TAXES & FEES: Free standard installation with online orders, visit suddenlink.com/installation for details. Cable boxes needed for each TV & will be billed at reg. monthly rate. A $10 monthly modem lease fee applies. Free Smart Router available with leased modem. Limit 1 router per household. In select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card will be mailed to customers who maintain promotion and remain in good standing with no past due or returned payments throughout first 90 days after account activation. Allow 4-6 weeks for delivery. Limit 1 per customer. Visa Reward Card cannot be used to pay Suddenlink monthly bill. Card value expires in 12 mos. Visa Reward Card may be used when making purchases from merchants in the U.S. and District of Columbia everywhere Visa debit cards are accepted. No ATM access. Terms and Conditions apply to Reward Cards. See Cardholder Agreement for details. Visa Reward Card is issued by MetaBank®, N.A., Member FDIC pursuant to a license from Visa U.S.A. Inc. This optional offer is not a*

1




*MetaBank product or service nor does MetaBank endorse this offer. Card is distributed and serviced by InComm Financial Services, Inc., which is licensed as a Money Transmitter by the New York State Department of Financial Services. SUDDENLINK AMPLIFY: Amazon, Alexa and all related logos are trademarks of Amazon.com, Inc. or its affiliates. Alexa is a service of Amazon and is operated on Amazon's systems. Your use of Alexa and the Altice One Skill is subject to your agreements with Amazon and Amazon's privacy policy. Altice is not affiliated with Amazon and is not a party to or responsible for your agreements with Amazon or for its products and services. Speeds, availability, pricing, offers, and terms vary by area and subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective owners. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.*

# INTERNET & VALUE TV WITH ALTICE ONE

# INTERNET & SELECT TV WITH ALTICE ONE

# INTERNET & PREMIER TV WITH ALTICE ONE

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected srvc within past 30 days or for seasonal move not eligible. Must maintain all srvcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of srvc., and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 Internet has speeds up to 75 Mbps downstream/5 Mbps upstream. Suddenlink 100 Internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 Internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add on amount, is exceeded. The speed of Internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability sbjct to factors beyond Suddenlink's control. BASIC TV: Req's all TVs have an HDMI input. Not all content delivered through Altice One is in 4K Ultra HD. # of TV ch's, HD ch's & features depend on pkg type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/tvlineup. EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. A $20 Altice One (A1) Pak monthly fee applies. All Mini boxes avail for add'l $10/mo. in select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card will be mailed to customers who maintain promotion and remain in good standing with no past due or returned payments throughout first 90 days after*

## INTERNET & PREMIER TV

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected srvc within past 30 days or for seasonal move not eligible. Must maintain all srvcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of srvc., and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 Internet has speeds up to 75 Mbps downstream/5 Mbps upstream. Suddenlink 100 Internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 Internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Advertised speed for wired connection. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add on amount, is exceeded. The speed of Internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability sbjct to factors beyond Suddenlink's control. BASIC TV: HDTV & HD set-top box req'd for HD service. # of TV ch's, HD ch's & features depend on pkg type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/tvlineup. EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. Cable boxes needed for each TV & will be billed at reg. monthly rate. A $10 monthly modem lease fee applies. Free Smart Router available with leased modem. Limit 1 router per household. In select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card will be mailed to customers who maintain promotion and remain in good standing with no past due or returned payments throughout first 90 days after account activation. Allow 4-6 weeks for delivery. Limit 1 per customer. Visa Reward Card cannot be used to pay Suddenlink monthly bill. Card value expires in 12 mos. Visa Reward Card may be used when making purchases from merchants in the U.S. and District of Columbia everywhere Visa debit cards are accepted. No ATM access. Terms and Conditions apply to Reward Cards. See Cardholder Agreement for details. Visa Reward Card is issued by MetaBank®, N.A., Member FDIC pursuant to a license from Visa U.S.A. Inc. This optional offer is not a MetaBank product or service nor does MetaBank endorse this offer. Card is distributed and serviced by InComm Financial subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective*

2



owners. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.

# CORE TV & PHONE

# VALUE TV & PHONE



Free 60-day Altice Advantage Internet is available for new residential Internet customers who do not have Suddenlink internet service and share a household with a student (K-12) or a college student only. Former Suddenlink accounts previously not in good standing are not eligible. Terms, conditions and restrictions apply. Where available. At end of 60-day period, service will be billed at $14.99 per month until canceled. New student Altice Advantage Internet customers can benefit from a $5/mo. discount for 3 months for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. As of 4th month, price will increase to normal rate of $14.99 per month. TAXES & FEES: $20 installation fee applies and will appear on initial bill. May not be combined with other offers. Other add-on options may be available. Minimum system requirements and equipment configurations apply. Advertised speed for wired connection. Many factors affect speed. Actual speeds may vary and are not guaranteed. Unlimited data subject to reasonable network management practices employed to minimize congestion or service degradation. Wireless speed, performance and availability subject to factors beyond Suddenlink's control. Limit 1 gateway per household. All rights reserved. Pricing, offers and terms is not transferable and is subject to change and discontinuance without notice. For system requirements or limitations, offer details, restrictions, terms and conditions, see AlticeAdvantageInternet.com/terms. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.

3

# EXHIBIT F

DocuSign Envelope ID: 55EDC319-FCB6-42DB-B1C9-9D5E4F3AE478

1  Daniel M. Hattis (SBN 232141)
    Paul Karl Lukacs (SBN 197007)
2  HATTIS & LUKACS
    400 108th Ave NE, Ste 500
3  Bellevue, WA 98004
    Telephone: (425) 233-8650
4  Facsimile: (425) 412-7171
    Email: dan@hattislaw.com
5  Email: pkl@hattislaw.com

6  *Attorneys for Plaintiff Nick Vasquez*
    *and the Proposed Class*

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF HUMBOLDT

10                   UNLIMITED CIVIL

| | |
|---|---|
| 11  NICK VASQUEZ,<br>    For Himself,<br>12  As A Private Attorney General, and/or<br>    On Behalf Of All Others Similarly Situated,<br>13<br>14<br>15                      Plaintiff,<br>16  v.<br>    CEBRIDGE TELECOM CA, LLC (D/B/A<br>17  SUDDENLINK COMMUNICATIONS);<br>    ALTICE USA, INC.; AND<br>18  DOES 1 THROUGH 10, INCLUSIVE,<br>19<br>20                   Defendants. | Case No. _____<br><br>**DECLARATION OF<br>NICK VASQUEZ<br>PURSUANT TO THE CALIFORNIA<br>CONSUMERS LEGAL REMEDIES<br>ACT<br>(CAL. CIVIL CODE § 1780(d))**<br><br>**[FILED CONCURRENTLY<br>WITH COMPLAINT]** |

21

22

23

24

25

26

27

28

CLRA DECLARATION                    - 1 -                      **HATTIS & LUKACS**
                                                    400 108th Ave. NE, Ste 500
                                                    Bellevue, WA 98004
                                  T: 425.233.8650 | F: 425.412.7171
                                                www.hattislaw.com

DocuSign Envelope ID: 55EDC319-FCB6-42DB-B1C9-9D5E4F3AE478

1      I, NICK VASQUEZ, hereby declare and state as follows:

2      1.    I am over the age of 18 years, and am the plaintiff in the above-referenced civil

3 action.

4      2.    The facts contained herein are based on my personal knowledge except as to

5 facts stated upon information and belief and, as to those, I believe it to be true.

6      2.    This civil action pleads a cause of action for violation of the California

7 Consumers Legal Remedies Act ("CLRA") against Defendants Cebridge Telecom CA, LLC

8 (D/B/A Suddenlink Communications) and Altice USA, Inc. (collectively "Defendants" or

9 "Suddenlink"). This civil action has been commenced in a county described in Section 1780(d)

10 of the California Civil Code as a proper place for the trial of the action.

11      3.    This action is being commenced in the County of Humboldt because that is a

12 county in which each of the Defendants is doing business. Each of the Defendants is doing

13 business in the County of Humboldt by, without limitation, advertising and selling its internet

14 services in the County of Humboldt including in its retail store located in Eureka, California.

15      4.    This action is being commenced in the County of Humboldt because I

16 subscribed to and received Suddenlink internet services, and was charged the Network

17 Enhancement Fee which is the subject of this Complaint, at my home in Arcata, California,

18 which is in the County of Humboldt.

19      I declare under penalty of perjury under the laws of the State of California that the

20 foregoing is true and correct.

21      Executed in Humboldt County, California.

22

23    Date: 5/3/2021          *Nick Vasquez*

24                      NICK VASQUEZ

25

26

27

28

CLRA DECLARATION        - 2 -        **HATTIS & LUKACS**
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| —Daniel M. Hattis, Esq. (SBN 232141)<br>HATTIS & LUKACS<br>400 108th Ave NE, Ste 500<br>Bellevue, WA 98004<br>TELEPHONE NO.: (425) 233-8650    FAX NO.: (425) 412-7171<br>ATTORNEY FOR (Name): Nick Vasquez | **FILED**<br>MAY 0 3 2021<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF HUMBOLDT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Humboldt**
STREET ADDRESS: 421 I Street
MAILING ADDRESS: 421 I Street
CITY AND ZIP CODE: Eureka, California 95501
BRANCH NAME: County Courthouse Building

CASE NAME:
Nick Vasquez v. Cebridge Telecom CA, LLC et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **CV 2100639**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): (1) CLRA; (2) False Advertising Law; (3) UCL
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/4/2021
Daniel M. Hattis, Esq., Counsel for Plaintiff
(TYPE OR PRINT NAME)                               ▶ _[signature]_ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                FAX NO.(*Optional*):<br>E-MAIL ADDRESS (*Optional*):<br>ATTORNEY FOR (*Name*):<br>**SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT**<br>STREET ADDRESS:        825 Fifth St.<br>MAILING ADDRESS:      825 Fifth St.<br>CITY AND ZIP CODE:     Eureka, CA 95501<br>Plaintiff: Nick Vasquez<br><br>Defendant: Cebridge Telecom | **FILED**<br>MAY 0 3 2021<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF HUMBOLDT |
| **NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM AND<br>NOTICE OF CASE MANAGEMENT CONFERENCE** | Case Number:<br>CV2100639 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the above-entitled action has been included in the Delay Reduction Program of the County of Humboldt. You are required to comply with the guidelines for Program cases as set forth in California Rules of Court, Title 3, Division 7, Chapters 1, 2, and 3, and Humboldt County Local Rules, 2.8 through 2.8.6.

You are further advised that a CASE MANAGEMENT CONFERENCE in the above action has been scheduled for September 17, 2021, at 8:30 AM in Courtroom Four of the above entitled Court. Initial CASE MANAGEMENT STATEMENT on Judicial Council form CM-110 shall be filed with the Court and exchanged among the parties no later than 15 days before the Case Management Conference.

DATE: May 3, 2021               CLERK, By _Cindy C._            CINDY C.
                                      , Deputy              KIM M. BARTLESON

HM301
NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM AND
NOTICE OF CASE MANAGEMENT CONFERENCE

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED

MAY 0 3 2021

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CEBRIDGE TELECOM CA. LLC (D/B/A SUDDENLINK COMMUNICATIONS);
ALTICE USA. INC.; and DOES 1 THROUGH 10. INCLUSIVE.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NICK VASQUEZ, for Himself, as a Private Attorney General, and/or
On Behalf Of All Others Similarly Situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Humboldt County Superior Court | **CASE NUMBER:**<br>*(Número del Caso):*<br>CV2100639 |
| --- | --- |

421 I Street
Eureka, California 95501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel M. Hattis, Esq., Hattis & Lukacs; 400 108th Ave NE, Ste 500, Bellevue, WA 98004

| DATE:<br>*(Fecha)* 5/3/2021 | Clerk, by<br>*(Secretaria)* Cindy C. CINDY C. | , Deputy<br>*(Adjunto)* KIM M. BARTLESON |
| --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Altice USA, Inc.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



FAX FILE

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CEBRIDGE TELECOM CA, LLC (D/B/A SUDDENLINK COMMUNICATIONS);
ALTICE USA, INC.; and DOES 1 THROUGH 10, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NICK VASQUEZ, for Himself, as a Private Attorney General, and/or
On Behalf Of All Others Similarly Situated

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| MAY 0 3 2021 |
| SUPERIOR COURT OF CALIFORNIA |
| COUNTY OF HUMBOLDT |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: Humboldt County Superior Court<br><br>421 I Street<br>Eureka, California 95501 | CASE NUMBER:<br>*(Número del Caso):*<br>**CV2100639** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel M. Hattis, Esq., Hattis & Lukacs; 400 108th Ave NE, Ste 500, Bellevue, WA 98004

| DATE:<br>*(Fecha)* 5 3 2021 | Clerk, by<br>*(Secretario)* Cindy C. CINDY C. | , Deputy<br>*(Adjunto)*<br>KIM M. BARTLESON |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL]<br>COPY | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☒ on behalf of *(specify):* CEBRIDGE TELECOM CA, LLC (DIBIA SUDDENLINK COMMIJNICATIONS)<br><br>under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>☒ other *(specify):* corporation code 17061<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1  Daniel M. Hattis (SBN 232141)
   Paul Karl Lukacs (SBN 197007)
2  HATTIS & LUKACS
   400 108th Ave NE, Ste 500
3  Bellevue, WA 98004
   Telephone: (425) 233-8650
4  Facsimile: (425) 412-7171
   Email: dan@hattislaw.com
5  Email: pkl@hattislaw.com

6  *Attorneys for Plaintiff Nick Vasquez*
   *and the Proposed Class*
7

**FILED**

**MAY 0 3 2021**

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT**

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF HUMBOLDT

10                              UNLIMITED CIVIL

11  NICK VASQUEZ,                        Case No. **CV2100639**
    For Himself,
12  As A Private Attorney General, and/or   **CLASS ACTION**
    On Behalf Of All Others Similarly Situated,
13                                         **COMPLAINT FOR:**

14                                         **(1) VIOLATION OF CAL. CIVIL CODE
                                               § 1750;**
15                        Plaintiff,
                                           **(2) VIOLATION OF CAL. BUSINESS &
16  v.                                         PROFESSIONS CODE § 17500;**

17  CEBRIDGE TELECOM CA, LLC (D/B/A        **(3) VIOLATION OF CAL. BUSINESS &
    SUDDENLINK COMMUNICATIONS);               PROFESSIONS CODE § 17200**
18  ALTICE USA, INC.; and
    DOES 1 THROUGH 10, INCLUSIVE,
                                           **JURY TRIAL DEMANDED**
19
                          Defendants.
20

21

22       Plaintiff NICK VASQUEZ, individually, as a private attorney general, and/or on behalf

23  of all others similarly situated, allege as follows, on personal knowledge and investigation of

24  his counsel, against Defendant Cebridge Telecom CA, LLC (d/b/a Suddenlink

25  Communications), Defendant Altice USA, Inc., and Defendants Does 1 through 10, inclusive,

26  (collectively, "Suddenlink"):

27

28

CLASS ACTION COMPLAINT                    - 1 -

**INTRODUCTION AND SUMMARY**

1.     This is a proposed class action, brought under California law, challenging a bait-and-switch scheme perpetrated by Suddenlink against its California internet customers through the use of deceptive and uniform policies, practices, and advertising.

2.     Specifically, Suddenlink deceived Plaintiff Nick Vasquez and other California Suddenlink internet customers by advertising and promising them a particular flat monthly rate for its internet service, but then actually charging them higher monthly rates by imposing a fictitious "Network Enhancement Fee" (currently $3.50) on top of the advertised price. Suddenlink has also used the Network Enhancement Fee as a way to covertly increase customers' rates, including during their advertised and promised fixed-rate promotional period.

3.     Suddenlink did not disclose the Network Enhancement Fee (the "Fee") to Plaintiff and to other Suddenlink customers before or when they agreed to receive internet services from Suddenlink.

4.     The first time Suddenlink ever mentions the Fee is on customers' monthly billing statements, which customers begin receiving only after they sign up for the service and are committed to their purchase. Making matters worse, Suddenlink deliberately hides the Fee in its billing statements.  In Suddenlink's printed monthly billing statements, Suddenlink intentionally buries the Network Enhancement Fee in a portion of the statement that: (a) makes it likely customers will not notice it; and (b) misleadingly suggests that the Fee is a tax or government pass-through fee over which Suddenlink has no control, when in fact it is simply a way for Suddenlink to advertise and promise lower rates than it actually charges.  Thus, by Suddenlink's very design, the printed monthly statements serve to further Suddenlink's scheme and keep customers from realizing they are being overcharged.

5.     In the event that a customer happens to notice the Network Enhancement Fee has been charged on their monthly statement and contacts Suddenlink to inquire about the Fee, Suddenlink agents falsely tell the customer that the Fee is a tax or government fee or is otherwise out of Suddenlink's control.

6.     In actuality, the Network Enhancement Fee is not a tax or government mandated

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    fee. Rather, the so-called fee is a completely fabricated charge invented by Suddenlink as a way

2    to covertly charge more per month for its internet service without having to advertise higher

3    prices. The Fee is entirely within Suddenlink's control, and Suddenlink alone decides whether

4    to charge it and how much to charge.

5         7.     Suddenlink charges every one of its internet service customers the Fee. When

6    Suddenlink began charging the Fee in or around February 2019, the Fee was $2.50 per month.

7    Suddenlink has since increased the Fee. Today, the Fee is $3.50 per month. Plaintiff estimates

8    that the Fee earns Suddenlink approximately $800,000 per year from its approximately 19,000

9    California internet customers. Meanwhile, Defendants receive another $200 million in Fee

10    payments per year from their 4.6 million other customers across the United States as a result of

11    this scheme.

12        8.     Plaintiff brings this lawsuit on behalf of himself and/or as a private attorney

13    general seeking public injunctive relief to put an end to Suddenlink's unlawful scheme and to

14    prevent future injury to himself and to the general public.

15        9.     Additionally, Plaintiff seeks injunctive, declaratory, and monetary relief for

16    himself and on behalf of a proposed class of California Suddenlink internet subscribers to

17    obtain redress and to end Suddenlink's policy of charging this deceptive additional Fee.

18                               **THE PARTIES**

19       10.     Plaintiff Nick Vasquez is a citizen and resident of Humboldt County, California.

20       11.     Defendant Altice USA, Inc., is a corporation chartered under the laws of

21    Delaware, with its principal place of business in New York.

22       12.     Defendant Cebridge Telecom CA, LLC is a limited liability company chartered

23    under the laws of Delaware, with its principal place of business in New York.

24       13.     Without formal discovery, Plaintiff is unable to determine exactly which other

25    entities, if any, engaged in or assisted with the unlawful conduct pled herein or which

26    instructed, approved, consented, or participated in the unlawful conduct pled herein.

27    "Suddenlink Communications" is the business entity that is referenced in Plaintiff's Suddenlink

28    billing statements, in the Suddenlink Residential Service Agreement, and is listed as holding

CLASS ACTION COMPLAINT

- 3 -

1   the copyright on the Suddenlink website at www.suddenlink.com; however, "Suddenlink

2   Communications" does not appear to be an actual business entity. Based on counsel's research,

3   Defendant Altice USA, Inc., is the parent and holding company that provides, through its

4   subsidiaries, broadband communications and video services under the brand Suddenlink.

5   Defendant Altice USA, Inc.'s most recent 10-K report lists several dozen subsidiaries—none of

6   which is named "Suddenlink Communications." The relevant operating company in California

7   appears to be Defendant Cebridge Telecom CA, LLC, which is a subsidiary of Altice USA, Inc.

8         14.     Defendants Does 1 through 10 are business entities of unknown form which

9   engaged in or assisted with the unlawful conduct pled herein or which instructed, approved,

10   consented, or participated in the unlawful conduct pled herein. Plaintiff is presently ignorant of

11   the names of these Doe Defendants. Plaintiff will amend this Complaint to allege the true

12   names and capacities of these defendants when they have been determined.

13                                 **JURISDICTION AND VENUE**

14         15.     **Subject Matter Jurisdiction**. The Court has subject matter jurisdiction over

15   this civil action in that Plaintiff brings claims exclusively under California law, including the

16   Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*; the False Advertising

17   Law, California Business & Professions Code § 17500 *et seq.*; and the Unfair Competition

18   Law, California Business & Professions Code § 17200 *et seq.*

19         16.     **Personal Jurisdiction**. This Court has personal jurisdiction over Suddenlink

20   pursuant to, among other bases, California Code of Civil Procedure Section 410.10 because:

21   (1) Suddenlink is authorized to do business and regularly conducts business in the State of

22   California; (2) the claims alleged herein took place in California; and/or (3) Suddenlink has

23   committed tortious acts within the State of California (as alleged, without limitation,

24   throughout this Complaint).

25         17.     **Venue**. Venue is proper in Humboldt County because Plaintiff Nick Vasquez is

26   a California citizen who resides in Arcata, California, which is in Humboldt County, and the

27   services at issue were purchased for, and provided to, Plaintiff Nick Vasquez's home in Arcata,

28   California.

**THE UNIFORM POLICIES WHICH GIVE RISE TO THE CLASS CLAIMS**

18.     Defendants provide internet, television, and telephone services to 4.6 million households nationwide, and to approximately 19,000 households under the "Suddenlink" brand name in California. Virtually all of Suddenlink's customers subscribe to internet; many also subscribe to television and/or telephone services as part of a "bundled" service plan.

19.     Suddenlink advertises all of its service plans at specific, flat monthly prices that are locked in for a promotional period. Suddenlink typically promises its customers a one-year fixed-price promotional period, but Suddenlink also regularly advertises a "Price for Life" promotion where it offers and promises its customers a fixed price for services for life.

20.     Beginning in February 2019, Suddenlink started falsely advertising and offering its internet services at lower monthly rates than it actually charged customers by not disclosing and not including in the advertised price a newly invented and so-called "Network Enhancement Fee" (the "Fee").

