Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
Che Corrington (*pro hac vice*)
HATTIS & LUKACS
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com
Email: che@hattislaw.com

*Attorneys for Plaintiff Nick Vasquez
and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NICK VASQUEZ,<br>For Himself,<br>As A Private Attorney General, and/or<br>On Behalf Of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>v.<br><br>CEBRIDGE TELECOM CA, LLC (D/B/A SUDDENLINK COMMUNICATIONS); ALTICE USA, INC.; and<br>DOES 1 THROUGH 10, INCLUSIVE,<br><br>                            Defendants. | Case No. 3:21-cv-06400-EMC<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURRESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**<br><br>Date: October 21, 2021<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

**MOTION**

Plaintiff Nick Vasquez respectfully requests that the Court grant him leave to file the attached proffered Surresponse to Defendants' Motion To Compel Arbitration And Stay Litigation (Dkt. 12).

District courts have the discretion to either permit or preclude a surreply or surresponse. *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016). (Technically, a "surreply" is filed by the moving party, while a "surresponse" is filed by the opposing party. *Lee v. City of Kingman*, 124 F. Supp. 3d 985, 986 fn. 1 (D. Ariz. 2015).)

"As a general rule, surreplies are disfavored. Nonetheless, leave to file is routinely granted when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading. . . . . A district court should consider whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014) (quotation marks omitted). In addition, the purpose of all procedural rulings is to secure the just, speedy, and inexpensive determination of the action. Fed.R.Civ.P. 1.

Plaintiff's proffered 2-page Surresponse satisfies all of these criteria.

Suddenlink's Reply (Dkt. 18) presents an entirely new legal issue for the first time. Specifically, Suddenlink now challenges Mr. Vasquez's standing to seek the public injunctions he requested in his First Amended Complaint ("FAC"). *See* Reply at 9–12.[1] As detailed in the FAC, Mr. Vasquez seeks public injunctions under the UCL, FAL, and CLRA to enjoin Suddenlink from falsely advertising its internet service plans to the general public. *See*, *e.g.*, FAC ¶¶ 8, 109 (CLRA), 123 (FAL), 139 (UCL). Mr. Vasquez seeks four specific public injunctions addressing the various aspects of Suddenlink's false advertising, with the first public injunction being: "Permanently enjoin Suddenlink from advertising or quoting an

---

[1]   Each page number citation to a document filed in this case is to the blue PACER page number in the upper right-hand corner and is not to the black page number in the bottom center of the footer.

internet service plan price if that price does not include any applicable monthly service charges such as the Network Enhancement Fee." *See* FAC, Prayer, § A.1-4. Suddenlink now argues for the first time on Reply that the FAC does not satisfy the "imminent injury" requirement for Mr. Vasquez to seek these prospective public injunctions. Suddenlink could have raised this new standing argument in its moving papers—as Suddenlink was fully aware that Mr. Vasquez was seeking public injunctions to stop its false advertising practices—but Suddenlink did not. Mr. Vasquez should not be prevented from making his case in full because Suddenlink decided to delay making one of its main legal arguments until its Reply.

Suddenlink would not be unduly prejudiced. The Surresponse focuses entirely on Suddenlink's new standing argument—which Suddenlink chose to make in its Reply rather than its moving papers. Moreover, the Surresponse does not dispute any of the legal authority that Suddenlink bases its standing argument on. Rather, the Surresponse simply shows how the FAC does, in fact, satisfy the "imminent injury" requirement. Suddenlink cannot be unduly prejudiced or surprised by references to the FAC demonstrating standing.

For the reasons stated, Plaintiff Nick Vasquez respectfully requests that this Court grant him leave to file the attached proposed Surresponse.

Dated: October 12, 2021

Respectfully submitted,

HATTIS & LUKACS

By: */s/ Daniel M. Hattis*
Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
Che Corrington (*pro hac vice*)
HATTIS & LUKACS
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com
Email: che@hattislaw.com

*Attorneys for Plaintiff Nick Vasquez and the Proposed Class*