Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
Che Corrington (*pro hac vice*)
HATTIS & LUKACS
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com
Email: che@hattislaw.com

*Attorneys for Plaintiff Nick Vasquez
and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NICK VASQUEZ,<br>For Himself,<br>As A Private Attorney General, and/or<br>On Behalf Of All Others Similarly Situated,<br><br>                                Plaintiff,<br><br>v.<br><br>CEBRIDGE TELECOM CA, LLC (D/B/A SUDDENLINK COMMUNICATIONS); ALTICE USA, INC.; and<br>DOES 1 THROUGH 10, INCLUSIVE,<br><br>                                Defendants. | Case No. 3:21-cv-06400-EMC<br><br>**PLAINTIFF'S SURRESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**<br><br>Date: October 21, 2021<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

## SURRESPONSE MEMORANDUM

Suddenlink argues for the first time on Reply that Plaintiff Vasquez's First Amended Complaint ("FAC") does not satisfy the "imminent injury" requirement of Article III standing for the public injunctions that Mr. Vasquez requests. *See* Reply at 9–12.[1] The gravamen of Suddenlink's standing argument is that Mr. Vasquez does not allege an imminent injury because he does not state that he "desires" to purchase services from Suddenlink again in the future. *See* Reply at 10; *see also In re Coca-Cola Prod. Mktg. & Sales Pracs. Litig. (No. II)*, --- Fed. Appx. ----, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) ("Without any stated desire to purchase Coke in the future, [plaintiffs] do not have standing to pursue injunctive relief.").

First, Suddenlink is wrong—Mr. Vasquez does, in fact, state his desire to purchase Suddenlink's services again in the future in paragraph 77 of the FAC:

> Mr. Vasquez has a legal right to rely now, and in the future, on the truthfulness and accuracy of Suddenlink's representations and advertisements regarding its internet service plan prices. Mr. Vasquez believes that he was given the services Suddenlink promised him—just not at the price Suddenlink promised and advertised to him. Mr. Vasquez **_would sign up for Suddenlink services again_** if he could have confidence regarding the truth of Suddenlink's service prices.

FAC ¶ 77 (emphasis added). Because Mr. Vasquez desires to purchase Suddenlink's services again in the future, the imminent injury requirement is met.

Suddenlink ignores paragraph 77 altogether when making its argument. Suddenlink instead focuses solely on the *next* paragraph of the FAC, which reads:

> Mr. Vasquez would consider purchasing services from Suddenlink in the future, but he will be harmed if, in the future, he is left to guess as to whether Suddenlink's representations are accurate and whether there are omissions of material facts regarding the services being advertised and represented to him.

FAC ¶ 78. Suddenlink argues that it is not enough that Mr. Vasquez "would *consider* purchasing services" in the future to demonstrate an imminent injury—Mr. Vasquez must actually "desire" to purchase Suddenlink's services in the future. *See* Reply at 10. Again, in the

---

[1] Each page number citation to a document filed in this case is to the blue PACER page number in the upper right-hand corner and is not to the black page number in the bottom center of the footer.

immediately preceding paragraph, Mr. Vasquez unequivocally states that he desires to purchase Suddenlink's services in the future. The "would consider" language in paragraph 78 was only intended to recognize that, while Mr. Vasquez desires to purchase Suddenlink's services in the future, he is not committing to blindly agreeing to purchase Suddenlink's services in the future without knowing any of the material terms of the offer (for example, the price or features of the service plan). Mr. Vasquez is not required to "commit to buying the product at any price" in order to show an imminent injury. *In re Coca-Cola*, 2021 WL 3878654, at *2 n.2 ("Nothing in *Davidson* required plaintiffs seeking injunctions in labeling cases to commit to buying the product at any price.").

Mr. Vasquez believes that paragraph 77 and 78 of the FAC, read together, make it clear that he desires to purchase Suddenlink's services in the future, subject to some common-sense caveats. However, if the Court believes that paragraph 78 creates any ambiguity on this point, Mr. Vasquez respectfully requests leave to amend his complaint to resolve this ambiguity.

Mr. Vasquez would also like to note that he originally filed his case in state court where Article III standing is not required and a plaintiff is not required to show imminent harm to seek public injunctive relief under the UCL, FAL, and CLRA. Mr. Vasquez also believed that the case was going to *stay* in state court because he thought that the damages to the class did not meet the $5 million threshold for CAFA jurisdiction. Thus, Mr. Vasquez did not draft his complaint with federal court jurisdiction in mind. Now that he is in federal court, Mr. Vasquez should be permitted to amend his complaint to comport with federal court jurisdictional requirements if the Court determines the current complaint does not adequately plead them.

For the foregoing reasons as well as all other arguments adduced by Plaintiff Nick Vasquez, Suddenlink's motion to compel arbitration should be denied.

Dated: October 12, 2021    Respectfully submitted,

HATTIS & LUKACS

By: */s/ Daniel M. Hattis*
Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
Che Corrington (*pro hac vice*)

HATTIS & LUKACS
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com
Email: che@hattislaw.com

*Attorneys for Plaintiff Nick Vasquez
and the Proposed Class*