21.     Suddenlink first snuck the Fee onto all of its customers' bills in or around February 2019 at a rate of $2.50 per month. Suddenlink subsequently increased the Fee to $3.50 per month in or around February 2020. Suddenlink has used the Fee as a lever to covertly, improperly, and unilaterally raise the monthly rates for its internet services, including during supposedly fixed-rate promotional periods. Suddenlink has deliberately rolled out the Fee and increased it in a manner that is designed by Suddenlink to further ensure that it goes unnoticed by customers.

22.     Suddenlink has effectively created a "bait-and-switch" scheme that has enabled it to advertise and promise a lower monthly price for its internet services than it actually charges, and to surreptitiously increase its monthly price for existing customers at its whim regardless of whether it has (falsely) promised them a fixed-price promotional period.

23.     Moreover, Suddenlink charged, and continues to charge, the Network Enhancement Fee to its customers, including Plaintiff and the Class members, without ever having adequately disclosed or explained the Fee. The first time Suddenlink ever discloses the existence of the so-called Network Infrastructure Fee is on customers' billing statements.

CLASS ACTION COMPLAINT

- 5 -

**HATTIS & LUKACS**
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  Making matters worse, Suddenlink deliberately hides the Fee on the billing statements and
2  misleadingly indicates that the Fee is a legitimate tax or government fee.

3      24.    Based on Plaintiff's calculations, from February 2019 through the present,
4  Suddenlink has collected approximately $1.6 million in unlawful Network Enhancement Fees
5  from its approximately 19,000 internet customers in California. And Suddenlink is continuing
6  to collect approximately $67,000 every month in these bogus Fees from its California
7  customers.

8      **A.    Suddenlink Did Not Disclose The Fee To Its Customers.**

9      25.    Suddenlink has aggressively advertised its internet service plans (and plans that
10  "bundle" TV and/or phone services with internet) through pervasive marketing directed at the
11  consuming public in California. This marketing has included video advertisements via
12  YouTube, Facebook, and Twitter; television, radio, and internet advertisements; advertisements
13  on its website; and materials and advertising at its California retail stores including in the cities
14  of Eureka, Truckee and Bishop where customers can sign up for Suddenlink services.

15      26.    Through all of these channels, Suddenlink prominently advertised particular, flat
16  monthly prices for its internet service plans that were locked in for a period of one year or
17  longer, without disclosing or including the Fee in the advertised price. Neither the existence nor
18  the amount of the Fee was disclosed or adequately disclosed to customers prior to or at the time
19  they signed up for the services, even though Suddenlink knew that it planned to charge the Fee
20  to its customers and knew with certainty the exact amount of the charge. Additionally,
21  Suddenlink did not disclose or adequately disclose the fact that it could and would increase the
22  monthly price during the customer's locked-in rate period by simply increasing the hidden Fee.

23      27.    Likewise, Suddenlink's sales and customer service agents quote the same flat
24  monthly prices as in Suddenlink's public advertising, and as a matter of policy never disclose
25  the Network Enhancement Fee. If a potential customer calls Suddenlink's sales or customer
26  service agents or reaches out via web chat and asks what, if any, other amounts will be charged
27  for internet service, the agents as a matter of company policy falsely state that the only
28  additions to the advertised price (besides subscriptions to extra services or features) are taxes or

CLASS ACTION COMPLAINT

- 6 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 | government-related fees passed on by Suddenlink to the customer and over which Suddenlink
2 | has no control.

3 |      28.    Additionally, Suddenlink's website has advertised its internet service plans and
4 | bundles prominently featuring a supposed flat monthly price for the service, and has not
5 | adequately disclosed the Fee.

6 |      29.    For example, **Exhibits A-D** are screenshots taken on March 16, 2021, that show
7 | Suddenlink's online order process for the Internet 100 Unlimited Data and Value TV bundle
8 | available in California. As **Exhibits A-D** show, Suddenlink's online order process consists of
9 | four webpages: (1) the "Choose Services" webpage; (2) the "Customize" service package
10 | webpage; (3) the "Customer Info" webpage; and (4) the "Schedule Installation" and order
11 | submittal webpage.

12 |      30.    On the "Choose Services" webpage (**Exhibit A**), Suddenlink prominently
13 | advertised the Internet 100 Unlimited Data and Value TV bundle at a flat $70.00 a month for
14 | one year. Below the $70.00 price, was smaller text reading: "Plus taxes, fees and other
15 | charges." There was no link or additional text anywhere specifying what fees and other charges
16 | would apply. A reasonable consumer would assume that any additional taxes or fees would be
17 | legitimate government charges outside of Suddenlink's control. Further, there was no
18 | disclosure language indicating that Suddenlink could raise the price during the one-year fixed-
19 | rate period by increasing the hidden Fee.

20 |      31.    After selecting the $70.00 plan, the consumer was then taken to the "Customize"
21 | webpage (**Exhibit B**) where the consumer could customize the services and add-ons. In this
22 | example, a high definition cable box was added for $11.00. On the right side of the
23 | "Customize" webpage, Suddenlink prominently stated "Monthly Total $81.00" with no asterisk
24 | or disclosure language indicating that the monthly cost for service would be higher than the
25 | $81.00 advertised price or that the price could be raised at any time during the purported fixed-
26 | rate period. Below the "Monthly Total $81.00" was "Monthly Charges," which listed the
27 | bundle price of $75.00, a $5.00 Auto Pay and Paperless Billing Discount, and an $11.00 High
28 | Definition Cable Box charge. Below the list of charges, there was small print reading: "For

CLASS ACTION COMPLAINT

- 7 -

1  residential customers only. Additional taxes, fees, surcharges and restrictions apply." Again,

2  there was no link or additional text explaining what additional taxes, fees, and surcharges

3  would apply.

4       32.    Next, the customer was taken to the "Customer Info" webpage (**Exhibit C**).

5  Again, the right side of the webpage continued to state "Monthly Total $81.00" with no asterisk

6  or disclosure language.

7       33.    The final page in the online order process was the "Schedule Installation" and

8  order submission webpage (**Exhibit D**). On this webpage, which contained a "Place Order"

9  button, Suddenlink again prominently stated "Monthly Total $81.00" with no asterisk and no

10  disclosure language.

11       34.    On none of these order process webpages was there any mention of the

12  additional Network Enhancement Fee.

13       35.    In fact, the advertised and promised "Monthly Total" of $81.00 was false,

14  because it did not include the additional $3.50 for the so-called Network Enhancement Fee,

15  which Suddenlink automatically charged to all internet customers.

16       36.    The only way the existence of the Network Enhancement Fee could be found in

17  this purchase process as of at least March 16, 2021, was if the consumer scrolled to the bottom

18  of the initial "Choose Services" webpage and noticed and clicked on a tiny "Disclaimer"

19  hyperlink. (*See* **Exhibit A**, screenshot of "Choose Services" webpage). If the consumer clicked

20  this small "Disclaimer" hyperlink, a pop-up box would appear with pages of fine print for

21  various Suddenlink service plans. (**Exhibit E** is a screenshot of the pop-up box). Buried in deep

22  in this fine print was the sentence: "EQUIP, TAXES & FEES: Free standard installation with

23  online orders. visit suddenlink.com/installation for details. . . . A $3.50 Network Enhancement

24  Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are

25  subject to change during and after promotion period." Nowhere in this tiny print does

26  Suddenlink define or explain what the Network Enhancement Fee is.[1] Even if a consumer saw

27  _____

28  [1] As of at least December 21, 2020, a definition of the Network Enhancement Fee could not be found anywhere on the entire Suddenlink website. Even if a customer clicked on a tiny link in

CLASS ACTION COMPLAINT       - 8 -       HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  this hidden disclaimer, the reasonable consumer would assume that the undefined "Network

2  Enhancement Fee" listed under "TAXES & FEES" refers to a legitimate government fee

3  outside of Suddenlink's control. This is false. The Network Enhancement Fee is <u>not</u> a tax or

4  government fee. In fact, the Fee is fabricated and made-up by Suddenlink as a way to

5  deceptively charge more for Suddenlink's internet service than advertised or promised and to

6  enable Suddenlink to covertly raise the cost of internet service at any time, even during

7  promised fixed-rate promotional periods.[2]

8  **B.   Suddenlink Continues To Deceive Customers After They Sign Up.**

9  37.   Suddenlink continues to deceive its customers about the Network Enhancement

10 Fee and the true monthly price of its internet services even after they have signed up and are

11 paying for the services.

12 38.   Suddenlink first began sneaking the Fee onto all of its customers' bills in

13 February 2019, initially at a rate of $2.50 per month. For customers who signed up prior to

14 February 2019, the first time they could have possibly learned about the existence of the Fee

15 was on their bill after the Fee was introduced. This could have been months or years after they

16 signed up with Suddenlink, and it could have also been during a time where Suddenlink had

17 promised the customer a fixed price for service.

18 39.   For customers who signed up after Suddenlink began imposing the Fee—like

19 Plaintiff Nick Vasquez—the billing statements were likewise the first possible chance they

20 could have learned about the Fee, and by the time they received their first statement they were

---

the footer of the homepage for "Online help," and then did a search for "Network Enhancement
Fee" in the search bar, zero results were displayed. Likewise, on the sample bill (which billed
for internet service) which was posted in the "Online help" section of the Suddenlink website
as of December 21, 2020, the Network Enhancement Fee was listed nowhere.

[2] Days before this Complaint was filed, it appears that Suddenlink slightly revised part of the
online purchase process to now mention the existence and amount of the Fee. However, this
additional disclosure does not bring Suddenlink's current practices in compliance with
California law, even with regard to the online purchase process. The online advertised package
prices and plan descriptions still do not include or mention the Fee; the "Choose Services"
webpage still does not mention the Fee; nowhere in the online purchase process is the Fee
explained or defined; and nowhere in the online purchase process is it disclosed that the Fee
may be increased in the middle of the supposedly fixed-price promotional period. Meanwhile,
all other deceptive practices, misrepresentations and omissions described in the Complaint
remain unchanged.

---

CLASS ACTION COMPLAINT

- 9 -

1 | already committed to their purchase.

2 |     40.    Moreover, far from constituting even a belated disclosure, the monthly billing
3 | statements serve to further Suddenlink's scheme and deception.  Suddenlink's monthly
4 | statements (which, again, customers only begin receiving after they have signed up and are
5 | committed): (a) bury the Network Enhancement Fee and the increases thereto so that they will
6 | continue to go unnoticed by customers; and (b) for those customers who do manage to spot the
7 | Fee on their statements, the statements present the Fee in a location and manner that misleads
8 | the customer regarding the nature of the Fee.

9 |     41.    Suddenlink sneaks the Fee onto customer bills. Suddenlink does not list the Fee
10 | in the "Current Monthly Charges" section, even though it is an ongoing monthly (invented)
11 | charge for internet service. Instead, Suddenlink buries the Fee in the "Taxes, Fees & Other
12 | Charges" section at the end of the bill, lumped together with purported taxes and government
13 | charges. This misleadingly tells Suddenlink's customers that the Fee is a tax or other legitimate
14 | government fee, when in fact it is a completely fabricated charge created by Suddenlink just to
15 | pad its bottom line.

16 |     42.    Suddenlink does not define or explain the Network Enhancement Fee anywhere
17 | on its billing statements. Even worse, the only explanation about "fees" on the customer bill
18 | that Suddenlink does provide indicates that all fees on the bill are government related. In the
19 | fine print of the bill, under "Billing Information," Suddenlink states: "Your bill includes all
20 | government fees." Moreover, for internet-only subscribers, such as Plaintiff Nick Vasquez, the
21 | only "fee" that is typically on their bill is the Network Enhancement Fee.

22 |     43.    Thus, even if a customer noticed the existence of the hidden Network
23 | Enhancement Fee on the bill, a reasonable consumer would assume that the Fee was a
24 | legitimate government tax or fee outside of Suddenlink's control.

25 |     44.    However, the Network Enhancement Fee is not a tax or government fee. The
26 | Fee is not even a third-party pass-through charge. Suddenlink invented the so-called Network
27 | Enhancement Fee out of thin air, and the existence of the Fee and its amount are entirely within
28 | Suddenlink's control. Suddenlink concocted the Fee as a way to deceptively charge more for its

CLASS ACTION COMPLAINT

- 10 -

1  internet service without advertising a higher rate and to covertly increase customers' rates,
2  including during their promised fixed-rate promotional period.

3      45.    Many, if not most, customers will not read the printed monthly statements
4  described above at all because Suddenlink encourages its customers to sign up for electronic
5  billing in lieu of receiving paper statements.

6      46.    If a customer happens to notice the Network Enhancement Fee has been charged
7  on the customer's monthly statement and contacts Suddenlink via phone or online to inquire
8  about the Fee, Suddenlink agents falsely tell the customer that the Fee is a tax or a pass-through
9  government charge over which Suddenlink has no control.

10      47.    If customers realize that their actual total monthly bill is higher than promised
11  when they receive their monthly billing statements, they cannot simply back out of the deal
12  without penalty or cost, even if they notice the Fee and overcharge on their very first statement.

13      48.    First, Suddenlink's 30-Day Money Back Guarantee *excludes* the Network
14  Enhancement Fee. According to Suddenlink's website: "30-day money back is only on the
15  monthly service fee," i.e., only on the base price of the service.[3]

16      49.    Second, Suddenlink's Residential Services Agreement has an "Early
17  Termination Fees" provision, which states at section 5: "If you cancel, terminate or downgrade
18  the Service(s) before the completion of any required promotional term to which You agreed
19  ('Initial Term'), you agree to pay Suddenlink any applicable early cancellation fee plus all
20  outstanding charges for all Services used and Equipment purchased for which you have not
21  paid us prior to termination."[4]  This indicates to customers that if they terminate service prior to
22  end of their promotional fixed-price period, they may be subject to a "cancellation fee."

23      50.    Third, most customers, including Plaintiff Vasquez, were required to pay a one-
24  time non-refundable "Standard Installation" charge on sign-up. When Mr. Vasquez signed up
25  for services in September 2020, he was billed and paid a $59.00 "Standard Installation" charge.

26      51.    Fourth, Suddenlink currently does not pro-rate cancellations, such that

27  _____
[3] *See* https://www.suddenlink.com/promotion-offer-disclaimers (last accessed May 1, 2021).
28  [4] *See* https://www.suddenlink.com/residential-services-agreement (last accessed May 2, 2021).

CLASS ACTION COMPLAINT                              - 11 -

1   customers are charged for the cost of the entire month even if they cancel sooner.

2         52.     Fifth, customers may also rent or purchase equipment to use exclusively with
3   Suddenlink's services, such as internet and telephone modems and wireless routers, and digital
4   cable converter boxes.

5         53.     The early termination fee, the installation fee, and the inability to receive a full
6   refund are designed by Suddenlink to penalize and deter customers from cancelling after
7   signing up. And Suddenlink's policies are deliberately and knowingly designed by Suddenlink
8   to lock customers in if and when they deduce that they are being charged more per month than
9   advertised for Suddenlink's services.

10        54.     Because the initial amount of the Network Enhancement Fee ($2.50 in February
11  2019) and the subsequent increase of $1.00 approximately a year later were relatively small in
12  proportion to Suddenlink's total monthly charges, Suddenlink knew that its customers were
13  unlikely to notice the increased charge on the total price on their monthly bills. Given that
14  legitimate taxes and other government-related charges can already vary by amounts of a dollar
15  or so from month to month, Suddenlink knows that its customers reasonably expect small
16  changes in the total amount billed each month.  Suddenlink knows that its customers would not
17  be readily able to tell that Suddenlink increased the service price via the Fee by merely
18  comparing the total amount billed in a particular month to the total amount billed in the prior
19  month or months. And even if customers did notice, they would think nothing of it because the
20  Fee is grouped under the taxes section of the bill and "fees" are only described as "government
21  fees" on the bill.

22        55.     When Suddenlink increased the Network Enhancement Fee in 2020, Suddenlink
23  hid the increase by providing no disclosure or explanation whatsoever anywhere on the first
24  billing statement containing the increase, other than listing the increased Fee itself (buried in
25  the "Taxes, Fees & Other Charges" section). Even a customer who read the entire bill would
26  have zero notice that Suddenlink had increased the Fee, or whether or why the customer's new
27  monthly bill was higher than the prior month's total.

28

CLASS ACTION COMPLAINT

- 12 -

1

**PLAINTIFF'S FACTUAL ALLEGATIONS**

2      56.    Plaintiff Nick Vasquez is, and at all relevant times has been, a citizen and

3  resident of Humboldt County, California.

4      57.    On or around August 28, 2020, Mr. Vasquez went to the Suddenlink website to

5  learn about Suddenlink's internet service offerings for his residence in Arcata, California. After

6  browsing the website, he signed up for a 12-month, fixed-rate, internet service plan. Mr.

7  Vasquez's Suddenlink service was installed at his home on September 11, 2020.

8      58.    When Mr. Vasquez purchased his service plan, Suddenlink prominently

9  advertised, to Mr. Vasquez and to the public, that the plan would cost a particular monthly

10  price for a 12-month promotional period. Suddenlink did not disclose to Mr. Vasquez, at any

11  time before or when he signed up, that Suddenlink would charge him a "Network Enhancement

12  Fee" on top of the advertised and promised monthly price.

13      59.    Suddenlink further did not disclose to Mr. Vasquez that Suddenlink had the

14  ability to raise his monthly service price via the Fee at any time during the 12-month period—

15  an option that Suddenlink routinely exercises despite promising its customers fixed-rate

16  periods. (**Exhibits A-D**, as described above in paragraphs 29–34, are screenshots of materially

17  the same online order process that Mr. Vasquez saw when he signed up for Suddenlink internet

18  services online.)

19      60.    Mr. Vasquez viewed and relied on these advertisements and misrepresentations.

20  Based on these misrepresentations and omissions, Mr. Vasquez purchased the internet service

21  plan from Suddenlink.

22      61.    When Mr. Vasquez purchased his internet service plan, he also paid Suddenlink

23  a one-time installation fee of $59.00.

24      62.    Mr. Vasquez's first bill had the $3.50 Network Enhancement Fee. Mr. Vasquez

25  did not receive full, accurate, or non-misleading notice from Suddenlink that the Fee would be

26  charged or regarding the nature or basis of the Fee. Mr. Vasquez did not know then, nor could

27  he have known then, that the Fee was invented by Suddenlink as a part of a scheme to covertly

28  charge a higher price for internet service than advertised and as a way to raise the monthly rate

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  at any time, even during Mr. Vasquez's 12-month price-locked promotional period.

2       63.    During his first several months of service, Mr. Vasquez did not notice the
3  Network Enhancement Fee. Suddenlink had hidden the Fee in the "Taxes, Fees & Other
4  Charges" section at the end of the bill. On Plaintiff's first bill (September 2020), the Fee was
5  grouped together with an $0.85 Sales Tax. On his next bill (October 2020), the Fee was
6  grouped with a - $0.60 Sales Tax. For Plaintiff's subsequent bills, the Fee was the only charge
7  under the "Taxes, Fees & Other Charges" section. The only explanation of "fees" on Mr.
8  Vasquez's bill was in the fine print, which stated: "Your bill includes all government fees."
9  Even if Mr. Vasquez had noticed the Fee, he would have reasonably assumed that the Network
10  Enhancement Fee—which was the only "fee" on his bill—was a government fee.

11       64.    Suddenlink's billing statements did not inform or adequately disclose to Mr.
12  Vasquez that Suddenlink was adding a self-created "Network Enhancement Fee" each month
13  and did not adequately or accurately disclose the true nature of the Fee. Mr. Vasquez did not
14  know, nor could he have known, that the Fee was invented by Suddenlink as part of a scheme
15  to covertly charge a higher price for internet service than advertised and as a way to raise the
16  monthly rate at any time, even during Mr. Vasquez's 12-month price-locked period.

17       65.    The first Mr. Vasquez ever learned of the Network Enhancement Fee's existence
18  was in March 2021.

19       66.    As of the date of filing, Mr. Vasquez has paid Suddenlink $28 in Network
20  Enhancement Fees.

21       67.    When Mr. Vasquez agreed to purchase his Suddenlink internet service plan, he
22  was relying on Suddenlink's prominent representations regarding the monthly price of the
23  services. While he understood that taxes and legitimate government fees might be added to the
24  price, he did not expect that Suddenlink would charge a bogus, self-created Network
25  Enhancement Fee on top of the advertised service price or that the true price of the service
26  would include the additional Fee. That information would have been material to him. Had he
27  known that information he would not have been willing to pay as much for the service plan
28  and/or would have acted differently.

1    68.    Mr. Vasquez would consider purchasing services from Suddenlink in the future,

2  but he will be harmed if, in the future, he is left to guess as to whether Suddenlink's

3  representations are accurate and whether there are omissions of material facts regarding the

4  services being advertised and represented to him.

5                                  **CLASS ALLEGATIONS**

6    69.    Plaintiff Nick Vasquez brings this class-action lawsuit on behalf of himself and

7  the members of the following class (the "Class"):

8          **All current and former Suddenlink customers who were**
           **charged a "Network Enhancement Fee" on their bill for**
9          **Suddenlink internet services received in California within the**
           **applicable statute of limitations.**
10

11   70.    Specifically excluded from the Class are Suddenlink and any entities in which

12  Suddenlink has a controlling interest, Suddenlink's agents and employees, the bench officers to

13  whom this civil action is assigned, and the members of each bench officer's staff and

14  immediate family.

15   71.    *Numerosity*. The number of members of the Class are so numerous that joinder

16  of all members would be impracticable. Plaintiff does not know the exact number of members

17  of the Class prior to discovery. However, based on information and belief, there are between

18  20,000 to 30,000 Class members. The exact number and identities of Class members are

19  contained in Suddenlink's records and can be easily ascertained from those records.

20   72.    *Commonality and Predominance*. Common legal or factual questions affect the

21  members of the Class. These questions predominate over questions that might affect individual

22  Class members. These common questions include, but are not limited to:

23   73.    Whether California law applies to the claims of Plaintiff and the Class;

24   74.    Whether Suddenlink employs a uniform policy of charging a Network

25  Enhancement Fee to its customers;

26   75.    Whether Suddenlink adequately or accurately disclosed the Network

27  Enhancement Fee to Plaintiff and the Class members;

28   76.    Whether Suddenlink's charging of the Network Enhancement Fee to Plaintiff

CLASS ACTION COMPLAINT

- 15 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1     and the Class members is a false, deceptive, or misleading practice or policy;

2     77.     Whether Suddenlink's representations of the Network Enhancement Fee are
3     false, deceptive, or misleading;

4     78.     Whether it was deceptive, misleading, or unfair for Suddenlink not to disclose,
5     or to inadequately or inaccurately disclose as part of the advertised and promised price of its
6     internet services, the Network Enhancement Fee, its dollar amount, or the fact that Suddenlink
7     could choose to raise its amount at any time;

8     79.     Whether the Network Enhancement Fee, the fact that Suddenlink could choose
9     to raise it at any time, and the true price of Suddenlink's internet services are material
10     information, such that a reasonable consumer would find that information important to the
11     consumer's purchase decision;

12     80.     Whether Suddenlink's misrepresentations and omissions alleged herein violate
13     California's Consumers Legal Remedies Act, California's False Advertising Law, and
14     California's Unfair Competition Law; and

15     81.     Whether Plaintiff and the Class are entitled to an order enjoining Suddenlink
16     from engaging in the misconduct alleged herein and prohibiting Suddenlink from continuing to
17     charge the Network Enhancement Fee.

18     82.     *Typicality*. Plaintiff's claims are typical of Class members' claims. Plaintiff and
19     Class members all sustained injury as a direct result of Suddenlink's standard practices and
20     schemes, bring the same claims, and face the same potential defenses.

21     83.     *Adequacy*. Plaintiff will fairly and adequately protect Class members' interests.
22     Plaintiff has no interests antagonistic to Class members' interests. Plaintiff has retained counsel
23     with considerable experience and success in prosecuting complex class action and consumer
24     protection cases.

25     84.     *Superiority*. Further, a class action is superior to all other available methods for
26     fairly and efficiently adjudicating this controversy. Each Class member's interests are small
27     compared to the burden and expense required to litigate each of their claims individually, so it
28     would be impractical and would not make economic sense for class members to seek individual

CLASS ACTION COMPLAINT

- 16 -

1 redress for Defendants' conduct. Individual litigation would add administrative burden on the

2 courts, increasing the delay and expense to all parties and to the court system. Individual

3 litigation would also create the potential for inconsistent or contradictory judgments regarding

4 the same uniform conduct. A single adjudication would create economies of scale and

5 comprehensive supervision by a single judge. Moreover, Plaintiff does not anticipate any

6 difficulties in managing a class action trial.

7       85.    By their conduct and omissions alleged herein, Defendants have acted and

8 refused to act on grounds that apply generally to the Class, such that final injunctive relief

9 and/or declaratory relief is appropriate respecting the Class as a whole.

10      86.    The prosecution of separate actions by individual Class members would create a

11 risk of inconsistent or varying adjudications.

12      87.    A class action is the only practical, available method for the fair and efficient

13 adjudication of the controversy since, inter alia, the harm suffered by each Class member is too

14 small to make individual actions economically feasible.

15      88.    Common questions will predominate, and there will be no unusual

16 manageability issues.

17                                **CAUSES OF ACTION**

18                                      **COUNT I**
                  **Violation of the Consumers Legal Remedies Act ("CLRA")**
19                       **California Civil Code § 1750 *et seq.***

20      89.    Plaintiff realleges and incorporates by reference all paragraphs previously

21 alleged herein.

22      90.    Plaintiff brings this claim in his individual capacity, in his capacity as a private

23 attorney general seeking the imposition of public injunctive relief, and as a representative of the

24 Class.

25      91.    Each Defendant is a "person," as defined by Cal. Civ. Code § 1761(c).

26      92.    Plaintiff and Class members are "consumers," as defined by Cal. Civ. Code

27 §1761(d).

28      93.    Suddenlink's internet service plans are "services," as defined by Cal. Civ. Code

CLASS ACTION COMPLAINT
                                        - 17 -

1  § 1761(b).

2     94.    The purchases of Suddenlink's internet service plans by Plaintiff and Class
3  members are "transactions," as defined by Cal. Civ. Code § 1761(e).

4     95.    Plaintiff and Class members purchased Suddenlink's internet service plans for
5  personal, family, and/or household purposes, as meant by Cal. Civ. Code § 1761(d).

6     96.    Venue is proper under Cal. Civil Code § 1780(d) because a substantial portion
7  of the transactions at issue occurred in this county. Plaintiff's declaration establishing that this
8  Court is a proper venue for this action is attached hereto as **Exhibit F.**

9     97.    The unlawful methods, acts, or practices alleged herein to have been undertaken
10  by Suddenlink were all committed intentionally and knowingly. The unlawful methods, acts, or
11  practices alleged herein to have been undertaken by Suddenlink did not result from a *bona fide*
12  error notwithstanding the use of reasonable procedures adopted to avoid such error.

13     98.    Suddenlink has intentionally deceived Plaintiff and Class members, and
14  continues to deceive the public, by misrepresenting the prices of its internet services and by
15  failing to disclose or adequately disclose the Network Enhancement Fee or the true prices of
16  the services.

17     99.    Suddenlink has intentionally deceived Plaintiff and Class members, and
18  continues to deceive the public, by misrepresenting and failing to disclose or adequately
19  disclose material information about the true prices of its internet services and about the
20  existence, amount, basis, and nature of the Network Enhancement Fee.

21     100.    Suddenlink has intentionally deceived Plaintiff and Class members, and
22  continues to deceive the public, by misrepresenting and failing to disclose the fact that
23  Suddenlink can, and has, raised customers' monthly service prices during promised fixed-price
24  promotions by increasing the Network Enhancement Fee.

25     101.    Suddenlink's conduct alleged herein has violated the CLRA in multiple respects,
26  including, but not limited to, the following:

27        a.    Suddenlink advertised its internet service plans with an intent not to sell
28  them as advertised (Cal. Civ. Code § 1770(a)(9));

CLASS ACTION COMPLAINT
- 18 -

1          b.     Suddenlink misrepresented that its internet service plans were supplied

2    in accordance with previous representations when they were not (Cal. Civ. Code

3    § 1770(a)(16)); and

4          c.     Suddenlink inserted unconscionable provisions in its consumer

5    agreements, including an arbitration clause which waives the right to seek public injunctive

6    relief in any forum, in violation of California law.

7         102.    With respect to omissions, Suddenlink at all relevant times had a duty to

8    disclose the information in question because, inter alia: (a) Suddenlink had exclusive

9    knowledge of material information that was not known to Plaintiff and Class members;

10   (b) Suddenlink concealed material information from Plaintiff and Class members; and

11   (c) Suddenlink made partial representations, including regarding the supposed monthly prices

12   of its internet services, which were false and misleading absent the omitted information.

13        103.    Suddenlink's misrepresentations and nondisclosures deceive and have a

14   tendency to deceive the general public.

15        104.    Suddenlink's misrepresentations and nondisclosures are material, in that a

16   reasonable person would attach importance to the information and would be induced to act on

17   the information in making purchase decisions.

18        105.    Plaintiff and members of the Class reasonably relied on Suddenlink's material

19   misrepresentations and nondisclosures, and would not have purchased, or would have paid less

20   money for, Suddenlink's internet services had they known the truth.

21        106.    As a direct and proximate result of Suddenlink's violations of the CLRA,

22   Plaintiff and Class members have been harmed and lost money or property.

23        107.    Suddenlink's conduct alleged herein caused substantial injury to Plaintiff, Class

24   members, and the general public. Suddenlink's conduct is ongoing and is likely to continue and

25   recur absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining

26   Suddenlink from committing such practices.

27        108.    Absent injunctive relief, Suddenlink will continue to injure Plaintiff and Class

28   members. Suddenlink's misrepresentations and nondisclosures regarding the true prices for its

CLASS ACTION COMPLAINT

- 19 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  internet service plans; the existence, nature, and basis of the Network Enhancement Fee; and
2  Suddenlink's policy and practice of increasing customers' monthly service prices during
3  advertised or promised fixed-price periods by increasing the Network Enhancement Fee are
4  ongoing. Moreover, Suddenlink continues to charge Plaintiff and the Class the unfair and
5  unlawful Network Enhancement Fee. Even if such conduct were to cease, it is behavior that is
6  capable of repetition or re-occurrence by Suddenlink.

7      109.    Plaintiff, on behalf of himself and/or as a private attorney general, individually
8  seeks public injunctive relief under the CLRA to protect the general public from Suddenlink's
9  false advertisements and omissions—including Suddenlink's advertising of monthly service
10 rates that do not reflect the true rates, Suddenlink's failure to disclose or adequately disclose the
11 true rates or the Network Enhancement Fee, and Suddenlink's advertising fixed-price
12 promotional periods and "Price for Life" when Suddenlink can, and has, raised customers'
13 monthly service prices during these fixed-price periods by increasing the Network
14 Enhancement Fee.

15     110.    Plaintiff does not currently seek damages in this Complaint under the CLRA.

16     111.    In accordance with California Civil Code § 1782(a), Plaintiff, through counsel,
17 served Suddenlink with notice of its CLRA violations by USPS certified mail, return receipt
18 requested, on May 3, 2021. A true and correct copy of that notice is attached hereto as **Exhibit**
19 **G.**

20     112.    If Suddenlink fails to provide appropriate relief for its CLRA violations within
21 30 days of its receipt of Plaintiff's notification letter, Plaintiff will amend or seek leave to
22 amend this Complaint to pray for compensatory and punitive damages as permitted by Cal. Civ.
23 Code §§ 1780 and 1782(b), along with attorneys' fees and costs.

24
25
26
27
28

CLASS ACTION COMPLAINT

- 20 -

**HATTIS & LUKACS**
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1

**COUNT II**
**Violation of California's False Advertising Law**
**California Business and Professions Code § 17500 *et seq*.**

2

3      113.    Plaintiff realleges and incorporates by reference all paragraphs previously

4   alleged herein.

5      114.    Plaintiff brings this claim in his individual capacity, in his capacity as a private

6   attorney general seeking the imposition of public injunctive relief, and as a representative of the

7   Class.

8      115.    By its conduct and omissions alleged herein, Suddenlink has committed acts of

9   untrue or misleading advertising, as defined by and in violation of California Business &

10  Professions Code § 17500, *et seq.*, also known as California's False Advertising Law ("FAL").

11  These acts include but are not limited to: (a) misrepresenting the prices of its internet services;

12  (b) failing to disclose or adequately disclose the true prices of its internet services and the

13  existence, amount, basis, and nature of the Network Enhancement Fee; and (c) continuing to

14  hide, obscure, and misrepresent the Network Enhancement Fee even after customers sign up.

15     116.    With respect to omissions, Suddenlink at all relevant times had a duty to

16  disclose the information in question because, inter alia: (a) Suddenlink had exclusive

17  knowledge of material information that was not known to Plaintiff and the Class members;

18  (b) Suddenlink concealed material information from Plaintiff and the Class members; and

19  (c) Suddenlink made partial representations, including regarding the supposed monthly prices

20  of its internet services, which were false or misleading absent the omitted information.

21     117.    Suddenlink committed such violations of the FAL with actual knowledge that its

22  advertising was untrue or misleading, or Suddenlink, in the exercise of reasonable care, should

23  have known that its advertising was untrue or misleading.

24     118.    Suddenlink's misrepresentations and nondisclosures deceive and have a

25  tendency to deceive the general public.

26     119.    Suddenlink's misrepresentations and nondisclosures are material, in that a

27  reasonable person would attach importance to the information and would be induced to act on

28  the information in making purchase decisions.

CLASS ACTION COMPLAINT

- 21 -

1     120.   Plaintiff and members of the Class reasonably relied on Suddenlink's material

2  misrepresentations and nondisclosures, and would not have purchased, or would have paid less

3  money for, Suddenlink's internet services had they known the truth.

4     121.   By its conduct and omissions alleged herein, Suddenlink received more money

5  from Plaintiff and Class members than it should have received, including the excess Network

6  Enhancement Fee that Suddenlink charged Plaintiff and the Class on top of the advertised price

7  for the internet services, and that money is subject to restitution.

8     122.   As a direct and proximate result of Suddenlink's violations of the FAL, Plaintiff

9  and the Class members lost money.

10     123.   Suddenlink's conduct has caused substantial injury to Plaintiff, Class members,

11  and the public. Suddenlink's conduct is ongoing and is likely to continue and recur absent a

12  permanent injunction. Accordingly, Plaintiff seeks an order enjoining Suddenlink from

13  committing such violations of the FAL. Plaintiff further seeks an order granting restitution to

14  Plaintiff and the Class in an amount to be proven at trial. Plaintiff further seeks an award of

15  attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

16     124.   Absent injunctive relief, Suddenlink will continue to injure Plaintiff and Class

17  members. Plaintiff and the Class lack an adequate remedy at law. Suddenlink's

18  misrepresentations and omissions in its advertising regarding the true prices for its internet

19  service plans, the existence, nature, and basis of the Network Enhancement Fee, and

20  Suddenlink's policy and practice of increasing customers' monthly service prices during

21  advertised fixed-price periods by increasing the Network Enhancement Fee are ongoing.

22  Moreover, Suddenlink continues to charge Plaintiff and the Class the unfair and unlawful

23  Network Enhancement Fee. Even if such conduct were to cease, it is behavior that is capable of

24  repetition or re-occurrence by Suddenlink.

25     125.   Plaintiff, on behalf of himself and/or as a private attorney general, individually

26  seeks public injunctive relief under the FAL to protect the general public from Suddenlink's

27  false advertisements and omissions—including Suddenlink's advertising of monthly service

28  rates that do not reflect the true rates, Suddenlink's failure to disclose or adequately disclose the

CLASS ACTION COMPLAINT

- 22 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 | true rates or the Network Enhancement Fee in its advertising, and Suddenlink's advertising
2 | fixed-price promotional periods and "Price for Life" when Suddenlink reserves the ability to
3 | raise customers' monthly service prices during these fixed-price periods by increasing the
4 | Network Enhancement Fee.

<div align="center">

**COUNT III**
**Violation of California's Unfair Competition Law**
**California Business and Professions Code § 17200 *et seq.***

</div>

7 | 126.    Plaintiff realleges and incorporates by reference all paragraphs previously
8 | alleged herein.

9 | 127.    Plaintiff brings this claim in his individual capacity, in his capacity as a private
10 | attorney general seeking the imposition of public injunctive relief, and as a representative of the
11 | Class.

12 | 128.    California Business & Professions Code § 17200, *et seq.*, also known as
13 | California's Unfair Competition Law (UCL), prohibits any unfair, unlawful, or fraudulent
14 | business practice.

15 | 129.    By its conduct and omissions alleged herein, Suddenlink has violated the
16 | "unfair" prong of the UCL, including without limitation by: (a) pervasively misrepresenting
17 | Suddenlink internet service prices while failing to disclose and/or to adequately disclose that
18 | Suddenlink actually charges higher monthly prices than advertised, through its imposition of
19 | the Network Enhancement Fee on top of the advertised price; (b) hiding, obscuring, and
20 | misrepresenting the existence, nature, and basis of the Network Enhancement Fee prior to, and
21 | at the time a consumer signs up for Suddenlink internet services; (c) continuing to hide,
22 | obscure, and misrepresent the existence, nature, and basis of the Network Enhancement Fee
23 | even after customers have signed up; (d) imposing and increasing the Network Enhancement
24 | Fee on customers without notice or without adequate notice; (e) hiding, obscuring, and
25 | misrepresenting prior to, and at the time a consumer signs up, the fact that Suddenlink can, and
26 | has, increased customers' monthly internet service prices during an advertised or promised
27 | fixed-price period by increasing the Network Enhancement Fee; (f) increasing the Network
28 | Enhancement Fee on customers during a promised fixed price period; (g) preventing existing

CLASS ACTION COMPLAINT

- 23 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  customers from freely canceling their services after learning the actual total monthly amount
2  they are charged or learning of the Network Enhancement Fee or increases to the Network
3  Enhancement Fee; and (h) imposing and increasing the Network Enhancement Fee as a covert
4  way to increase the actual monthly prices customers pay for their services without having to
5  advertise the true higher prices.

6      130.    Suddenlink's conduct and omissions alleged herein are immoral, unethical,
7  oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and the
8  Class. Perpetrating a years-long scheme of misleading and overcharging customers is immoral,
9  unethical, and unscrupulous. Moreover, Suddenlink's conduct is oppressive and substantially
10 injurious to consumers. By its conduct alleged herein, Suddenlink has improperly extracted
11 hundreds of thousands of dollars from California consumers. There is no utility to Suddenlink's
12 conduct, and even if there were any utility, it would be significantly outweighed by the gravity
13 of the harm to consumers caused by Suddenlink's conduct alleged herein.

14     131.    Suddenlink's conduct and omissions alleged herein also violate California
15 public policy, including as such policy is reflected in Cal. Civ. Code § 1750 *et seq.* and Cal.
16 Civ. Code §§ 1709–1710.

17     132.    By its conduct and omissions alleged herein, Suddenlink has violated the
18 "unlawful" prong of the UCL, including by making material misrepresentations and omissions
19 in violation of Cal. Bus. & Prof. Code § 17500 *et seq.* and Cal. Civ. Code § 1750, *et seq.,*
20 engaging in deceit in violation of Cal Civ. Code §§ 1709–1710, and violating the implied
21 covenant of good faith and fair dealing, in violation of California common law.

22     133.    Suddenlink has violated the "fraudulent" prong of the UCL by making material
23 misrepresentations and omissions, including regarding: (a) the true prices of its internet
24 services; (b) the existence and amount of the Network Enhancement Fee; (c) the nature and
25 basis of the Network Enhancement Fee; and (d) advertising fixed-price promotional periods
26 and "Price for Life" when Suddenlink can, and has, raised customers' monthly service prices
27 during these fixed-price periods by increasing the Network Enhancement Fee.

28     134.    With respect to omissions, Suddenlink at all relevant times had a duty to

CLASS ACTION COMPLAINT

- 24 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  disclose the information in question because, inter alia: (a) Suddenlink had exclusive
2  knowledge of material information that was not known to Plaintiff and the Class;
3  (b) Suddenlink concealed material information from Plaintiff and the Class; and (c) Suddenlink
4  made partial representations, including regarding the supposed monthly prices of its internet
5  services, which were false and misleading absent the omitted information.

6      135.    Suddenlink's material misrepresentations and nondisclosures were likely to
7  mislead reasonable consumers, existing and potential customers, and the public.

8      136.    Suddenlink's misrepresentations and nondisclosures deceive and have a
9  tendency to deceive the general public and reasonable consumers.

10     137.    Suddenlink's misrepresentations and nondisclosures are material, such that a
11 reasonable person would attach importance to the information and would be induced to act on
12 the information in making purchase decisions.

13     138.    Plaintiff and members of the Class reasonably relied on Suddenlink's material
14 misrepresentations and nondisclosures, and would not have purchased, or would have paid less
15 money for, Suddenlink's internet services had they known the truth.

16     139.    By its conduct and omissions alleged herein, Suddenlink received more money
17 from Plaintiff and the Class than it should have received, including the excess Network
18 Enhancement Fees that Suddenlink charged Plaintiff and the Class on top of the advertised
19 price for the internet services, and that money is subject to restitution.

20     140.    As a direct and proximate result of Suddenlink's unfair, unlawful, and
21 fraudulent conduct, Plaintiff and the Class members suffered harm and lost money.

22     141.    Suddenlink's conduct has caused substantial injury to Plaintiff, Class members,
23 and the public. Suddenlink's conduct described herein is ongoing and is likely to continue and
24 recur absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining
25 Suddenlink from committing such unlawful, unfair, and fraudulent business practices. Plaintiff
26 further seeks an order granting restitution to Plaintiff and the Class in an amount to be proven
27 at trial. Plaintiff further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc.
28 § 1021.5.

CLASS ACTION COMPLAINT

- 25 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    142.    Absent injunctive relief, Suddenlink will continue to injure Plaintiff and Class

2   members. Plaintiff and the Class lack an adequate remedy at law. Suddenlink's

3   misrepresentations and nondisclosures regarding the true prices for its internet service plans,

4   the existence, nature, and basis of the Network Enhancement Fee, and Suddenlink's policy and

5   practice of increasing customers' monthly service prices during advertised or promised fixed-

6   price periods by increasing the Network Enhancement Fee are ongoing. Moreover, Suddenlink

7   continues to charge Plaintiff and the Class the unfair and unlawful Network Enhancement Fee.

8   Even if such conduct were to cease, it is behavior that is capable of repetition or re-occurrence

9   by Suddenlink.

10    143.    Plaintiff, on behalf of himself and/or as a private attorney general, individually

11   seeks public injunctive relief under the UCL to protect the general public from Suddenlink's

12   false advertisements and omissions—including Suddenlink's advertising of monthly service

13   rates that do not reflect the true rates, Suddenlink's failure to disclose or adequately disclose the

14   true rates or the Network Enhancement Fee, and Suddenlink's advertising fixed-price

15   promotional periods and "Price for Life" when Suddenlink can, and has, raised customers'

16   monthly service prices during these fixed-price periods by increasing the Network

17   Enhancement Fee.

18    **PRAYER FOR RELIEF**

19   **Public Injunctive Relief:**

20    A.    In order to prevent injury to the general public, Plaintiff Nick Vasquez

21   individually and/or as a private attorney general, requests that the Court enter a public

22   injunction against Suddenlink under the CLRA, FAL, and UCL as follows:

23    1.    Permanently enjoin Suddenlink from falsely advertising the prices of its

24   internet service plans and from concealing the true prices of its service plans; and

25    2.    Permanently enjoin Suddenlink from advertising fixed-price promotional

26   periods and "Price for Life" for its service plans when Suddenlink in fact reserves the right to

27   raise customers' monthly service prices during these fixed-price periods by increasing

28   discretionary fees.

CLASS ACTION COMPLAINT                                    - 26 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

**Individual and Class Relief:**

        B.      On behalf of himself and the proposed Class, Plaintiff Nick Vasquez requests that the Court order relief and enter judgment against Suddenlink as follows:

           1.      Declare this action to be a proper class action, certify the proposed Class, and appoint Plaintiff and his counsel to represent the Class;

           2.      Declare that Suddenlink's conduct alleged herein violates the CLRA, FAL, and UCL;

           3.      Permanently enjoin Suddenlink from engaging in the misconduct alleged herein;

           4.      Order Suddenlink to discontinue charging the Network Enhancement Fee to its customers in California;

           5.      Order Suddenlink to hold in constructive trust all Network Enhancement Fee payments received from the Class;

           6.      Order Suddenlink to perform an accounting of all such Network Enhancement Fee payments;

           7.      Order disgorgement or restitution, including, without limitation, disgorgement of all revenues, profits, and/or unjust enrichment that Suddenlink obtained, directly or indirectly, from Plaintiff and the members of the Class or otherwise as a result of the unlawful conduct alleged herein;

           8.      Order Suddenlink to engage an independent person, group, or organization to conduct an internal assessment to (a) identify the root causes of the decisions that led Suddenlink to misrepresent its actual rates, (b) identify corrective actions and institutional culture changes to address these root causes, and (c) help Suddenlink implement and track those corrective actions to ensure Suddenlink does not engage in such misrepresentations again;

           9.      Order Suddenlink to pay reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

          10.      Retain jurisdiction to monitor Suddenlink's compliance with the

CLASS ACTION COMPLAINT

- 27 -

**HATTIS & LUKACS**
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 | permanent injunctive relief; and

2 |         11.    Grant such other relief as this Court deems just and proper.

3 |                        **DEMAND FOR JURY TRIAL**

4 |     Plaintiff demands a trial by jury on all issues so triable.

5 |

6 |     DATED this 4th day of May, 2021.

7 |                              Presented by:

8 |                              HATTIS & LUKACS

9 |                              By:

10 |                             Daniel M. Hattis (SBN 232141)
                                Paul Karl Lukacs (SBN 197007)
11 |                            HATTIS & LUKACS
                               400 108th Ave NE, Ste 500
12 |                           Bellevue, WA 98004
                              Telephone: (425) 233-8650
13 |                          Facsimile: (425) 412-7171
                             Email: dan@hattislaw.com
14 |                         Email: pkl@hattislaw.com

15 |                             Attorneys for Plaintiff Nick Vasquez
                                and the Proposed Class

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CLASS ACTION COMPLAINT
                                        - 28 -

# EXHIBIT A

# EXHIBIT A

## "Choose Services" Webpage



# EXHIBIT B

# EXHIBIT B

## "Customize" Webpage

Offer Unlocked: Use code VIDEO10 for $10 off your TV bundle

suddenlink

11844 ATWOOD RD, AUBURN, CA 95603

Choose Services — Customize — Customer Info — Schedule Installation — Order Confirmation

### CUSTOMIZE YOUR SERVICE

**SET UP YOUR EQUIPMENT**

| | |
|---|---|
| Modem | $10.00/MO. |

- Smart Router
- In-home WiFi
- 24/7 Tech support

Use my own Modem & WiFi Router

- Requires a Suddenlink certified modem
- Wireless router, in-home Smart WiFi, and free modem upgrades not included

How many TVs would you like service on? 1

I would like TiVo Any Room DVR

| | | |
|---|---|---|
| TV1 | High Definition Cable Box | $11.00/MO. |

- New outlet installations are not covered and will require additional charges.

**INTERNET EXPERIENCE**

Internet 150 Unlimited Data for **$20.00 more per month** — Upgrade

**TV EXPERIENCE**

Suddenlink Select TV for **$15.00 more per month** — Upgrade

- 290 channels including NFL Network View Channels

Suddenlink Premier TV for **$35.00 more per month** — Upgrade

- 340 channels including HBO Max & NFL Network View Channels

Add Channels

| | |
|---|---|
| HBO Max | $14.99/MO. |
| Showtime and The Movie Channel | $10.99/MO. |
| Starz and Starz Encore | $9.99/MO. |
| Cinemax | $9.99/MO. |
| Movie Package | $10.00/MO. |
| Family Package | $10.00/MO. |

**EXPERIENCE MORE**

**Altice Mobile**

Pick your data. Switch any time. Starting at **$14.00/month** per line.

Yes, I am interested in Altice Mobile and would like to be contacted for more information.

**Add Home Phone**

Home Phone for **$10.00 more per month** — Add

- Unlimited local and long distance calling anytime, to anywhere in the United States, Guam, Puerto Rico and the U.S. Virgin Islands with over 12 useful calling features.

**Altice Amplify**

| | | |
|---|---|---|
| Altice Amplify, the smart speaker with Amazon Alexa. | 0 | $10.00/MO. |

**In-Home Protection Plan**

| | |
|---|---|
| Add Safeguard to cover in-home wire repairs. | $6.99/MO. |

**INSTALLATION OPTIONS**

| | |
|---|---|
| Free Installation | FREE |
| Premium Installation | $59.00 |

Back to Previous Page — Continue

### YOUR PACKAGE

Internet 100 Unlimited Data and Value TV

Monthly Total **$81.00**

Monthly Charges:

| | |
|---|---|
| Internet 100 Unlimited Data and Value TV | $75.00 |
| Auto Pay and Paperless Billing Discount | -$5.00 |
| High Definition Cable Box | $11.00 |
| Use my own Modem & WiFi Router | $0.00 |

One Time Charges:

| | |
|---|---|
| $200 Gift with Purchase Promotion | $0.00 |
| Free TV Installation | $0.00 |

Promo Code:

Enter Code — Apply

For residential customers only. Additional taxes, fees, surcharges and restrictions apply. First month's service, installation charge, activation fee (if required) and any past due balances with Suddenlink are due prior to installation. Internet includes monthly data plan.



# EXHIBIT C

# EXHIBIT C

## "Customer Info" Webpage

Offer Unlocked: Use code VIDEO10 for $10 off your TV bundle

suddenlink

11844 ATWOOD RD, AUBURN, CA 95603

Choose Services — Customize — 3 Customer Info — 4 Schedule Installation — 5 Order Confirmation

### CUSTOMER INFORMATION

11844 Atwood Rd, Auburn, Ca 95603

First Name *

Last Name *

Phone *

Email *

Date of Birth*

Month DD YYYY

☐ Click here to receive text messages regarding your installation appointment and order

☑ Click here to receive Suddenlink email communications

By selecting "continue" you agree to having a customer service agent call the number above and you represent the number is your phone number

Back to Previous Page    Continue

### YOUR PACKAGE

Internet 100 Unlimited Data and Value TV

Monthly Total $81.00

Monthly Charges:

| | |
|---|---|
| Internet 100 Unlimited Data and Value TV | $75.00 |
| Auto Pay and Paperless Billing Discount | -$5.00 |
| High Definition Cable Box | $11.00 |
| Use my own Modem & WiFi Router | $0.00 |

One Time Charges:

| | |
|---|---|
| $200 Gift with Purchase Promotion | $0.00 |
| Free TV Installation | $0.00 |

Promo Code:

Enter Code    Apply

For residential customers only. Additional taxes, fees, surcharges and restrictions apply. First month's service, installation charge, activation fee (if required) and any past due balances with Suddenlink are due prior to installation. Internet includes monthly data plan.

Cart ID: LBS4AHMJ



# EXHIBIT D

# EXHIBIT D

## “Schedule Installation” and Order Submission Webpage

Offer Unlocked: Use code VIDEO10 for $10 off your TV bundle

suddenlink

11844 ATWOOD RD, AUBURN, CA 95603

Choose Services — Customize — Customer Info — 4 Schedule Installation — 5 Order Confirmation

### SCHEDULE INSTALLATION

Please select when you would like your services installed

- ◯ I would like to choose my date and time for installation
- ◯ I would like the next available installation time

6524446787

Special Instructions

You have 35 characters remaining

### ENROLL IN AUTO PAY

Auto Pay Information

Enroll in Auto Pay and Paperless Billing to keep your $5.00 discount?

◯ Yes ◯ No

By enrolling in Auto Pay and Paperless Billing, you are agreeing to the Bill Pay and Paperless Billing Terms of Service.

Place Order

By selecting 'Place Order': (i) you agree to having our automated phone system call the number entered above to confirm your appointment, inform you when ourtechnician is on the way to your home and to follow up on your satisfaction with our service; (ii) you represent that you are the Customer or Customer's authorized agent: (iii) you acknowledge that you have been given an opportunity to review the Residential Service Agreement found here and the Suddenlink Privacy Policy found here and agree to the terms; and (iv) you acknowledge that THE RESIDENTIAL SERVICE AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

### YOUR PACKAGE

Internet 100 Unlimited Data and Value TV

Monthly Total **$81.00**

Monthly Charges:

| | |
|---|---|
| Internet 100 Unlimited Data and Value TV | $75.00 |
| Auto Pay and Paperless Billing Discount | -$5.00 |
| High Definition Cable Box | $11.00 |
| Use my own Modem & WiFi Router | $0.00 |

One Time Charges:

| | |
|---|---|
| $200 Gift with Purchase Promotion | $0.00 |
| Free TV Installation | $0.00 |

For residential customers only. Additional taxes, fees, surcharges and restrictions apply. First month's service, installation charge, activation fee (if required) and any past due balances with Suddenlink are due prior to installation. Internet includes monthly data plan.

Cart ID: LBS4AHMJ

Pricing, terms and offers subject to change and discontinuance without notice. All trademarks and service marks are the property of their respective owners.

All services not available in all areas. [illegible] Holdings, LLC.

About Altice USA | Privacy Policy | Terms & Policies | Disclaimers



# EXHIBIT E

Suddenlink - Special Offers

🔒 order.suddenlink.com/Buyflow/Products



## INTERNET, VALUE TV & PHONE WITH ALTICE ONE

## INTERNET, SELECT TV & PHONE WITH ALTICE ONE

## INTERNET, PREMIER TV & PHONE WITH ALTICE ONE

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to optional offer is not a MetaBank product or service nor does MetaBank endorse this offer. Card is distributed and serviced by InComm Financial Services, Inc., which is licensed as a Money Transmitter by the New York State Department of Financial Services. SUDDENLINK AMPLIFY: Amazon, Alexa and all related logos are trademarks of Amazon.com, Inc. or its affiliates. Alexa is a service of Amazon and is operated on Amazon's systems. Your use of Alexa and the Altice One Skill is subject to your agreements with Amazon and Amazon's privacy policy. Altice is not affiliated with Amazon and is not a party to or responsible for your agreements with Amazon or for its products and services. Speeds, availability, pricing, offers, and terms vary by area and subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective owners. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.*

## INTERNET, VALUE TV & PHONE

## INTERNET, SELECT TV & PHONE

## INTERNET, PREMIER TV & PHONE

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected srvc within past 30 days or for seasonal move not eligible. Must maintain all srvcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of srvc., and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 Internet has speeds up to 75 Mbps downstream/5 Mbps upstream. Suddenlink 100 Internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 Internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Advertised speed for wired connection. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add on amount, is exceeded. The speed of Internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability sbjct to factors beyond Suddenlink's control. SUDDENLINK PHONE: Unlimited Long Distance includes the 50 states as well as Guam, Puerto Rico, and the U.S. Virgin Islands and applies only to direct-dialed person-to-person calls from home phone. Phone usage must be consistent with typical residential voice usage. Phone service will not function in the event of battery backup failures or network or electrical outages. Phone service may not be compatible with all security and medical monitoring systems. BASIC TV: HDTV & HD set top box req'd for HD service. # of TVs chts. HD chls & features denend on plan type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/tvlineup. EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. Cable boxes needed for each TV & will be billed at reg. monthly rate. A $10 monthly modem lease fee applies. Free Smart Router available with leased modem. Limit 1 router per household. In select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card cannot be used to pay Suddenlink monthly bill. Card value expires in 12 months. Visa Reward Card may be used when making purchases from merchants in the U.S. and District of Columbia everywhere Visa debit cards are accepted. No ATM access. Terms and Conditions apply to Reward Cards. See Cardholder Agreement for details. Visa Reward Card is issued by MetaBank®, N.A., Member FDIC pursuant to a license from Visa U.S.A. Inc. This optional offer is not a*

1





MetaBank product or service nor does MetaBank endorse this offer. Card is distributed and serviced by InComm Financial Services, Inc., which is licensed as a Money Transmitter by the New York State Department of Financial Services. SUDDENLINK AMPLIFY: Amazon, Alexa and all related logos are trademarks of Amazon.com, Inc. or its affiliates. Alexa is a service of Amazon and is operated on Amazon's systems. Your use of Alexa and the Altice One Skill is subject to your agreements with Amazon and Amazon's privacy policy. Altice is not affiliated with Amazon and is not a party to or responsible for your agreements with Amazon or for its products and services. Speeds, availability, pricing, offers, and terms vary by area and subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective owners. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.

## INTERNET & VALUE TV WITH ALTICE ONE

## INTERNET & SELECT TV WITH ALTICE ONE

## INTERNET & PREMIER TV WITH ALTICE ONE

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected srvc within past 30 days or for seasonal move not eligible. Must maintain all srvcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of srvc., and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 Internet has speeds up to 75 Mbps downstream/5 Mbps upstream. Suddenlink 100 Internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 Internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add on amount, is exceeded. The speed of Internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability sbjct to factors beyond Suddenlink's control. BASIC TV: Req's all TVs have an HDMI input. Not all content delivered through Altice One is in 4K Ultra HD. # of TV ch's, HD ch's & features depend on pkg type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/tvlineup. EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. A $20 Altice One (A1) Pak monthly fee applies. A1 Mini boxes avail for add'l $10/mo. In select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card will be mailed to customers who maintain promotion and remain in good standing with no past due or returned payments throughout first 90 days after*

INTERNET & PREMIER TV

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected srvc within past 30 days or for seasonal move not eligible. Must maintain all srvcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of srvc., and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 Internet has speeds up to 75 Mbps downstream/5 Mbps upstream. Suddenlink 100 Internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 Internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Advertised speed for wired connection. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add on amount, is exceeded. The speed of Internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability sbjct to factors beyond Suddenlink's control. BASIC TV: HDTV & HD set-top box req'd for HD service. # of TV ch's, HD ch's & features depend on pkg type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/tvlineup. EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. Cable boxes needed for each TV & will be billed at reg. monthly rate. A $10 monthly modem lease fee applies. Free Smart Router available with leased modem. Limit 1 router per household. In select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card will be mailed to customers who maintain promotion and remain in good standing with no past due or returned payments throughout first 90 days after account activation. Allow 4-6 weeks for delivery. Limit 1 per customer. Visa Reward Card cannot be used to pay Suddenlink monthly bill. Card value expires in 12 mos. Visa Reward Card may be used when making purchases from merchants in the U.S. and District of Columbia everywhere Visa debit cards are accepted. No ATM access. Terms and Conditions apply to Reward Cards. See Cardholder Agreement for details. Visa Reward Card is issued by MetaBank®, N.A., Member FDIC pursuant to a license from Visa U.S.A. Inc. This optional offer is not a MetaBank product or service nor does MetaBank endorse this offer. Card is distributed and serviced by InComm Financial subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective*

owners. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.

## CORE TV & PHONE

## VALUE TV & PHONE



*Free 60-day Altice Advantage Internet is available for new residential Internet customers who do not have Suddenlink internet service and share a household with a student (K-12) or a college student only. Former Suddenlink accounts previously not in good standing are not eligible. Terms, conditions and restrictions apply. Where available. At end of 60-day period, service will be billed at $14.99 per month until canceled. New student Altice Advantage Internet customers can benefit from a $5/mo. discount for 3 months for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. As of 4th month, price will increase to normal rate of $14.99 per month. TAXES & FEES: $20 installation fee applies and will appear on initial bill. May not be combined with other offers. Other add-on options may be available. Minimum system requirements and equipment configurations apply. Advertised speed for wired connection. Many factors affect speed. Actual speeds may vary and are not guaranteed. Unlimited data subject to reasonable network management practices employed to minimize congestion or service degradation. Wireless speed, performance and availability subject to factors beyond Suddenlink's control. Limit 1 gateway per household. All rights reserved. Pricing, offers and terms is not transferable and is subject to change and discontinuance without notice. For system requirements or limitations, offer details, restrictions, terms and conditions, see AlticeAdvantageInternet.com/terms. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.*

Cart ID: LBS4AHMJ

3

# EXHIBIT F

DocuSign Envelope ID: 55EDC319-FCB6-42DB-B1C9-9D5E4F3AE478

1  Daniel M. Hattis (SBN 232141)
   Paul Karl Lukacs (SBN 197007)
2  HATTIS & LUKACS
   400 108th Ave NE, Ste 500
3  Bellevue, WA 98004
   Telephone: (425) 233-8650
4  Facsimile: (425) 412-7171
   Email: dan@hattislaw.com
5  Email: pkl@hattislaw.com

6  *Attorneys for Plaintiff Nick Vasquez*
   *and the Proposed Class*
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF HUMBOLDT

10                          UNLIMITED CIVIL

11 NICK VASQUEZ,                          Case No. _____
   For Himself,
12 As A Private Attorney General, and/or
   On Behalf Of All Others Similarly Situated,   **DECLARATION OF**
13                                         **NICK VASQUEZ**
                                           **PURSUANT TO THE CALIFORNIA**
14                                         **CONSUMERS LEGAL REMEDIES**
                                           **ACT**
15                            Plaintiff,   **(CAL. CIVIL CODE § 1780(d))**

16 v.                                      **[FILED CONCURRENTLY**
                                           **WITH COMPLAINT]**
17 CEBRIDGE TELECOM CA, LLC (D/B/A
   SUDDENLINK COMMUNICATIONS);
18 ALTICE USA, INC.; AND
   DOES 1 THROUGH 10, INCLUSIVE,
19
20                            Defendants.
21
22
23
24
25
26
27
28

CLRA DECLARATION                    - 1 -       **HATTIS & LUKACS**
                                                400 108th Ave. NE, Ste 500
                                                Bellevue, WA 98004
                                                T: 425.233.8650 | F: 425.412.7171
                                                www.hattislaw.com

DocuSign Envelope ID: 55EDC319-FCB6-42DB-B1C9-9D5E4F3AE478

1    I, NICK VASQUEZ, hereby declare and state as follows:

2    1.    I am over the age of 18 years, and am the plaintiff in the above-referenced civil

3    action.

4    2.    The facts contained herein are based on my personal knowledge except as to

5    facts stated upon information and belief and, as to those, I believe it to be true.

6    2.    This civil action pleads a cause of action for violation of the California

7    Consumers Legal Remedies Act ("CLRA") against Defendants Cebridge Telecom CA, LLC

8    (D/B/A Suddenlink Communications) and Altice USA, Inc. (collectively "Defendants" or

9    "Suddenlink"). This civil action has been commenced in a county described in Section 1780(d)

10   of the California Civil Code as a proper place for the trial of the action.

11   3.    This action is being commenced in the County of Humboldt because that is a

12   county in which each of the Defendants is doing business. Each of the Defendants is doing

13   business in the County of Humboldt by, without limitation, advertising and selling its internet

14   services in the County of Humboldt including in its retail store located in Eureka, California.

15   4.    This action is being commenced in the County of Humboldt because I

16   subscribed to and received Suddenlink internet services, and was charged the Network

17   Enhancement Fee which is the subject of this Complaint, at my home in Arcata, California,

18   which is in the County of Humboldt.

19   I declare under penalty of perjury under the laws of the State of California that the

20   foregoing is true and correct.

21   Executed in Humboldt County, California.

22

23   Date: 5/3/2021                        Nick Vasquez

24                                         NICK VASQUEZ

25

26

27

28

CLRA DECLARATION                           - 2 -
HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

# EXHIBIT G



Daniel M. Hattis, Esq.
425.233.8628
dan@hattislaw.com

**HATTIS & LUKACS**
**Attorneys at Law**

400 108th Ave NE, Ste 500
Bellevue, WA 98004
Phone: 425.233.8650
www.hattislaw.com

May 3, 2021

## VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

Dexter Goei, CEO                                    Agent for Cebridge Telecom CA, LLC
Altice USA, Inc.                                    CSC – Lawyers Incorporating Service
Cebridge Telecom CA, LLC                            2710 Gateway Oaks Drive, Suite 150N
One Court Square                                    Sacramento, CA 95833
Long Island City, New York 11101

Re:    Notice of Violation of California Consumers Legal Remedies Act
       My Client: Nick Vasquez

Dear Mr. Goei:

      This law firm represents Nick Vasquez, who purchased a Suddenlink internet service plan in Arcata, California. We send this letter pursuant to the California Consumers Legal Remedies Act, California Civil Code Section 1750 *et seq.* ("CLRA") to notify Cebridge Telecom CA, LLC (d/b/a Suddenlink) and Altice USA, Inc. (collectively, "Suddenlink") that its practice of advertising monthly rates for its internet service plans and then deceptively and unfairly charging customers higher monthly rates through the imposition of a so-called "Network Enhancement Fee" and increases thereto, violates the CLRA. We demand that Suddenlink rectify its violations within 30 days of receipt of this letter.

      Suddenlink prominently advertises particular flat monthly rates for its internet service plans and plans bundled with internet service. Then, after customers sign up, Suddenlink actually charges higher monthly rates than the customers were promised and agreed to pay. Suddenlink covertly increases the actual price by padding customers' bills each month with a bogus so-called "Network Enhancement Fee" (currently $3.50 per month) on top of the advertised price. The Network Enhancement Fee (the "Fee") is not disclosed to customers before or when they sign up, and in fact it is never adequately and honestly disclosed to them. The so-called Network Enhancement Fee is not a bona fide fee, but rather is simply a means for Suddenlink to charge more per month for the service itself without having to advertise the higher prices, and to covertly raise the cost of internet service at any time, even during promised fixed-rate promotional periods.

      Suddenlink also deliberately hides and obfuscates the Fee in its billing statements. Suddenlink intentionally buries the Fee in a portion of the statement that makes it likely

May 3, 2021
Page 2

customers will not notice it and misleadingly suggests that the Fee is a tax or government pass-through fee over which Suddenlink has no control.

Mr. Vasquez is a Suddenlink internet customer in Arcata, California. His Suddenlink account number is ███████████. He signed up for his service on Suddenlink's website in late August 2020 in reliance on Suddenlink's advertisements and promises regarding the monthly rate for the service. Suddenlink did not disclose to him that the Network Enhancement Fee would be charged, nor did it disclose to him that the true monthly price for his service would be higher that what Suddenlink advertised. Mr. Vasquez has been subjected to Suddenlink's bait-and-switch scheme. Mr. Vasquez, like all Suddenlink internet customers in California, has suffered harm because Suddenlink has charged him higher monthly prices than he was promised, via Suddenlink's covert imposition of the bogus Network Enhancement Fee.

Suddenlink's material misrepresentations, omissions, and failures to disclose violated the CLRA in the following manner:

1.   Suddenlink advertised its internet service plans with an intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9));

2.   Suddenlink misrepresented that its internet service plans were supplied in accordance with previous representations when they were not (Cal. Civ. Code § 1770(a)(16)); and

3.   Suddenlink inserted unconscionable provisions in its consumer agreements, including an arbitration clause which waives the right to seek public injunctive relief in any forum, in violation of California law.

We demand that within thirty (30) days of receiving this letter, Suddenlink agree to (1) refrain from engaging in the deceptive practices described above at any time in the future; and (2) return all money that Suddenlink's California customers have paid in "Network Enhancement Fees." If Suddenlink refuses to provide the demanded relief within thirty (30) days, we will seek compensatory and punitive damages, restitution, and any other appropriate equitable relief under the CLRA.

I can be reached at (425) 233-8628 or dan@hattislaw.com.

Very truly yours,

Daniel M. Hattis

FILED

JUL **1 9** 2021

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
HATTIS & LUKACS
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com

*Attorneys for Plaintiff Nick Vasquez
and the Proposed Class*

1
2
3
4
5
6
7
8
9
10
11

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF HUMBOLDT

UNLIMITED CIVIL

| | |
|---|---|
| NICK VASQUEZ,<br>For Himself,<br>As A Private Attorney General, and/or<br>On Behalf Of All Others Similarly Situated,<br><br><br>Plaintiff,<br><br>v.<br><br>CEBRIDGE TELECOM CA, LLC (D/B/A<br>SUDDENLINK COMMUNICATIONS);<br>ALTICE USA, INC.; and<br>DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No. CV2100639<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>**(1) VIOLATION OF CAL. CIVIL CODE<br>§ 1750;**<br>**(2) VIOLATION OF CAL. BUSINESS &<br>PROFESSIONS CODE § 17500;**<br>**(3) VIOLATION OF CAL. BUSINESS &<br>PROFESSIONS CODE § 17200**<br><br>**JURY TRIAL DEMANDED** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED
CLASS ACTION COMPLAINT

1

## **TABLE OF CONTENTS**

2    INTRODUCTION AND SUMMARY .................................................................................. - 1 -

3    THE PARTIES...................................................................................................................... - 3 -

4    JURISDICTION AND VENUE ........................................................................................... - 3 -

     FACTUAL ALLEGATIONS OF SUDDENLINK'S BAIT AND SWITCH SCHEME......... - 4 -
5
          A.    Suddenlink's Website Advertising and Online Purchase Process
6                 Made False and Misleading Statements About the Prices
                  Suddenlink Charged for Its Internet Service Plans. .......................................... - 6 -
7
          B.    Suddenlink's Sales Agents Make False and Misleading Statements
8                 About the Prices Suddenlink Charges for Its Cable Television
                  Service Plans. .................................................................................................... - 10 -
9
          C.    Suddenlink Continues To Deceive Customers After They Sign Up. .............. - 11 -
10
          D.    Suddenlink Intentionally Makes It Difficult for Customers to
11                Cancel Service.................................................................................................. - 13 -

12   PLAINTIFF'S FACTUAL ALLEGATIONS ...................................................................... - 15 -

13   CLASS ALLEGATIONS..................................................................................................... - 17 -

14   CAUSES OF ACTION ........................................................................................................ - 21 -

          COUNT I: Violation of the Consumers Legal Remedies Act ("CLRA")
15        California Civil Code § 1750 et seq. ................................................................................ - 21 -

16        COUNT II: Violation of California's False Advertising Law
          California Business and Professions Code § 17500 et seq............................................... - 24 -
17
          COUNT III: Violation of California's Unfair Competition Law
18        California Business and Professions Code § 17200 et seq............................................... - 26 -

19   PRAYER FOR RELIEF....................................................................................................... - 29 -

     DEMAND FOR JURY TRIAL............................................................................................ - 32 -

20

21

22

23

24

25

26

27

28

1   Plaintiff NICK VASQUEZ, individually, as a private attorney general, and on behalf of

2   all others similarly situated, alleges as follows, on personal knowledge and investigation of his

3   counsel, against Defendant Cebridge Telecom CA, LLC (d/b/a Suddenlink Communications),

4   Defendant Altice USA, Inc., and Defendants Does 1 through 10, inclusive, (collectively,

5   "Suddenlink"):

6                          **INTRODUCTION AND SUMMARY**

7       1.      Plaintiff Nick Vasquez, individually, as a private attorney general to protect the

8   general public, and on behalf of all others similarly situated, brings this action under California

9   law to challenge a bait-and-switch scheme whereby Suddenlink charges customers more for its

10  internet service plans[1] than Suddenlink advertised and promised.  Suddenlink advertises and

11  promises to consumers a promotional flat monthly rate for its internet service plans for a

12  specified time period, but then actually charges them higher monthly rates during that period

13  via a disguised and fabricated extra charge on the bill (which Suddenlink calls the "Network

14  Enhancement Fee"). Suddenlink also uses the Network Enhancement Fee as a way to covertly

15  increase customers' rates, including during their advertised and promised fixed-rate

16  promotional period.

17      2.      In February 2019, Suddenlink began padding its bills with a new $2.50 per

18  month disguised double-charge for internet service, which it buried in a section of the bill with

19  taxes and government fees, and which it called the Network Enhancement Fee. The Network

20  Enhancement Fee was not included in the advertised and quoted service plan price and was not

21  defined or explained in the monthly bill. Suddenlink has increased the Network Enhancement

22  Fee such that it is now $3.50 per month for California subscribers.

23      3.      Suddenlink did not disclose the Network Enhancement Fee (the "Fee") to

24  Plaintiff and to other Suddenlink customers before or when they agreed to receive internet

25  services from Suddenlink.

26      4.      The first time Suddenlink ever mentions the Network Enhancement Fee is on

27  _____

28  [1] The term "internet service plan" as used in this Complaint includes a service plan that
"bundles" internet with other services such as television or telephone.

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 1 -                    HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   customers' monthly billing statements, which customers begin receiving only after they sign up

2   for the service and are committed to their purchase. Making matters worse, Suddenlink

3   deliberately hides the Fee in its billing statements.  Suddenlink does not list or include the

4   Network Enhancement Fee in the "Current Monthly Charges" section of the bill. Instead,

5   Suddenlink intentionally buries the Network Enhancement Fee alongside taxes and government

6   fees in the "Taxes, Fees & Other Charges" section of the bill that: (a) makes it likely customers

7   will not notice it; and (b) misleadingly indicates that the Fee is a tax or government pass-

8   through fee over which Suddenlink has no control. Thus, by Suddenlink's very design, the

9   printed monthly statements serve to further Suddenlink's scheme and keep customers from

10   realizing they are being overcharged.

11       5.       In the event that a customer happens to notice the Network Enhancement Fee

12   has been charged on their monthly statement and contacts Suddenlink to inquire about the Fee,

13   Suddenlink agents falsely tell the customer that the Fee is a tax or government fee or is

14   otherwise out of Suddenlink's control.

15       6.       In actuality, the Network Enhancement Fee is not a tax or government fee.

16   Rather, the so-called fee is a completely fabricated and arbitrary charge invented by Suddenlink

17   as a way to covertly charge more per month for its internet service without having to advertise

18   higher prices.

19       7.       Suddenlink charges every one of its California internet service customers the

20   Network Enhancement Fee. Plaintiff estimates that Suddenlink has extracted approximately

21   $1.8 million from over 19,000 California internet subscribers in Network Enhancement Fee

22   payments since Suddenlink began sneaking the Fee onto customer bills in February 2019.

23       8.       Plaintiff Nick Vasquez brings this lawsuit individually and as a private attorney

24   general seeking public injunctive relief to protect the general public by putting an end to

25   Suddenlink's unlawful advertising scheme. Plaintiff also seeks declaratory relief, declaring

26   Suddenlink's practices alleged herein as unlawful under California law. Finally, Plaintiff seeks

27   restitution and/or damages on behalf of himself and on behalf of a class of California

28   Suddenlink internet subscribers to obtain a refund of the approximately $1.8 million in

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  Network Enhancement Fee payments they suffered as a result of Suddenlink's misconduct.

2  **THE PARTIES**

3      9.      Plaintiff Nick Vasquez is a citizen and resident of Humboldt County, California.

4      10.     Defendant Altice USA, Inc., is a corporation chartered under the laws of

5  Delaware, with its principal place of business in New York.

6      11.     Defendant Cebridge Telecom CA, LLC is a limited liability company chartered

7  under the laws of Delaware, with its principal place of business in New York.

8      12.     Without formal discovery, Plaintiff is unable to determine exactly which other

9  entities, if any, engaged in or assisted with the unlawful conduct pled herein or which

10  instructed, approved, consented, or participated in the unlawful conduct pled herein.

11  "Suddenlink Communications" is the business entity that is referenced in Plaintiff's Suddenlink

12  billing statements, in the Suddenlink Residential Service Agreement, and is listed as holding

13  the copyright on the Suddenlink website at www.suddenlink.com. However, "Suddenlink

14  Communications" does not appear to be an actual business entity. Based on counsel's research,

15  Defendant Altice USA, Inc., is the parent and holding company that provides, through its

16  subsidiaries, broadband communications and video services under the brand "Suddenlink."

17  Defendant Altice USA, Inc.'s most recent 10-K report lists several dozen subsidiaries—none of

18  which is named "Suddenlink Communications." The relevant operating company in California

19  appears to be Defendant Cebridge Telecom CA, LLC, which is a subsidiary of Altice USA, Inc.

20      13.     Defendants Does 1 through 10 are business entities of unknown form which

21  engaged in or assisted with the unlawful conduct pled herein or which instructed, approved,

22  consented, or participated in the unlawful conduct pled herein. Plaintiff is presently ignorant of

23  the names of these Doe Defendants. Plaintiff will amend this Complaint to allege the true

24  names and capacities of these defendants when they have been determined.

25  **JURISDICTION AND VENUE**

26      14.     **Subject Matter Jurisdiction**. The Court has subject matter jurisdiction over

27  this civil action in that Plaintiff brings claims exclusively under California law, including the

28  Consumers Legal Remedies Act, California Civil Code § 1750 *et seq*.; the False Advertising

FIRST AMENDED
CLASS ACTION COMPLAINT                - 3 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  Law, California Business & Professions Code § 17500 *et seq.*; and the Unfair Competition

2  Law, California Business & Professions Code § 17200 *et seq.*

3       15.    **Personal Jurisdiction**. This Court has personal jurisdiction over Suddenlink

4  pursuant to, among other bases, California Code of Civil Procedure Section 410.10 because:

5  (1) Suddenlink is authorized to do business and regularly conducts business in the State of

6  California; (2) the claims alleged herein took place in California; and/or (3) Suddenlink has

7  committed tortious acts within the State of California (as alleged, without limitation,

8  throughout this Complaint).

9       16.    **Venue**. Venue is proper in Humboldt County because Plaintiff Nick Vasquez is

10  a California citizen who resides in Arcata, California, which is in Humboldt County, and the

11  services at issue were purchased for, and provided to, Plaintiff Nick Vasquez's home in Arcata,

12  California.

13       **FACTUAL ALLEGATIONS OF SUDDENLINK'S BAIT AND SWITCH SCHEME**

14       17.    Defendants provides internet, television, and telephone services to

15  approximately 19,000 households in California under the "Suddenlink" brand name. Virtually

16  all of Suddenlink's customers subscribe to internet; many also subscribe to television and/or

17  telephone services as part of a "bundled" internet service plan. (The term "internet service

18  plan" as used in this Complaint includes a service plan that "bundles" internet with other

19  services such as television or telephone.)

20       18.    Suddenlink advertises all of its internet service plans at specific, flat monthly

21  prices that are locked-in for a promotional period. Suddenlink typically promises its customers

22  a one-year fixed-price promotional period, but Suddenlink also regularly advertises a "Price

23  For Life" promotion where it offers and promises its customers a fixed price for an internet

24  service plan for life.

25       19.    Suddenlink has aggressively advertised its internet service plans through

26  pervasive marketing directed at the consuming public in California. This marketing has

27  included advertisements on its website; other internet advertising; materials and advertising at

28  its California retail stores including in the cities of Eureka, Truckee and Bishop where

FIRST AMENDED
CLASS ACTION COMPLAINT     - 4 -     HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  customers can sign up for Suddenlink services; and video advertisements via YouTube,
2  Facebook, and Twitter.

3          20.     Prior to February 2019, Suddenlink *included* in the advertised and quoted
4  monthly internet service plan price all monthly internet service costs that would be charged on
5  the monthly bill.

6          21.     But beginning in February 2019, Suddenlink began padding its bills with a
7  newly invented and disguised $2.50 extra charge for internet service (which was not included
8  in the advertised and quoted service plan price) which it called the "Network Enhancement
9  Fee." Suddenlink buried the Network Enhancement Fee alongside taxes and government fees in
10  the "Taxes, Fees & Other Charges" section of the bill. Suddenlink provided no definition or
11  explanation of the Network Enhancement Fee in its monthly bills or on its website.

12          22.     In February 2020, Suddenlink increased the Network Enhancement Fee by
13  $1.00, to $3.50 per month.

14          23.     Suddenlink has utilized this fabricated and arbitrary Network Enhancement Fee
15  as part of a "bait-and-switch" scheme whereby Suddenlink (a) advertises and promises a lower
16  monthly price for its internet service plans than it actually charges, and then (b) surreptitiously
17  increases the monthly service rate for its customers, including in the middle of a promised
18  fixed-rate promotional period, by increasing the amount of the Network Enhancement Fee.

19          24.     Based on Plaintiff's calculations, through this bait-and-switch scheme
20  Defendants have extracted approximately $1.8 million in Network Enhancement Fee payments
21  from their California subscribers.[2]

22
23

24  [2] These estimated damages suffered by California consumers (who comprise the proposed
    Class) are calculated as follows:
25  Assumptions:
        • Approximately 19,000 California subscribers at any one time during the class period
26      • 12 months where subscribers were charged a $2.50 Network Enhancement Fee
          (February 2019 – January 2020)
27      • 18 months where subscribers were charged a $3.50 Network Enhancement Fee
          (February 2020 – July 2021)
28  **Calculation:** 19,000 * ((12*$2.50)+(18*$3.50)) = $1.77 million.

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

**A.**     **Suddenlink's Website Advertising and Online Purchase Process Made False and Misleading Statements About the Prices Suddenlink Charged for Its Internet Service Plans.**

25.     Suddenlink explicitly represented in its website advertising and representations to consumers like Plaintiff that the advertised price for the internet service plan included all of the monthly service charges, and that the monthly rate would be fixed during the specified promotional period.

26.     For example, **Exhibits A-D** are screenshots taken on March 16, 2021, that show Suddenlink's online order process for the Internet 100 Unlimited Data and Value TV bundle available in California. As **Exhibits A-D** show, Suddenlink's online order process consists of four webpages: (1) the "Choose Services" webpage (**Exhibit A**); (2) the "Customize" service package webpage (**Exhibit B**); (3) the "Customer Info" webpage (**Exhibit C**); and (4) the "Schedule Installation" and order submittal webpage (**Exhibit D**).

27.     On the "Choose Services" webpage (see the screenshot below and at **Exhibit A**), Suddenlink advertised the Internet 100 Unlimited Data and Value TV bundle plan (second from the right) at a flat $70.00 a month for one year.



28.     Below the $70.00 price was smaller text reading: "Plus taxes, fees and other charges." There was no adjacent link or additional text specifying what taxes, fees and other charges would apply. A reasonable consumer would assume that any "taxes, fees and other

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 6 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

charges" would be legitimate government or pass-through charges outside of Suddenlink's

control, as opposed to a fabricated and arbitrary fee which was a disguised double-charge to

provide the same internet service that Suddenlink advertised as included in the $70.00 price.

29.      After selecting the $70.00 plan, the consumer was then taken to the "Customize"

webpage (see the screenshot below and at **Exhibit B**) where the consumer could customize the

services and add-ons.



30.      In this example, a high definition cable box was added for $11.00 per month. On

the right side of the "Customize" webpage Suddenlink prominently stated that the "Monthly

Total" including the cable box was $81.00. Directly below that, Suddenlink listed a breakdown

showing that the "Monthly Charge" for the "Internet 100 Unlimited Data and Value TV"

FIRST AMENDED
CLASS ACTION COMPLAINT                          - 7 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 | service plan was $75.00 (prior to the application of a $5.00 discount for enrolling in "Auto
2 | Pay"). There was no asterisk or disclosure language adjacent to the prices indicating that there
3 | would be an additional monthly internet service charge of $3.50 such that the true monthly cost
4 | of the Internet 100 Unlimited Data and Value TV service plan would be $78.50, not $75.00
5 | (prior to applying the $5.00 Auto Pay discount), or that the true "Monthly Total" for the
6 | "package" would be $84.50, not $81.00.

7 | 31. There was no disclosure language indicating that the service price could be
8 | raised at any time during the purported fixed-rate period. Below the list of charges, there was
9 | small print reading: "For residential customers only. Additional taxes, fees, surcharges and
10 | restrictions apply." There was no link or additional text explaining what additional taxes, fees,
11 | and surcharges would apply. A reasonable consumer would assume that "taxes, fees,
12 | surcharges" referred to legitimate government or pass-through charges outside of Suddenlink's
13 | control, as opposed to a bogus fee which was in fact a disguised double-charge for the same
14 | internet service above and beyond the quoted service price.

15 | 32. Next, the customer was taken to the "Customer Info" webpage (**Exhibit C**).
16 | Again, the right side of the webpage continued to state that the "Monthly Total" was $81.00
17 | and that the "Monthly Charge" for the Internet 100 Unlimited Data and Value TV service plan
18 | was $75.00.

19 | 33. The final page in the online order process was the "Schedule Installation" and
20 | order submission webpage (**Exhibit D**). On this webpage, which contained a "Place Order"
21 | button, Suddenlink again stated that the "Monthly Total" was $81.00 and that the "Monthly
22 | Charge" for the Internet 100 Unlimited Data and Value TV service plan was $75.00.

23 | 34. On none of these order process webpages was there any mention of the
24 | additional Network Enhancement Fee or its amount.

25 | 35. In fact, the advertised price for the internet service plan was false, because it did
26 | not include the additional $3.50 for the so-called Network Enhancement Fee which Suddenlink
27 | automatically charged to all internet customers, and which was in fact a fabricated and
28 | disguised double-charge for the promised internet service.

36.     Any disclosures which Suddenlink made about the Network Enhancement Fee were themselves part and parcel of Suddenlink's deceptive practice, whereby Suddenlink advertises and quotes the lower-than-actual internet service price and then deceptively presents the Network Enhancement Fee as something separate even though it is a bogus fee for the same internet service quoted in the internet service plan price. For example, the only way the existence of the Network Enhancement Fee could be found in this purchase process as of at least March 16, 2021, was if the consumer scrolled to the bottom of the initial "Choose Services" webpage and noticed and clicked on a tiny "Disclaimer" hyperlink. (*See* **Exhibit A**, screenshot of "Choose Services" webpage).

37.     If the consumer clicked this small "Disclaimer" hyperlink, a pop-up box would appear with pages of fine print for various Suddenlink service plans (see **Exhibit E**). Buried deep in this fine print was the sentence: "EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. . . . A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period." Nowhere in this tiny print (which only displayed after clicking a small "Disclaimer" hyperlink at the bottom of the page) does Suddenlink define or explain what the Network Enhancement Fee is.[3]

38.     Even if a consumer saw this hidden disclaimer, the disclaimer simply reinforces and furthers Suddenlink's deception that the (undefined) Network Enhancement Fee is to pay for something separate from the internet service itself, even though the Fee is in fact an invented double-charge for the same internet service quoted in the internet service plan price. Even worse, the disclaimer is additionally misleading because by listing the Network Enhancement Fee in the fine print under "TAXES & FEES," Suddenlink is falsely and intentionally indicating to the consumer that the Network Enhancement Fee is a legitimate

---

[3] As of at least December 21, 2020, a definition of the Network Enhancement Fee could not be found anywhere on the entire Suddenlink website. Even if a customer clicked on a tiny link in the footer of the homepage for "Online help," and then did a search for "Network Enhancement Fee" in the search bar, zero results were displayed. Likewise, on the sample internet service bill which was posted in the "Online help" section of the Suddenlink website as of December 21, 2020, the Network Enhancement Fee was listed nowhere.

FIRST AMENDED
CLASS ACTION COMPLAINT

- 9 -

**HATTIS & LUKACS**
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  government fee outside of Suddenlink's control.[4]

2      39.    Meanwhile, Suddenlink's form terms of service (the "Residential Services

3  Agreement"[5]) posted on the Suddenlink website does not name or disclose the existence of the

4  Network Enhancement Fee, despite listing and naming numerous other specific charges and

5  fees that customers need to pay.

6      **B.**    **Suddenlink's Sales Agents Make False and Misleading Statements About**
7          **the Prices Suddenlink Charges for Its Cable Television Service Plans.**

8      40.    Suddenlink also engages in this bait-and-switch scheme with consumers who

9  sign up for Suddenlink internet service plans over the phone, via internet chat, or at one of

10  Suddenlink's brick-and-mortar stores. When a consumer signs up for services through a

11  Suddenlink sales agent, the agent presents the consumer with the same menu of internet service

12  plans and prices that are on Suddenlink's sales website. The offers are exactly the same,

13  including the advertised monthly rate which excludes the Network Enhancement Fee.

14      41.    Suddenlink's uniform policy and practice is for its sales agents (including

15  telesales agents and in-store sales staff) to: (1) not disclose or mention the existence of the

16  Network Enhancement Fee; and (2) quote prices for its internet service plans which *exclude* the

17  amount of the Network Enhancement Fee.

18      42.    When Suddenlink agents quote customers the total order price (which excludes

19

20  [4] Days before the Complaint was filed, it appears that Suddenlink slightly revised part of the
21  online purchase process to now mention the existence and amount of the Network
   Enhancement Fee. However, this additional disclosure does not bring Suddenlink's current
22  practices in compliance with California law, even with regard to the online purchase process.
   Suddenlink continues to advertise and quote the lower-than-actual internet service price and
23  then deceptively present the Network Enhancement Fee as something separate even though it is
   in fact an invented and arbitrary double-charge for the same internet service quoted in the
24  internet service plan price. The online advertised service plan prices and plan descriptions still
   do not include or mention the Network Enhancement Fee; the "Choose Services" webpage still
25  does not mention the Fee; nowhere in the online purchase process is the Fee explained or
   defined; and nowhere in the online purchase process is it disclosed that the Fee may be
26  increased in the middle of the supposedly fixed-price promotional period. Meanwhile, all other
   deceptive practices, misrepresentations and omissions described in the Complaint remain
27  unchanged.

28  [5] Available at https://www.suddenlink.com/residential-services-agreement, last accessed July
   13, 2021.

FIRST AMENDED
CLASS ACTION COMPLAINT    - 10 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 | the amount of the Network Enhancement Fee), the most they say, if anything, about any

2 | additional charges is that the quoted price is the total "plus taxes" or "plus taxes and fees." A

3 | reasonable consumer would interpret the phrase "taxes and fees" to mean government or

4 | regulatory charges, as opposed to an invented and arbitrary double-charge to provide the same

5 | internet service that was quoted in the internet service plan price.

6 |      43.    Discovery will show that Suddenlink has a uniform, standard policy of directing

7 | its sales agents to not mention or disclose the existence of the Network Enhancement Fee or its

8 | amount, and to at most mention (if at all) that the advertised price is the total monthly service

9 | price plus "taxes" or "taxes and fees."

10 |      44.    Suddenlink sales agents are likewise trained to push promotional offers by

11 | promising customers that the advertised service rates are guaranteed not to increase during the

12 | promotional period. Suddenlink regularly advertises 12-month fixed-price promotions.

13 | Suddenlink also often advertises "Price For Life" promotions, where Suddenlink promises that

14 | the monthly service plan rate will not increase during the life of the customer's service with

15 | Suddenlink. These representations of fixed internet service rates are false because Suddenlink

16 | in fact reserves the right to, and does, increase its service prices during the promotional period

17 | by increasing the Network Enhancement Fee.

18 | **C.    Suddenlink Continues To Deceive Customers After They Sign Up.**

19 |      45.    Suddenlink continues to deceive its customers about the Network Enhancement

20 | Fee and the true monthly price of its internet services even after they have signed up and are

21 | paying for the services.

22 |      46.    Suddenlink first began sneaking the Network Enhancement Fee onto all of its

23 | customers' bills in February 2019, at a rate of $2.50 per month. For customers who signed up

24 | prior to February 2019, the first time they could have possibly learned about the existence of

25 | the Fee was on their bill after the Fee was introduced. This could have been months or years

26 | after the customer had signed up with Suddenlink, and it could have also been while the

27 | customer was still under a promised fixed-price promotion (including a "Price For Life"

28 | promotion).

FIRST AMENDED
CLASS ACTION COMPLAINT    - 11 -    HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

47.     For customers who signed up after Suddenlink began imposing the Network Enhancement Fee, the billing statements were the first possible chance they could have learned about the Fee, and by the time they received their first statement they were already committed to their purchase.

48.     Moreover, far from constituting even a belated disclosure, the monthly billing statements serve to further Suddenlink's scheme and deception.  The bill deceptively presents the Network Enhancement Fee as something separate from the service, even though it is in fact an invented and arbitrary double-charge for the same internet service quoted in the internet service plan price.  Suddenlink does not list the Network Enhancement Fee in the "Current Monthly Charges" section of the bill, even though it is an ongoing monthly (bogus) extra charge for internet service. Instead, Suddenlink buries the Fee in the "Taxes, Fees & Other Charges" section of the bill, lumped together with purported taxes and government charges. This misleadingly tells Suddenlink's customers that the Network Enhancement Fee is a tax or other legitimate government fee, when in fact it is a bogus double-charge for the same internet service quoted and promised at the advertised lower rate.

49.     Suddenlink does not define or explain the Network Enhancement Fee anywhere on its billing statements. Even worse, the only explanation about "fees" on the customer bill that Suddenlink does provide indicates that all fees on the bill are government related. In the fine print of the bill, under "Billing Information," Suddenlink states: "Your bill includes all government fees." Moreover, for internet-only subscribers, such as Plaintiff Nick Vasquez, the only "fee" that is typically on their bill is the Network Enhancement Fee.

50.     Thus, even if a customer noticed the existence of the hidden Network Enhancement Fee on the bill, the customer would reasonably assume—just as Suddenlink intends—that the Fee is a legitimate government tax or fee outside of Suddenlink's control.

51.     However, the Network Enhancement Fee is not a tax or government fee. The Fee is not even a third-party pass-through charge. Suddenlink invented the so-called "Network Enhancement Fee" out of whole cloth, and the existence of the Fee and its amount are arbitrary and entirely within Suddenlink's control. Suddenlink concocted the Fee as a way to deceptively

---

FIRST AMENDED
CLASS ACTION COMPLAINT                                    - 12 -

**HATTIS & LUKACS**
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  charge more for its internet service without advertising a higher rate and to covertly increase

2  customers' rates, including during their promised fixed-rate promotional period.

3      52.    Many, if not most, customers will not read the printed monthly statements

4  described above at all because Suddenlink encourages its customers to sign up for electronic

5  billing and automatic payment in lieu of receiving paper statements.

6      53.    If a customer happens to notice the Network Enhancement Fee has been charged

7  on the customer's monthly statement and contacts Suddenlink via phone or online to inquire

8  about the Fee, Suddenlink agents falsely tell the customer that the Fee is a tax or a pass-through

9  government charge over which Suddenlink has no control.

10      **D.    Suddenlink Intentionally Makes It Difficult for Customers to Cancel**

11           **Service.**

12      54.    If customers realize that their actual total monthly bill is higher than promised

13  when they receive their monthly billing statements, they cannot simply back out of the deal

14  without penalty or cost, even if they notice the Network Enhancement Fee overcharge on their

15  very first statement.

16      55.    First, Suddenlink's 30-Day Money Back Guarantee *excludes* the Network

17  Enhancement Fee. According to Suddenlink's website: "30-day money back is only on the

18  monthly service fee," i.e., only on the base price of the service.[6]

19      56.    Second, most customers, including Plaintiff Nick Vasquez, were required to pay

20  a one-time non-refundable "Standard Installation" charge on sign-up. When Mr. Vasquez

21  signed up for services in September 2020, he was billed and paid a $59.00 "Standard

22  Installation" charge.

23      57.    Third, Suddenlink's Residential Services Agreement has an "Early Termination

24  Fees" provision, which states at Section 5: "If you cancel, terminate or downgrade the

25  Service(s) before the completion of any required promotional term to which You agreed

26  ('Initial Term'), you agree to pay Suddenlink any applicable early cancellation fee plus all

27

28  [6] *See* https://www.suddenlink.com/promotion-offer-disclaimers (last accessed July 13, 2021).

FIRST AMENDED
CLASS ACTION COMPLAINT    - 13 -    HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    outstanding charges for all Services used and Equipment purchased for which you have not

2    paid us prior to termination."[7] This indicates to customers that if they terminate service prior to

3    end of their promotional fixed-price period, they may be subject to a "cancellation fee."

4        58.    Fourth, Suddenlink does not pro-rate cancellations. Thus, customers are

5    charged for the cost of the *entire* month even if they cancel on the very first day of the service

6    month.[8]

7        59.    Fifth, customers may also rent or purchase equipment to use exclusively with

8    Suddenlink's services, such as internet and telephone modems and wireless routers, and digital

9    cable converter boxes.

10       60.    Suddenlink's installation fee, refusal to provide a full refund despite the

11   purported 30-day money back guarantee, refusal to pro-rate cancellations, and early termination

12   fee are designed by Suddenlink to penalize and deter customers from cancelling after signing

13   up. And Suddenlink's policies are deliberately and knowingly designed by Suddenlink to lock

14   customers in if and when they deduce that they are being charged more per month than

15   advertised for Suddenlink's internet services.

16       61.    Because the initial amount of the Network Enhancement Fee ($2.50 in February

17   2019) and the subsequent increase of $1.00 approximately a year later were relatively small in

18   proportion to Suddenlink's total monthly charges, Suddenlink knew that its customers were

19   unlikely to notice the increased charge on the total price on their monthly bills. Given that

20   legitimate taxes and other government-related charges can already vary by amounts of a dollar

21   or so from month to month, Suddenlink knows that its customers reasonably expect small

22   changes in the total amount billed each month. Suddenlink knows that its customers would not

23   be readily able to tell that Suddenlink increased the service price via the Network Enhancement

24   Fee by merely comparing the total amount billed in a particular month to the total amount

25

26   [7] *See* https://www.suddenlink.com/residential-services-agreement (last accessed July 13, 2021).

27   [8] The Residential Services Agreement states: "PAYMENTS ARE NONREFUNDABLE AND
     THERE ARE NO REFUNDS OR CREDITS FOR PARTIALLY USED SUBSCRIPTION

28   PERIODS. ... Any request for cancellation after the commencement of a service period will be
     effective at the end of the then-current service period."

FIRST AMENDED
CLASS ACTION COMPLAINT                          - 14 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 | billed in the prior month or months. And even if customers did notice, they would be fooled
2 | into thinking the increase was due to a change in a tax or government fee because the Network
3 | Enhancement Fee was hidden in the "taxes" section of the bill and "fees" are only described as
4 | "government fees" on the bill.

5 | 62.     When Suddenlink increased the Network Enhancement Fee in 2020, Suddenlink
6 | hid the increase by providing no disclosure or explanation whatsoever anywhere on the first
7 | billing statement containing the increase, other than listing the increased Fee itself (buried in
8 | the "Taxes, Fees & Other Charges" section). Even a customer who read the entire bill would
9 | have zero notice that Suddenlink had increased the Fee, or whether or why the customer's new
10 | monthly bill was higher than the prior month's total.

11 | **PLAINTIFF'S FACTUAL ALLEGATIONS**

12 | 63.     Plaintiff Nick Vasquez is, and at all relevant times has been, a citizen and
13 | resident of Humboldt County, California.

14 | 64.     On or around August 28, 2020, Mr. Vasquez went to the Suddenlink website to
15 | learn about Suddenlink's internet service offerings for his residence in Arcata, California.

16 | 65.     After browsing Suddenlink's internet service plan offerings, Mr. Vasquez
17 | selected Suddenlink's Internet 100 service plan, which Suddenlink advertised would be fixed in
18 | price for a one-year promotional period.

19 | 66.     Mr. Vasquez was then brought to the "Customize Your Service" webpage.
20 | Suddenlink displayed on the right side of the webpage that the "Monthly Charges" for the
21 | Internet 100 service plan would be $40.00, minus a $5.00 discount if he enrolled in "Auto Pay."
22 | Suddenlink repeated these representations of the "Monthly Charges" for the internet service
23 | plan on the following "Customer Info" and "Schedule Installation" webpages. Suddenlink
24 | made no mention of the additional Network Enhancement Fee or its amount on any of these
25 | webpages.

26 | 67.     On the order submission webpage, Mr. Vasquez chose not to select the option to
27 | enroll in "Auto Pay." Suddenlink indicated again on the webpage that without the "Auto Pay"
28 | discount, the "Monthly Charges" for the Internet 100 service plan would be $40.00. Suddenlink

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 15 -

1 | made no mention of the additional Network Enhancement Fee or its amount.

2 | 68. Based on these representations, Mr. Vasquez submitted his order by clicking on
3 | the "Place Order" button.

4 | 69. At no point was Mr. Vasquez aware that Suddenlink would bill him any
5 | additional monthly internet service charges above the $40.00 promised rate. At no point did
6 | Mr. Vasquez view any mention of the existence of additional monthly internet service charges
7 | such as the Network Enhancement Fee.

8 | 70. When Mr. Vasquez purchased his internet service plan, he also paid Suddenlink
9 | a one-time installation fee of $59.00.

10 | 71. During his first several months of service, Mr. Vasquez did not notice the
11 | additional $3.50 monthly Network Enhancement Fee on his bills. Rather than listing or
12 | including the Fee in the "Current Monthly Charges" section of the bill, Suddenlink listed the
13 | Fee in a separate "Taxes, Fees & Other Charges" section. On Plaintiff's first bill (September
14 | 2020), the $3.50 Network Enhancement Fee was grouped together with an $0.85 Sales Tax. On
15 | his next bill (October 2020), the Fee was grouped with a - $0.60 Sales Tax. For Plaintiff's
16 | subsequent bills, the Network Enhancement Fee was the only charge under the "Taxes, Fees &
17 | Other Charges" section. The only explanation of "fees" on Mr. Vasquez's bill was in the fine
18 | print, which stated: "Your bill includes all government fees." Even if Mr. Vasquez had noticed
19 | the Fee, he would have reasonably assumed that the Network Enhancement Fee—which was
20 | the only "fee" on his bill—was a government fee.

21 | 72. Suddenlink's billing statements did not inform or adequately disclose to Mr.
22 | Vasquez that Suddenlink was adding a bogus double-charge for internet service which it
23 | disguised in the form of the "Network Enhancement Fee" each month. Suddenlink never
24 | adequately or accurately disclosed the true nature of the Network Enhancement Fee.

25 | 73. Mr. Vasquez did not know, nor could he have known, that the Network
26 | Enhancement Fee was invented by Suddenlink as part of a scheme to covertly charge a higher
27 | price for internet service than advertised and as a way to raise the monthly rate at any time,
28 | even during Mr. Vasquez's 12-month fixed-price promotional period.

FIRST AMENDED
CLASS ACTION COMPLAINT                - 16 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

74. The first Mr. Vasquez ever learned of the Network Enhancement Fee's existence was in March 2021.

75. When Mr. Vasquez signed up for Suddenlink internet services in August 2020, he was relying on Suddenlink's prominent representations regarding the $40.00 fixed monthly price of the internet service. Mr. Vasquez did not expect (and Suddenlink did not tell him) that Suddenlink would actually charge him $43.50 per month for the internet service. That information would have been material to him. If Mr. Vasquez had known that information, he would not have been willing to pay as much for the internet service plan and would have acted differently.

76. As of the date of filing, Mr. Vasquez has suffered damages of $35.00 in payments of the Network Enhancement Fee.

77. Mr. Vasquez has a legal right to rely now, and in the future, on the truthfulness and accuracy of Suddenlink's representations and advertisements regarding its internet service plan prices. Mr. Vasquez believes that he was given the services Suddenlink promised him— just not at the price Suddenlink promised and advertised to him.  Mr. Vasquez would sign up for Suddenlink services again if he could have confidence regarding the truth of Suddenlink's service prices.

78. Mr. Vasquez would consider purchasing services from Suddenlink in the future, but he will be harmed if, in the future, he is left to guess as to whether Suddenlink's representations are accurate and whether there are omissions of material facts regarding the services being advertised and represented to him.

## CLASS ALLEGATIONS

79. Plaintiff Nick Vasquez brings this class-action lawsuit on behalf of himself and the members of the following class (the "Class"):

> **All current and former Suddenlink customers who were charged a "Network Enhancement Fee" on their bill for Suddenlink internet services received in California within the applicable statute of limitations.**

80. Specifically excluded from the Class are Suddenlink and any entities in which

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 17 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 | Suddenlink has a controlling interest, Suddenlink's agents and employees, the bench officers to
2 | whom this civil action is assigned, and the members of each bench officer's staff and
3 | immediate family.

4 |       81.    *Numerosity*. The number of members of the Class are so numerous that joinder
5 | of all members would be impracticable. Plaintiff does not know the exact number of Class
6 | members prior to discovery. However, based on information and belief, there are between
7 | 19,000 and 25,000 Class members. The exact number and identities of Class members are
8 | contained in Suddenlink's records and can be easily ascertained from those records.

9 |       82.    *Commonality and Predominance*. Common legal or factual questions affect the
10 | members of the Class. These questions predominate over questions that might affect individual
11 | Class members. These common questions include, but are not limited to:

12 |           a.    Whether California law applies to the claims of Plaintiff and the Class;
13 |           b.    Whether Suddenlink employs a uniform policy of charging the Network
14 | Enhancement Fee to its California customers;

15 |           c.    Whether the Network Enhancement Fee is a bogus or made-up fee;
16 |           d.    Whether the amount of the Network Enhancement Fee is arbitrary;
17 |           e.    Whether the Network Enhancement fee is a disguised double-charge for
18 | internet service;

19 |           f.    What is the nature and purpose of the Network Enhancement Fee;
20 |           g.    What costs does the Network Enhancement Fee pay for and how are the
21 | revenues from the Network Enhancement Fee spent;

22 |           h.    Why did Suddenlink decide to start charging the Network Enhancement
23 | Fee;

24 |           i.    Why does Suddenlink not include the amount of the Network
25 | Enhancement Fee in the advertised and quoted service plan price;

26 |           j.    Whether Suddenlink's policy and practice of advertising and quoting the
27 | prices of its internet service plans without including the amount of the Network Enhancement
28 | Fee is false, deceptive, or misleading;

FIRST AMENDED
CLASS ACTION COMPLAINT

- 18 -

k.   Whether Suddenlink's policy and practice of advertising and representing that the prices of its internet service plans are fixed and will not increase during a specified promotional period, when in fact Suddenlink reserves the right to increase service prices during that period by increasing the Network Enhancement Fee, is false, deceptive, or misleading;

l.   Whether Suddenlink employs a uniform policy and practice of listing the Network Enhancement Fee in the "Taxes, Fees & Other Charges" section of the customer bill;

m.   Why did Suddenlink decide to list the Network Enhancement Fee in the "Taxes, Fees & Other Charges" section of the bill, and to not list the Fee in the "Current Monthly Charges" section of the bill;

n.   Why does Suddenlink not define or explain the Network Enhancement Fee in its monthly billing statements;

o.   Whether Suddenlink deliberately hides and obscures the nature of the Network Enhancement Fee in its billing statements;

p.   Whether Suddenlink adequately or accurately disclosed the existence of the Network Enhancement Fee, its nature, or its amount, to the Class;

q.   Whether Suddenlink's misrepresentations and misconduct alleged herein violate California Civil Code § 1750 *et seq.* (CLRA), California Business & Professions Code § 17500 *et seq.* (FAL), and California Business & Professions Code § 17200 *et seq.* (UCL); and

r.   Whether Plaintiff and the Class are entitled to an order prohibiting Suddenlink from continuing to charge them the Network Enhancement Fee.

83.   ***Typicality***. Plaintiff's claims are typical of Class members' claims. Plaintiff and Class members all sustained injury as a direct result of Suddenlink's standard practices and schemes, bring the same claims, and face the same potential defenses.

84.   ***Adequacy***. Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to Class members' interests. Plaintiff has retained counsel with considerable experience and success in prosecuting complex class action and consumer protection cases.

FIRST AMENDED
CLASS ACTION COMPLAINT

- 19 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1       85.    **Superiority**. Further, a class action is superior to all other available methods for

2   fairly and efficiently adjudicating this controversy. Each Class member's interests are small

3   compared to the burden and expense required to litigate each of their claims individually, so it

4   would be impractical and would not make economic sense for class members to seek individual

5   redress for Defendants' conduct. Individual litigation would add administrative burden on the

6   courts, increasing the delay and expense to all parties and to the court system. Individual

7   litigation would also create the potential for inconsistent or contradictory judgments regarding

8   the same uniform conduct. A single adjudication would create economies of scale and

9   comprehensive supervision by a single judge. Moreover, Plaintiff does not anticipate any

10  difficulties in managing a class action trial.

11      86.    By their conduct and omissions alleged herein, Defendants have acted and

12  refused to act on grounds that apply generally to the Class.

13      87.    The prosecution of separate actions by individual Class members would create a

14  risk of inconsistent or varying adjudications.

15      88.    A class action is the only practical, available method for the fair and efficient

16  adjudication of the controversy since, inter alia, the harm suffered by each Class member is too

17  small to make individual actions economically feasible.

18      89.    Common questions will predominate, and there will be no unusual

19  manageability issues.

20      90.    Suddenlink is primarily engaged in the business of selling services. Each cause

21  of action brought by Plaintiff against Suddenlink in this Complaint arises from and is limited to

22  statements or conduct by Suddenlink that consist of representations of fact about Suddenlink's

23  business operations or services that is or was made for the purpose of obtaining approval for,

24  promoting, or securing sales of or commercial transactions in, Suddenlink's services or the

25  statement is or was made in the course of delivering Suddenlink's services. Each cause of

26  action brought by Plaintiff against Suddenlink in this Complaint arises from and is limited to

27  statements or conduct by Suddenlink for which the intended audience is an actual or potential

28  buyer or customer, or a person likely to repeat the statements to, or otherwise influence, an

---

FIRST AMENDED
CLASS ACTION COMPLAINT                  - 20 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 | actual or potential buyer or customer.

2 | ## CAUSES OF ACTION

3 | ### COUNT I
**Violation of the Consumers Legal Remedies Act ("CLRA")**
4 | **California Civil Code § 1750 *et seq*.**

5 |      91.    Plaintiff Nick Vasquez realleges and incorporates by reference all paragraphs
6 | previously alleged herein.

7 |      92.    Plaintiff brings this claim in his individual capacity, in his capacity as a private
8 | attorney general seeking the imposition of public injunctive relief to protect the general public,
9 | and as a representative of the Class.

10 |      93.    Each Defendant is a "person," as defined by Cal. Civ. Code § 1761(c).

11 |      94.    Plaintiff and Class members are each "consumers," as defined by Cal. Civ. Code
12 | §1761(d).

13 |      95.    Suddenlink's internet service plans—including service plans that "bundle"
14 | internet with other services such as television and telephone—are "services," as defined by Cal.
15 | Civ. Code § 1761(b).

16 |      96.    The purchase of a Suddenlink internet service plan by Plaintiff and Class
17 | members is a "transaction," as defined by Cal. Civ. Code § 1761(e).

18 |      97.    Plaintiff and Class members purchased Suddenlink's internet service plans for
19 | personal, family, and/or household purposes, as meant by Cal. Civ. Code § 1761(d).

20 |      98.    Venue is proper under Cal. Civil Code § 1780(d) because a substantial portion
21 | of the transactions at issue occurred in this county. Plaintiff's declaration establishing that this
22 | Court is a proper venue for this action is attached hereto as **Exhibit F.**

23 |      99.    The unlawful methods, acts or practices alleged herein to have been undertaken
24 | by Suddenlink were all committed intentionally and knowingly. The unlawful methods, acts or
25 | practices alleged herein to have been undertaken by Suddenlink did not result from a bona fide
26 | error notwithstanding the use of reasonable procedures adopted to avoid such error.

27 |      100.    Suddenlink intentionally deceived Plaintiff and the Class, and continues to
28 | deceive the general public, by:

FIRST AMENDED
CLASS ACTION COMPLAINT      - 21 -

HATTIS & LUKACS
400 108ᵗʰ Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1         a.       Misrepresenting the prices of Suddenlink's internet service plans by

2 advertising or quoting an internet service plan price that does not include applicable monthly

3 service charges such as the Network Enhancement Fee;

4         b.       Inventing a bogus "Network Enhancement Fee" out of whole cloth and

5 not including that Fee amount in the advertised and quoted price of the internet service plan,

6 when in fact the Fee is an arbitrary and disguised double-charge for the internet service

7 promised in the plan;

8         c.       Misrepresenting that the prices of its internet service plans are fixed and

9 will not increase during a specified promotional period, when in fact Suddenlink reserves the

10 right to increase service prices during that period by increasing discretionary monthly service

11 charges such as the Network Enhancement Fee;

12         d.       Misrepresenting the nature of the Network Enhancement Fee, including

13 by stating or indicating that the Network Enhancement Fee is a tax, government fee, regulatory

14 fee, or charge over which Suddenlink has no control; and

15         e.       Misrepresenting the nature of the Network Enhancement Fee on the

16 customer bill by burying it alongside taxes and government fees in the "Taxes, Fees & Other

17 Charges" section of the bill.

18      101.     Suddenlink's conduct alleged herein has violated the CLRA in multiple respects,

19 including, but not limited to, the following:

20         a.       Suddenlink represented that its internet service plans had characteristics

21 that they did not have (Cal. Civ. Code § 1770(a)(5));

22         b.       Suddenlink advertised its internet service plans with an intent not to sell

23 them as advertised (Cal. Civ. Code § 1770(a)(9));

24         c.       Suddenlink made false or misleading statements of fact concerning

25 reasons for, existence of, or amounts of, price reductions. (Cal. Civ. Code § 1770(a)(13));

26         d.       Suddenlink misrepresented that its internet service plans were supplied

27 in accordance with previous representations when they were not (Cal. Civ. Code

28 § 1770(a)(16)); and

FIRST AMENDED
CLASS ACTION COMPLAINT          - 22 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1          e.     Suddenlink inserted unconscionable provisions in its consumer

2    agreements, including an arbitration clause which waives the right to seek public injunctive

3    relief in any forum, in violation of California law (Cal. Civ. Code § 1770(a)(19)).

4          102.   With respect to any omissions, Suddenlink at all relevant times had a duty to

5    disclose the information in question because, inter alia: (a) Suddenlink had exclusive

6    knowledge of material information that was not known to Plaintiff and Class members; (b)

7    Suddenlink concealed material information from Plaintiff and Class members; and (c)

8    Suddenlink made partial representations, including regarding the supposed monthly rate of its

9    internet service plans, which were false and misleading absent the omitted information.

10         103.   Suddenlink's misrepresentations deceive and have a tendency to deceive the

11   general public.

12         104.   Suddenlink's misrepresentations are material, in that a reasonable person would

13   attach importance to the information and would be induced to act on the information in making

14   purchase decisions.

15         105.   Plaintiff and Class members reasonably relied on Suddenlink's material

16   misrepresentations, and would not have purchased, or would have paid less money for,

17   Suddenlink's internet services had they known the truth.

18         106.   As a direct and proximate result of Suddenlink's violations of the CLRA,

19   Plaintiff and Class members have been harmed and lost money or property in the amount of the

20   Network Enhancement Fees they have been charged and paid. Moreover, Suddenlink continues

21   to charge Plaintiff and Class members the Network Enhancement Fee and may continue to

22   increase its service prices via Fee increases.

23         107.   Suddenlink's conduct has caused substantial injury to Plaintiff, Class members,

24   and the general public.

25         108.   Plaintiff lacks an adequate remedy at law to prevent Suddenlink's continued

26   misrepresentations. Suddenlink's conduct is ongoing and is likely to continue and recur absent

27   a permanent injunction.

28         109.   Plaintiff, on behalf of himself and as a private attorney general, seeks public

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 23 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1  injunctive relief under the CLRA to protect the general public from Suddenlink's false

2  advertising and misrepresentations.

3      110.   In accordance with California Civil Code § 1782(a), on May 3, 2021, Plaintiff,

4  through counsel, served Defendants with notice of their CLRA violations by USPS certified

5  mail, return receipt requested. Defendants did not respond whatsoever to Plaintiff's notification

6  letter. Defendants failed to give, or to agree to give within a reasonable time, an appropriate

7  correction, repair, replacement, or other remedy for their CLRA violations within 30 days of

8  their receipt on May 11, 2021, of the CLRA demand notice. Accordingly, pursuant to Sections

9  1780 and 1782(b) of the CLRA, Plaintiff and the Class are entitled to recover actual damages

10  (currently estimated to be approximately $1.8 million), attorneys' fees and costs, and any other

11  relief the Court deems proper for Suddenlink's CLRA violations.

12                          **COUNT II**
                  **Violation of California's False Advertising Law**
13          **California Business and Professions Code § 17500 *et seq*.**

14      111.   Plaintiff realleges and incorporates by reference all paragraphs previously

15  alleged herein.

16      112.   Plaintiff brings this claim in his individual capacity, in his capacity as a private

17  attorney general seeking the imposition of public injunctive relief to protect the general public,

18  and as a representative of the Class.

19      113.   By its conduct alleged herein, Suddenlink has committed acts of untrue and

20  misleading advertising, as defined by and in violation of California Business & Professions

21  Code § 17500, *et seq*., also known as California's False Advertising Law ("FAL"). These acts

22  include but are not limited to:

23      a.   Misrepresenting the prices of Suddenlink's internet service plans by

24  advertising or quoting an internet service plan price that does not include applicable monthly

25  service charges such as the Network Enhancement Fee;

26      b.   Misrepresenting that the prices of its internet service plans are fixed and

27  will not increase during a specified promotional period, when in fact Suddenlink reserves the

28  right to increase service prices during that period by increasing discretionary monthly service

FIRST AMENDED
CLASS ACTION COMPLAINT            - 24 -            HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1 | charges such as the Network Enhancement Fee; and

2 |           c.     Misrepresenting the nature of the Network Enhancement Fee, including
3 | by stating or indicating that the Network Enhancement Fee is a tax, government fee, regulatory
4 | fee, or charge over which Suddenlink has no control.

5 |      114.    Suddenlink committed such violations of the FAL with actual knowledge that its
6 | advertising was misleading, or Suddenlink, in the exercise of reasonable care, should have
7 | known that its advertising was misleading.

8 |      115.    Suddenlink's misrepresentations deceive and have a tendency to deceive the
9 | general public.

10 |      116.    Suddenlink intentionally deceived Plaintiff and Class members, and continues to
11 | deceive the public.

12 |      117.    Suddenlink's misrepresentations are material, in that a reasonable person would
13 | attach importance to the information and would be induced to act on the information in making
14 | purchase decisions.

15 |      118.    Plaintiff and Class members reasonably relied on Suddenlink's material
16 | misrepresentations, and would not have purchased, or would have paid less money for,
17 | Suddenlink's internet services had they known the truth.

18 |      119.    By its conduct alleged herein, Suddenlink received more money from Plaintiff
19 | and Class members than it should have received, and that money is subject to restitution.

20 |      120.    As a direct and proximate result of Suddenlink's violations of the FAL, Plaintiff
21 | and Class members have been harmed and lost money or property in the amount of the
22 | Network Enhancement Fees they have been charged and paid. Moreover, Suddenlink continues
23 | to charge Plaintiff and Class members the Network Enhancement Fee and may continue to
24 | increase its service prices via Fee increases.

25 |      121.    Suddenlink's conduct has caused substantial injury to Plaintiff, Class members,
26 | and the general public.

27 |      122.    Plaintiff lacks an adequate remedy at law to prevent Suddenlink's continued
28 | false advertising practices. Suddenlink's conduct is ongoing and is likely to continue and recur

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 25 -

1 | absent a permanent injunction. Accordingly, Plaintiff seeks an order enjoining Suddenlink from
2 | committing such practices.

3 |     123.   Plaintiff, on behalf of himself and as a private attorney general, seeks public
4 | injunctive relief under the FAL to protect the general public from Suddenlink's false
5 | advertising.

6 |     124.   Plaintiff further seeks an order granting restitution to Plaintiff and Class
7 | members in an amount to be proven at trial. Plaintiff further seeks an award of attorneys' fees
8 | and costs under Cal. Code Civ. Proc. § 1021.5.

9 | <div align="center"><b>COUNT III</b><br><b>Violation of California's Unfair Competition Law</b></div>
10 | <div align="center"><b>California Business and Professions Code § 17200 <i>et seq.</i></b></div>

11 |     125.   Plaintiff realleges and incorporates by reference all paragraphs previously
12 | alleged herein.

13 |     126.   Plaintiff brings this claim in his individual capacity, in his capacity as a private
14 | attorney general seeking the imposition of public injunctive relief to protect the general public,
15 | and as a representative of the Class.

16 |     127.   California Business & Professions Code § 17200, <i>et seq.</i>, also known as
17 | California's Unfair Competition Law (UCL), prohibits any unfair, unlawful, or fraudulent
18 | business practice.

19 |     128.   Suddenlink has violated the UCL by engaging in the following ***unlawful***
20 | business acts and practices:

21 |         a.   Making material misrepresentations in violation of Cal. Civ. Code §§
22 | 1770(a)(5, 9, 13 & 16) (the CLRA);

23 |         b.   Inserting unconscionable provisions in its consumer agreements in
24 | violation of Cal. Civ. Code § 1770(a)(19) (the CLRA), including an arbitration clause which
25 | waives the right to seek public injunctive relief in any forum in violation of California law;

26 |         c.   Making material misrepresentations in violation of Cal. Bus. & Prof.
27 | Code § 17500 <i>et seq.</i> (the FAL); and

28 |         d.   Engaging in deceit in violation of Cal Civ. Code §§ 1709–1710.

---

FIRST AMENDED
CLASS ACTION COMPLAINT

- 26 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1      129.    Suddenlink has violated the UCL by engaging in the following ***unfair*** and

2  ***fraudulent*** business acts and practices:

3              a.      Misrepresenting the prices of Suddenlink's internet service plans by

4  advertising or quoting an internet service plan price that does not include applicable monthly

5  service charges such as the Network Enhancement Fee;

6              b.      Inventing a bogus "Network Enhancement Fee" out of whole cloth and

7  not including that Fee amount in the advertised and quoted price of the internet service plan,

8  when in fact the Fee is an arbitrary and disguised double-charge for the internet service

9  promised in the plan;

10             c.      Misrepresenting that the prices of its internet service plans are fixed and

11  will not increase during a specified promotional period, when in fact Suddenlink reserves the

12  right to increase service prices during that period by increasing discretionary monthly service

13  charges such as the Network Enhancement Fee;

14             d.      Misrepresenting the nature of the Network Enhancement Fee, including

15  by stating or indicating that the Network Enhancement Fee is a tax, government fee, regulatory

16  fee, or charge over which Suddenlink has no control; and

17             e.      Misrepresenting the nature of the Network Enhancement Fee on the

18  customer bill by burying it alongside taxes and government fees in the "Taxes, Fees & Other

19  Charges" section of the bill.

20     130.    Suddenlink's misrepresentations were likely to mislead reasonable consumers.

21     131.    Suddenlink's misrepresentations deceive and have a tendency to deceive the

22  general public.

23     132.    Suddenlink's misrepresentations are material, in that a reasonable person would

24  attach importance to the information and would be induced to act on the information in making

25  purchase decisions.

26     133.    Suddenlink intentionally deceived Plaintiff and Class members, and continues to

27  deceive the public.

28     134.    Plaintiff and Class members reasonably relied on Suddenlink's material

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 27 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1   misrepresentations, and would not have purchased, or would have paid less money for,

2   Suddenlink's internet services had they known the truth.

3       135.   By its conduct alleged herein, Suddenlink received more money from Plaintiff

4   and Class members than it should have received, and that money is subject to restitution.

5       136.   As a direct and proximate result of Suddenlink's unfair, unlawful, and

6   fraudulent conduct, Plaintiff and Class members lost money in the amount of the Network

7   Enhancement Fees they have been charged and paid.  Moreover, Suddenlink continues to

8   charge Plaintiff and Class members the Network Enhancement Fee and may continue to

9   increase its service prices via Fee increases.

10      137.   Suddenlink's conduct alleged herein is immoral, unethical, oppressive,

11  unscrupulous, unconscionable, and substantially injurious to Plaintiff, Class members, and the

12  general public. Perpetrating a years-long scheme of misleading and overcharging customers is

13  immoral, unethical, and unscrupulous. Moreover, Suddenlink's conduct is oppressive and

14  substantially injurious to consumers. By its conduct alleged herein, Suddenlink has improperly

15  extracted approximately $1.8 million dollars from the Class. There is no utility to Suddenlink's

16  conduct, and even if there were any utility, it would be significantly outweighed by the gravity

17  of the harm to consumers caused by Suddenlink's conduct alleged herein.

18      138.   Plaintiff lacks an adequate remedy at law. Suddenlink's conduct is ongoing and

19  is likely to continue and recur absent a permanent injunction.

20      139.   Plaintiff, on behalf of himself and as a private attorney general, seeks public

21  injunctive relief under the UCL to protect the general public from Suddenlink's false

22  advertisements and misrepresentations.

23      140.   Plaintiff further seeks an order granting restitution to Plaintiff and Class

24  members in an amount to be proven at trial. Plaintiff further seeks an award of attorneys' fees

25  and costs under Cal. Code Civ. Proc. § 1021.5.

26

27

28

FIRST AMENDED
CLASS ACTION COMPLAINT                    - 28 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1

## **PRAYER FOR RELIEF**

2

3 **Public Injunctive Relief:**

4       A.     In order to prevent injury to the general public, Plaintiff Nick Vasquez

5 individually and as a private attorney general, requests that the Court enter a public injunction

6 against Suddenlink under the CLRA, FAL, and UCL as follows:

7             1.     Permanently enjoin Suddenlink from advertising or quoting an internet

8 service plan[9] price if that price does not include any applicable monthly service charges such as

9 the Network Enhancement Fee;

10             2.     Permanently enjoin Suddenlink from advertising or representing that the

11 prices of its internet service plans are fixed and will not increase during a specified promotional

12 period, when in fact Suddenlink reserves the right to increase the service price during that

13 period by increasing discretionary monthly service charges such as the Network Enhancement

14 Fee;

15             3.     Permanently enjoin Suddenlink, including Suddenlink's sales and

16 customer service agents, from stating to members of the public that the Network Enhancement

17 Fee is any of the following: (a) a tax; (b) a government fee; (c) a regulatory fee; or (d) a charge

18 over which Suddenlink has no control;

19             4.     Permanently enjoin Suddenlink from inventing a bogus internet service

20 fee (such as, but not limited to, the "Network Enhancement Fee") out of whole cloth and then

21 not including that fee amount in the advertised and quoted price of the internet service plan,

22 when in fact the fee is an arbitrary and disguised double-charge for the internet service

23 promised in the plan; and

24             5.     Retain jurisdiction to monitor Suddenlink's compliance with the

25 permanent public injunctive relief.

26

27

---

28 [9] The term "internet service plan" as used in this Complaint includes a service plan that "bundles" internet with other services such as television or phone.

FIRST AMENDED
CLASS ACTION COMPLAINT       - 29 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1    **Public Declaratory Relief:**

2        B.      On behalf of the general public, Plaintiff Nick Vasquez as a private attorney

3    general requests that the Court declare that the following practices by Suddenlink are unlawful

4    under California law:

5                1.      Misrepresenting the prices of Suddenlink's internet service plans by

6    advertising or quoting an internet service plan price that does not include applicable monthly

7    service charges such as the Network Enhancement Fee;

8                2.      Misrepresenting that the prices of its internet service plans are fixed and

9    will not increase during a specified promotional period, when in fact Suddenlink reserves the

10   right to increase service prices during that period by increasing discretionary monthly service

11   charges such as the Network Enhancement Fee;

12               3.      Misrepresenting the nature of the Network Enhancement Fee, including

13   by stating or indicating that the Network Enhancement Fee is a tax, government fee, regulatory

14   fee, or charge over which Suddenlink has no control; and

15               4.      Inventing a bogus internet service fee (such as, but not limited to, the

16   "Network Enhancement Fee") out of whole cloth and not including that fee amount in the

17   advertised and quoted price of the internet service plan, when in fact the fee is an arbitrary and

18   disguised double-charge for the internet service promised in the plan.

19

20   **Individual and Class Relief:**

21       C.      On behalf of himself and the proposed Class, Plaintiff Nick Vasquez requests

22   that the Court order relief and enter judgment against Suddenlink as follows:

23               1.      Order Suddenlink to discontinue charging Plaintiff and Class members

24   the Network Enhancement Fee;

25               2.      Order disgorgement or restitution, including, without limitation,

26   disgorgement of all revenues, profits and/or unjust enrichment that Suddenlink obtained,

27   directly or indirectly, from Plaintiff and Class members as a result of the unlawful conduct

28   alleged herein;

FIRST AMENDED
CLASS ACTION COMPLAINT                            - 30 -

1          3.     Declare that the following practices by Suddenlink are unlawful under

2  California law:

3               (a)     Misrepresenting the prices of Suddenlink's internet service plans

4  by advertising or quoting an internet service plan price that does not include applicable monthly

5  service charges such as the Network Enhancement Fee;

6               (b)     Misrepresenting that the prices of its internet service plans are

7  fixed and will not increase during a specified promotional period, when in fact Suddenlink

8  reserves the right to increase service prices during that period by increasing discretionary

9  monthly service charges such as the Network Enhancement Fee;

10               (c)     Misrepresenting the nature of the Network Enhancement Fee,

11  including by stating or indicating that the Network Enhancement Fee is a tax, government fee,

12  regulatory fee, or charge over which Suddenlink has no control;

13               (d)     Misrepresenting the nature of the Network Enhancement Fee on

14  the customer bill by burying it alongside taxes and government fees in the "Taxes, Fees &

15  Other Charges" section of the bill; and

16               (e)     Inventing a bogus internet service fee (such as, but not limited to,

17  the "Network Enhancement Fee") out of whole cloth and then not including that fee amount in

18  the advertised and quoted price of the internet service plan, when in fact the fee is an arbitrary

19  and disguised double-charge for the internet service promised in the plan.

20          4.     Order Suddenlink to pay damages in the amount of the Network

21  Enhancement Fee charges paid by Plaintiff and Class members, which is currently estimated to

22  total $1.8 million;

23          5.     Order Suddenlink to pay court attorneys' fees, costs, and pre-judgment

24  and post-judgment interest to the extent allowed by law; and

25          6.     Grant such other relief as this Court deems just and proper.

26

27

28

FIRST AMENDED
CLASS ACTION COMPLAINT      - 31 -      **HATTIS & LUKACS**
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

1

## DEMAND FOR JURY TRIAL

2    Plaintiff Nick Vasquez, individually, as a private attorney general to protect the general

3    public, and as a class representative on behalf of all others similarly situated, demands a trial by

4    jury on all issues so triable.

5

6    DATED this 19th day of July, 2021.

7                                    Presented by:

8                                    HATTIS & LUKACS

9                                    By:

10                                   Daniel M. Hattis (SBN 232141)
                                     Paul Karl Lukacs (SBN 197007)
11                                   HATTIS & LUKACS
                                     400 108th Ave NE, Ste 500
12                                   Bellevue, WA 98004
                                     Telephone: (425) 233-8650
13                                   Facsimile: (425) 412-7171
                                     Email: dan@hattislaw.com
14                                   Email: pkl@hattislaw.com

15                                   Attorneys for Plaintiff Nick Vasquez
                                     And the Proposed Class
16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A

# "Choose Services" Webpage



# EXHIBIT B

# EXHIBIT B

## "Customize" Webpage

Offer Unlocked! Use code 'VIDEO10' for $10 off your TV bundle

suddenlink

11844 ATWOOD RD, AUBURN, CA 95603

Choose Services — Customize — 3 Customer Info — 4 Schedule Installation — 5 Order Confirmation

CUSTOMIZE YOUR SERVICE

### SET UP YOUR EQUIPMENT

| | |
|---|---|
| ○ Modem ⓘ | $10.00/MO. |

- Smart Router
- In-home WiFi
- 24/7 Tech support

◉ Use my own Modem & WiFi Router

- Requires a Suddenlink certified modem
- Wireless router, in-home Smart WiFi, and free modem upgrades not included

How many TVs would you like service on? – 1 +

☐ I would like TiVo Any Room DVR ⓘ

| | | |
|---|---|---|
| TV 1 | High Definition Cable Box | $11.00/MO. |

- New outlet installations are not covered and will require additional charges.

### INTERNET EXPERIENCE

Internet 150 Unlimited Data for **$20.00 more per month** Upgrade

### TV EXPERIENCE

Suddenlink Select TV for **$15.00 more per month** Upgrade

- 290 channels including NFL Network View Channels

Suddenlink Premier TV for **$35.00 more per month** Upgrade

- 340 channels including HBO Max & NFL Network View Channels

Add Channels

| | |
|---|---|
| ☐ HBO Max ⓘ | $14.99/MO. |
| ☐ Showtime and The Movie Channel | $10.99/MO. |
| ☐ Starz and Starz Encore | $9.99/MO. |
| ☐ Cinemax | $9.99/MO. |
| ☐ Movie Package ⓘ | $10.00/MO. |
| ☐ Family Package ⓘ | $10.00/MO. |

### EXPERIENCE MORE

**Altice Mobile**

Pick your data. Switch any time. Starting at **$14.00/month** per line.

☐ Yes, I am interested in Altice Mobile and would like to be contacted for more information.

**Add Home Phone**

Home Phone for **$10.00 more per month** Add

- Unlimited local and long distance calling anytime, to anywhere in the United States, Guam, Puerto Rico and the U.S. Virgin Islands with over 12 useful calling features.

**Altice Amplify** ⓘ

| | | |
|---|---|---|
| Altice Amplify, the smart speaker with Amazon Alexa. | – 0 + | $10.00/MO. |

**In-Home Protection Plan** ⓘ

| | |
|---|---|
| ☐ Add Safeguard to cover in-home wire repairs. | $6.99/MO. |

### INSTALLATION OPTIONS

| | |
|---|---|
| ◉ Free Installation | FREE |
| ○ Premium Installation ⓘ | $59.00 |

Back to Previous Page Continue

YOUR PACKAGE

Internet 100 Unlimited Data and Value TV

Monthly Total $81.00

Monthly Charges:

| | |
|---|---|
| Internet 100 Unlimited Data and Value TV | $75.00 |
| Auto Pay and Paperless Billing Discount | -$5.00 |
| High Definition Cable Box | $11.00 |
| Use my own Modem & WiFi Router | $0.00 |

One Time Charges:

| | |
|---|---|
| $200 Gift with Purchase Promotion | $0.00 |
| Free TV Installation | $0.00 |

Promo Code:

Enter Code Apply

For residential customers only. Additional taxes, fees, surcharges and restrictions apply. First month's service, installation charge, activation fee (if required) and any past due balances with Suddenlink are due prior to installation. Internet includes monthly data plan.



# EXHIBIT C

# EXHIBIT C

## "Customer Info" Webpage

Offer Unlocked: Use code VIDEO10 for $10 off your TV bundle

suddenlink

11844 ATWOOD RD, AUBURN, CA 95603

Choose Services — Customize — 3 Customer Info — 4 Schedule Installation — 5 Order Confirmation

### CUSTOMER INFORMATION

11844 Atwood Rd, Auburn, Ca 95603

First Name *

Last Name *

Phone *

Email *

Date of Birth*

Month | DD | YYYY

☐ Click here to receive text messages regarding your installation appointment and order

☑ Click here to receive Suddenlink email communications

By selecting "continue" you agree to having a customer service agent call the number above and you represent the number is your phone number

Back to Previous Page | Continue

### YOUR PACKAGE

Internet 100 Unlimited Data and Value TV

Monthly Total $81.00

**Monthly Charges:**

| | |
|---|---|
| Internet 100 Unlimited Data and Value TV | $75.00 |
| Auto Pay and Paperless Billing Discount | -$5.00 |
| High Definition Cable Box | $11.00 |
| Use my own Modem & WiFi Router | $0.00 |

**One Time Charges:**

| | |
|---|---|
| $200 Gift with Purchase Promotion | $0.00 |
| Free TV Installation | $0.00 |

Promo Code:

Enter Code | Apply

For residential customers only. Additional taxes, fees, surcharges and restrictions apply. First month's service, installation charge, activation fee (if required) and any past due balances with Suddenlink are due prior to installation. Internet includes monthly data plan.

Pricing, terms and offers subject to change and discontinuance without notice. All trademarks and service marks are the property of their respective owners.

All services not available in all areas. © CSC Holdings, LLC

Cart ID: LBS4AHMJ

About Altice USA | Privacy Policy | Terms & Policies | Disclaimers



# EXHIBIT D

# EXHIBIT D

## "Schedule Installation" and Order Submission Webpage



Offer Unlocked: Use code  VIDEO10  for $10 off your TV bundle   ✕

**suddenlink**

📍 11844 ATWOOD RD, AUBURN, CA 95603

⚪ Choose Services ——— ⚪ Customize ——— ⚪ Customer Info ——— ④ Schedule Installation ⸱⸱⸱ ⑤ Order Confirmation

### SCHEDULE INSTALLATION

Please select when you would like your services installed
○ I would like to choose my date and time for installation
○ I would like the next available installation time

6524446787

Special Instructions

You have 35 characters remaining

### ENROLL IN AUTO PAY

Auto Pay Information
Enroll in Auto Pay and Paperless Billing ⟨⟩ to keep your $5.00 discount?

○ Yes   ○ No

By enrolling in Auto Pay and Paperless Billing, you are agreeing to the Bill Pay and Paperless Billing Terms of Service.

**Place Order**

By selecting 'Place Order': (i) you agree to having our automated phone system call the number entered above to confirm your appointment, inform you when our technician is on the way to your home and to follow up on your satisfaction with our service; (ii) you represent that you are the Customer or Customer's authorized agent; (iii) you acknowledge that you have been given an opportunity to review the Residential Service Agreement found here and the Suddenlink Privacy Policy found here and to the terms; and (iv) you acknowledge that THE RESIDENTIAL SERVICE AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

### YOUR PACKAGE

suddenlink   RewardCard
$200
4000 1234 5678 9010
xxx  02/26
PLACE CARD HOLDER
VISA

**Internet 100 Unlimited Data and Value TV**

Monthly Total   **$81.00**

Monthly Charges:
| | |
|---|---|
| Internet 100 Unlimited Data and Value TV | $75.00 |
| Auto Pay and Paperless Billing Discount | -$5.00 |
| High Definition Cable Box | $11.00 |
| Use my own Modem & WiFi Router | $0.00 |

One Time Charges:
| | |
|---|---|
| $200 Gift with Purchase Promotion | $0.00 |
| Free TV Installation | $0.00 |

For residential customers only. Additional taxes, fees, surcharges and restrictions apply. First month's service, installation charge, activation fee (if required) and any past due balances with Suddenlink are due prior to installation. Internet includes monthly data plan.

Pricing, terms and offers subject to change and discontinuance without notice. All trademarks and service marks are the property of their respective owners.
A service is not available in all areas.  See details.

About Altice USA    Privacy Policy    Terms & Policies    Disclaimers

Cart ID: LBS4AHMJ

🌐 🐦 ▶ 📷

# EXHIBIT E




## INTERNET, VALUE TV & PHONE WITH ALTICE ONE

## INTERNET, SELECT TV & PHONE WITH ALTICE ONE

## INTERNET, PREMIER TV & PHONE WITH ALTICE ONE

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to optional offer is not a MetaBank product or service nor does MetaBank endorse this offer. Card is distributed and serviced by InComm Financial Services, Inc., which is licensed as a Money Transmitter by the New York State Department of Financial Services. SUDDENLINK AMPLIFY: Amazon, Alexa and all related logos are trademarks of Amazon.com, Inc. or its affiliates. Alexa is a service of Amazon and is operated on Amazon's systems. Your use of Alexa and the Altice One Skill is subject to your agreements with Amazon and Amazon's privacy policy. Altice is not affiliated with Amazon and is not a party to or responsible for your agreements with Amazon or for its products and services. Speeds, availability, pricing, offers, and terms vary by area and subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective owners. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.*

## INTERNET, VALUE TV & PHONE

## INTERNET, SELECT TV & PHONE

## INTERNET, PREMIER TV & PHONE

*OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing; must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected srvc within past 30 days or for seasonal move not eligible. Must maintain all srvcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of srvc., and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 Internet has speeds up to 75 Mbps downstream/5 Mbps upstream. Suddenlink 100 Internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 Internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Advertised speed for wired connection. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add on amount, is exceeded. The speed of Internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability sbjct to factors beyond Suddenlink's control. SUDDENLINK PHONE: Unlimited Long Distance includes the 50 states as well as Guam, Puerto Rico, and the U.S. Virgin Islands and applies only to direct-dialed person-to-person calls from home phone. Phone usage must be consistent with typical residential voice usage. Phone service will not function in the event of battery backup failures or network or electrical outages. Phone service may not be compatible with all security and medical monitoring systems. BASIC TV: HDTV & HD set top box req'd for HD service. # of TV ch's, HD ch's & feature depend on plan type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/tvlineup. EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. Cable boxes needed for each TV & will be billed at reg. monthly rate. A $10 monthly modem lease fee applies. Free Smart Router available with leased modem. Limit 1 router per household. In select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card will be mailed to customers who maintain promotion and remain in good standing with no past due or returned payments throughout first 90 days after account activation. Allow 4-6 weeks for delivery. Limit 1 per customer. Visa Reward Card cannot be used to pay Suddenlink monthly bill. Card value expires in 12 mos. Visa Reward Card may be used when making purchases from merchants in the U.S. and District of Columbia everywhere Visa debit cards are accepted. No ATM access. Terms and Conditions apply to Reward Cards. See Cardholder Agreement for details. Visa Reward Card is issued by MetaBank®, N.A., Member FDIC pursuant to a license from Visa U.S.A. Inc. This optional offer is not a*

1




MetaBank product or service nor does MetaBank endorse this offer. Card is distributed and serviced by InComm Financial Services, Inc., which is licensed as a Money Transmitter by the New York State Department of Financial Services. SUDDENLINK AMPLIFY: Amazon, Alexa and all related logos are trademarks of Amazon.com, Inc. or its affiliates. Alexa is a service of Amazon and is operated on Amazon's systems. Your use of Alexa and the Altice One Skill is subject to your agreements with Amazon and Amazon's privacy policy. Altice is not affiliated with Amazon and is not a party to or responsible for your agreements with Amazon or for its products and services. Speeds, availability, pricing, offers, and terms vary by area and subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective owners. ©2021 Suddenlink Communications, a subsidiary of Altice USA, Inc.

### INTERNET & VALUE TV WITH ALTICE ONE

### INTERNET & SELECT TV WITH ALTICE ONE

### INTERNET & PREMIER TV WITH ALTICE ONE

OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected srvc within past 30 days or for seasonal move not eligible. Must maintain all srvcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of srvc., and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 Internet has speeds up to 75 Mbps downstream/5 Mbps upstream. Suddenlink 100 Internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 Internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add on amount, is exceeded. The speed of Internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability sbjct to factors beyond Suddenlink's control. BASIC TV: Req's all TVs have an HDMI input. Not all content delivered through Altice One is in 4K Ultra HD. # of TV ch's, HD ch's & features depend on pkg type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/tvlineup. EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. A $20 Altice One (A1) Pak monthly fee applies. A1 Mini boxes avail for add'l $10/mo. In select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card will be mailed to customers who maintain promotion and remain in good standing with no past due or returned payments throughout first 90 days after

### INTERNET & PREMIER TV

OFFER for new Suddenlink residential customers. As of the 13th mo. service will be billed at regular rate and is subject to change. Advertised price reflects $5 discount for enrolling in Auto Pay & Paperless Billing, must maintain both to keep discount. Former Suddenlink accts. prev. not in good standing or have disconnected srvc within past 30 days or for seasonal move not eligible. Must maintain all srvcs at req'd level and be in good standing to maintain promo pricing. Offer is not transferable, may not be combined w/other offers, is limited to advertised level of srvc., and is not available in all areas. Other terms, restrictions & conditions apply. SUDDENLINK INTERNET: Speeds, prices & availability vary by area. Suddenlink 75 Internet has speeds up to 75 Mbps downstream/5 Mbps upstream. Suddenlink 100 Internet has speeds up to 100 Mbps downstream/7.5 Mbps upstream. Suddenlink 150 Internet has speeds up to 150 Mbps downstream/7.5 Mbps upstream. Many factors affect speed. Advertised speed for wired connection. Actual speeds may vary & are not guaranteed. In select markets with data caps, $15 will be charged automatically for each additional 50 GB of data if initial data cap, or any previously applied data add on amount, is exceeded. The speed of Internet packages with unlimited data will reduce during periods of local network congestion. Wireless speed, performance & availability sbjct to factors beyond Suddenlink's control. BASIC TV: HDTV & HD set-top box req'd for HD service. # of TV ch's, HD ch's & features depend on pkg type & location. Some on Demand titles available at add'l charge. All srvc's & channels may not be available in all areas. TV package and channel lineup availability vary by market. For details on what's available in your area, visit suddenlink.com/tvlineup. EQUIP, TAXES & FEES: Free standard installation with online orders. visit suddenlink.com/installation for details. Cable boxes needed for each TV & will be billed at reg. monthly rate. A $10 monthly modem lease fee applies. Free Smart Router available with leased modem. Limit 1 router per household. In select markets with Smart WiFi, WiFi extender(s) may be needed in order to connect wirelessly throughout Subscriber's residence. A $3.50 Network Enhancement Fee applies. Surcharges, taxes, plus certain add'l charges and fees will be added to bill, and are subject to change during and after promotion period. Min system req's & equip configs apply. Phone is optional for add'l $10/mo. VISA REWARD CARD: Offer is not available to individuals who have previously participated in a Suddenlink Visa® Reward Card promotion within the past 12 months. Visa Reward Card will be mailed to customers who maintain promotion and remain in good standing with no past due or returned payments throughout first 90 days after activation. Allow 4-6 weeks for delivery. Limit 1 per customer. Visa Reward Card cannot be used to pay Suddenlink monthly bill. Card value expires in 12 mos. Visa Reward Card may be used when making purchases from merchants in the U.S. and District of Columbia everywhere Visa debit cards are accepted. No ATM access. Terms and Conditions apply to Reward Cards. See Cardholder Agreement for details. Visa Reward Card is issued by MetaBank®, N.A., Member FDIC pursuant to a license from Visa U.S.A. Inc. This optional offer is not a MetaBank product or service nor does MetaBank endorse this offer. Card is distributed and serviced by InComm Financial subject to change and discontinuance w/o notice. All trademarks and service marks are the property of their respective

# EXHIBIT F

DocuSign Envelope ID: 55EDC319-FCB6-42DB-B1C9-9D5E4F3AE478

1    Daniel M. Hattis (SBN 232141)
     Paul Karl Lukacs (SBN 197007)
2    HATTIS & LUKACS
     400 108th Ave NE, Ste 500
3    Bellevue, WA 98004
     Telephone: (425) 233-8650
4    Facsimile: (425) 412-7171
     Email: dan@hattislaw.com
5    Email: pkl@hattislaw.com

6    *Attorneys for Plaintiff Nick Vasquez*
     *and the Proposed Class*

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF HUMBOLDT

10                    UNLIMITED CIVIL

11    NICK VASQUEZ,             Case No. _____
     For Himself,
12    As A Private Attorney General, and/or    **DECLARATION OF**
     On Behalf Of All Others Similarly Situated,   **NICK VASQUEZ**
13                             **PURSUANT TO THE CALIFORNIA**
                                **CONSUMERS LEGAL REMEDIES**
14                             **ACT**
                    Plaintiff,      **(CAL. CIVIL CODE § 1780(d))**
15

16    v.
                             **[FILED CONCURRENTLY**
17    CEBRIDGE TELECOM CA, LLC (D/B/A    **WITH COMPLAINT]**
     SUDDENLINK COMMUNICATIONS);
18    ALTICE USA, INC.; AND
     DOES 1 THROUGH 10, INCLUSIVE,

19

20                    Defendants.

21

22

23

24

25

26

27

28

CLRA DECLARATION              - 1 -           **HATTIS & LUKACS**
                                             400 108th Ave. NE, Ste 500
                                             Bellevue, WA 98004
                      T: 425.233.8650 | F: 425.412.7171
                                             www.hattislaw.com

DocuSign Envelope ID: 55EDC319-FCB6-42DB-B1C9-9D5E4F3AE478

I, NICK VASQUEZ, hereby declare and state as follows:

1.      I am over the age of 18 years, and am the plaintiff in the above-referenced civil action.

2.      The facts contained herein are based on my personal knowledge except as to facts stated upon information and belief and, as to those, I believe it to be true.

2.      This civil action pleads a cause of action for violation of the California Consumers Legal Remedies Act ("CLRA") against Defendants Cebridge Telecom CA, LLC (D/B/A Suddenlink Communications) and Altice USA, Inc. (collectively "Defendants" or "Suddenlink"). This civil action has been commenced in a county described in Section 1780(d) of the California Civil Code as a proper place for the trial of the action.

3.      This action is being commenced in the County of Humboldt because that is a county in which each of the Defendants is doing business. Each of the Defendants is doing business in the County of Humboldt by, without limitation, advertising and selling its internet services in the County of Humboldt including in its retail store located in Eureka, California.

4.      This action is being commenced in the County of Humboldt because I subscribed to and received Suddenlink internet services, and was charged the Network Enhancement Fee which is the subject of this Complaint, at my home in Arcata, California, which is in the County of Humboldt.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Humboldt County, California.

Date: 5/3/2021

DocuSigned by:

Nick Vasquez

CE8A7C733FEF426...

NICK VASQUEZ

CLRA DECLARATION

- 2 -

HATTIS & LUKACS
400 108th Ave. NE, Ste 500
Bellevue, WA 98004
T: 425.233.8650 | F: 425.412.7171
www.hattislaw.com

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel M. Hattis, Esq. (SBN 232141)<br>HATTIS & LUKACS<br>400 108th Ave NE, Ste 500<br>Bellevue, WA 98004<br>TELEPHONE NO.: (425) 233-8650   FAX NO.: (425) 412-7171<br>ATTORNEY FOR *(Name):* Nick Vasquez | **FILED**<br>MAY 0 3 2021<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF HUMBOLDT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Humboldt**
STREET ADDRESS: 421 I Street
MAILING ADDRESS: 421 I Street
CITY AND ZIP CODE: Eureka, California 95501
BRANCH NAME: County Courthouse Building

CASE NAME:
Nick Vasquez v. Cebridge Telecom CA, LLC et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CV2100639**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*  (1) CLRA; (2) False Advertising Law; (3) UCL
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/4/2021

Daniel M. Hattis, Esq., Counsel for Plaintiff
(TYPE OR PRINT NAME)                                    ▶ _(signature)_ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO.(*Optional*):<br>E-MAIL ADDRESS (*Optional*):<br>ATTORNEY FOR (*Name*): | F I L E D<br><br>MAY 0 3 2021<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF HUMBOLDT |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT<br>STREET ADDRESS:         825 Fifth St.<br>MAILING ADDRESS:     825 Fifth St.<br>CITY AND ZIP CODE:   Eureka, CA 95501<br>Plaintiff: Nick Vasquez<br><br>Defendant: Cebridge Telecom | |
| NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM AND<br>NOTICE OF CASE MANAGEMENT CONFERENCE | Case Number:<br>CV2100639 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the above-entitled action has been included in the Delay Reduction Program of the County of Humboldt. You are required to comply with the guidelines for Program cases as set forth in California Rules of Court, Title 3, Division 7, Chapters 1, 2, and 3, and Humboldt County Local Rules, 2.8 through 2.8.6.

You are further advised that a CASE MANAGEMENT CONFERENCE in the above action has been scheduled for September 17, 2021, at 8:30 AM in Courtroom Four of the above entitled Court. Initial CASE MANAGEMENT STATEMENT on Judicial Council form CM-110 shall be filed with the Court and exchanged among the parties no later than 15 days before the Case Management Conference.

DATE: May 3, 2021                    CLERK, By _____ CINDY C.
                                              , Deputy          KIM M. BARTLESON

HM301

NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM AND
NOTICE OF CASE MANAGEMENT CONFERENCE